
deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given."" See *Forman v. Davis* 371 U.S. 178, 182 (1962).

Justice so requires that the Defendant answer to the legitimate issues raised by the Plaintiffs' following "Amended Complaint."

*[handwritten: Maarten N. Pellegrini and Nicola M. Pellegrini vs. Century 21, Harold Dupee Realtors]*

## AMENDED COMPLAINT

Maarten N. Pellegrini, and Nicola M. Pellegrini, ("Plaintiffs") presently reside at 56 Liberty Street, North Adams, Massachusetts 01247 ("the Property"). The Property was purchased from the executor of the Walter M. Bronson estate ("Seller") and is presently owned by the Plaintiffs.

Century 21, Harold Dupee Realtors, ("Century 21") is in the business of brokering in real estate property transactions, and is located at 40 Main Street, North Adams, Massachusetts 01247. Century 21 was the brokering agency for the Property and acted on behalf of the Seller in the transaction that resulted in the present ownership of the Property by the Plaintiffs.

This is an action arising under the requirements of federal law Title 42 United States Code Section 4852d concerning lead-based paint disclosure. This Court has jurisdiction of the subject matter hereof under the provisions of Title 28 United States Code, Section 1331. Venue in this judicial district is proper under the provisions of Title 28 United States Code, Section 1391(b).

Plaintiffs hereby make the complaint that Century 21 knowingly failed to disclose information, concerning the real and potential hazards of lead paint, prior to the Plaintiffs signing of the purchase and sale agreement that ultimately resulted in the present

ownership of the Property, in violation of the requirements of federal law 42 U.S.C. Section 4852d.

As a result of this failure on the part of Century 21 the Plaintiffs have suffered monetary and distressful damages ("Damages").

Plaintiffs respectfully request the Court to make an assessment of these Damages and award recovery to the Plaintiffs in the amount of three times the Damages as prescribed by 42 U.S.C. Section 4852d.

For The Plaintiffs,

*[signature]* - pro se

Maarten N. Pellegrini
Nicola M. Pellegrini, Plaintiffs *pro se*
56 Liberty Street, North Adams, Massachusetts
01247
  774-364-0081
  508-755-0400

## CERTIFICATE OF SERVICE

I, Maarten N. Pellegrini, certify that on July *[date]*, 2005 a copy of the above PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT was served by first class mail, postage prepaid, to:

Richard F. Faille, Esq.
Offices of Donald E. Phillips
1414 Main Street, Suite 2200
Springfield, MA. 01144

*[signature]*
Maarten N. Pellegrini