UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
****************************
MAARTEN N. PELLEGRINI        *
     Plaintiff               *
                             *   Case Number: 05CV30077-KPN
                             *
vs.                          *
                             *
CENTURY 21, HAROLD DUPEE     *
REALTORS,                    *
     Defendant               *
                             *
****************************
```

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

Maarten N. Pellegrini ("Plaintiff") opposes Defendant Century 21, Harold Dupee Realtors ("Century 21") Defendant's Motion to Compel ("Def. Mot."). Plaintiff's reasons for his opposition are:

1. Counsel for Century 21 has not complied with Fed. R. Civ. P. 37 by not conferring in good faith with Plaintiff in an attempt to resolve the issue prior to Counsel for Century 21 filing of his Motion to Compel, and

2. Counsel for Century 21 has misrepresented the record, and

3. The reasons set forth in Plaintiff's Motion for a Protective Order filed with the court.

**Memorandum In Support of Plaintiff's Opposition**

1.      On January 30, 2006 Plaintiff appeared for a deposition at the office of Counsel for Century 21.  At that time Plaintiff wished to have as an assistant Gerald Pellegrini (his father) confer, consult, and advise him in a **non-representative** capacity during the deposition.  Without giving any reasons or citing authority Counsel for Century 21 advised Plaintiff that Gerald Pellegrini will not be permitted to be present at the deposition and Counsel for Century 21 insisted that Plaintiff be subjected to questioning without having the benefit of the assistance of Gerald Pellegrini.  Plaintiff can find no requirement that a pro se party in conducting his case must litigate his case alone and without non-representative assistance in any court proceeding.  Counsel for Century 21 states that the parties have conferred based on the fact that the parties failed to agree at the time of the deposition.  This statement can hardly constitute a certification of a conference within the meaning of Fed. R. Civ. P. 37.  Plaintiff has in good faith **repeatedly** attempted to confer after the deposition with Counsel for Century 21 in an effort to resolve the dispute and **repeatedly** requested that Counsel for Century 21 provide any support for his actions.  These requests were ignored by Counsel for Century 21.  See Exhibit A.  Counsel for Century 21 has failed to confer in good faith in order to resolve the dispute between the parties.  Apparently having no support for his position, Counsel for Century 21 has ignored Plaintiff's efforts and, instead, has filed his Motion to Compel.

Fed. R. Civ. P. 37 requires that any motion to compel under this rule must be made after a good faith attempt to resolve the discovery dispute between the parties.  It is clear

that Counsel for Century 21 has failed to confer with Plaintiff on this issue prior to his filing.

2.     The court should also take note of the fact that Counsel for Century 21 has misrepresented the record in Def. Mot. Counsel for Century 21 states (Def. Mot. page 1 reason No. 4), "Before, **during** and after this brief deposition, the Plaintiff's (assistant) was rendering legal advise to the Plaintiff, telling him what to answer and what not to answer by way of question, telling him what to put on the record and otherwise consuling the Plaintiff [emphasis added]". As the record clearly shows, Gerald Pellegrini (Plaintiff's assistant) was not present at the deposition and obviously could not have rendered legal advise to Plaintiff, and could not have told Plaintiff what to answer and what not to answer. See Defendant's Motion to Compel attached transcript. Also contrary to Counsel for Century 21 assertion that Gerald Pellegrini "wanted to argue and be heard before the court", Gerald Pellegrini has indicated, and Plaintiff has always made it clear that his "assistant" will be assisting Plaintiff only in a **non-representative** capacity.

3.     Plaintiff requests that the Court deny Defendant's Motion to Compel for the reasons that Counsel for Century 21 has not complied with Fed. R. Civ. P. 37, and for the reasons set forth above, and in Plaintiff's Motion for a Protective Order filed with the court.

For The Plaintiff,

*[signature]* - *pro se*

Maarten N. Pellegrini, Plaintiff *pro se*
56 Liberty Street, North Adams, Massachusetts 01247
774-364-0081

### CERTIFICATE OR SERVICE

I, Maarten N. Pellegrini, certify that on February 20, 2006, a copy of the above document was mailed by first class mail, postage prepaid, to counsel of record for Century 21 at the address below:
  Law Office of Donald E. Phillips
  Attn: Richard F. Faille
  One Monarch Place,
  1414 Main Street, Suite 550
  Springfield, MA   01144

*[signature]*

Maarten N. Pellegrini

# EXHIBIT A

Case 3:05-cv-30077-MAP     Document 15-2     Filed 02/22/2006     Page 1 of 4

|  | This message has been scanned for known viruses. |
|---|---|
| **From:** | MNPellegrini |
| **To:** | RFFAILLE@stpaultravelers.com |
| **Subject:** | January 30, 2006 letter |
| **Date:** | Mon, 30 Jan 2006 21:27:57 -0500 |
| **Files:** | January_30,_2006_letter.pdf (14K) |

Dear Attorney Faille:

See attached letter which I am also mailing a hardcopy.

Sincerely,
Maarten Pellegrini

Maarten N. Pellegrini
56 Liberty Street
North Adams, MA

**By E-Mail and First Class Mail**          January 30, 2006

Law Offices of Donald E. Phillips
Attn: Richard F. Faille
One Monarch Place
1414 Main Street, Suite 550
Springfield, MA 01144

Re: Pellegrini v. Century 21, Harold Dupee Realtors
    <u>Civil Action No. 05CV30077-KPN</u>

Dear Attorney Faille:

    I am writing this letter in a good faith attempt to resolve the issues which appear to be in dispute concerning my deposition of today. I would like to make the following points:

1. It is my understanding that the deposition has been continued.
2. I believe that I may have an assistant, who will be counseling me throughout this litigation in a non-representative capacity, present in any court proceedings including this deposition.
3. As I stated on the record, I am willing to answer your questions so long as my assistant is present.
4. You have stated that I have no right to have my assistant present at my deposition and that you intend to file a formal motion to compel me to answer your questions without his presence.
5. As is required under Fed. R. Civ. P. 37, prior to the filling of a motion to compel answers to questions posed at a deposition, the parties are obligated to confer in a good faith effort to resolve any dispute. I am willing to confer in an effort to avoid court action, and in this effort, I respectfully ask that you provide the legal support for your denying that my assistant, who is acting in a non-representative capacity, be present at my own deposition.

Sincerely,

_____
Maarten N. Pellegrini

| | This message has been scanned for known viruses. |
|---|---|
| **From:** Faille,Richard F | |
| **To:** mnpellegrini@aol.com | |
| **Subject:** RE: Request for Conference on Deposition Matters | |
| **Date:** Thu, 9 Feb 2006 14:35:20 -0500 | |

We discussed this situation at length on the day of your deposition and I think that our positions are well known to each other, making any further conference a futile act.

-----Original Message-----
From: mnpellegrini@aol.com [mailto:mnpellegrini@aol.com]
Sent: Thursday, February 09, 2006 2:28 PM
To: Faille,Richard F
Cc: MPELLEGR@MCLA.EDU
Subject: Request for Conference on Deposition Matters


Dear Attorney Faille:

    I am writing this e-mail message in an attempt to confer with you prior to any court action being necessary.
    As you may be aware, I believe I have the privilege of having an assistant present at my deposition. In my letter to you of January 30, 2006 I asked that you provide the legal support for your denying that my assistant, who is acting in a non-representative capacity, be present at my own deposition. You have yet to provide that support. I <u>again</u> ask that you provide this support if you continue to maintain your position on this.
    Before I appear at any continued deposition, I would need from you assurances that I will be allowed to have my assistant present and that I will be compensated for the expenses incurred as a result of my appearance at your office on January 30, 2006.
    Please respond by tomorrow demonstrating your willingness to confer on this issue.


Very Truly Yours,
Maarten Pellegrini

===============================================================
This communication, together with any attachments hereto or links contained herein, is for the sole use of the intended recipient(s) and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete the original and all copies of the communication, along with any attachments hereto or links herein, from your system.

===============================================================
The St. Paul Travelers e-mail system made this annotation on 02/09/06, 14:35:21.