UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
***********************
MAARTEN N. PELLEGRINI      *
       Plaintiff           *
                           *   Case Number: 05CV30077-KPN
                           *
vs.                        *
                           *
CENTURY 21, HAROLD DUPEE   *
REALTORS,                  *
       Defendant           *
                           *
***************************
```

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Maarten N. Pellegrini ("Plaintiff") hereby moves the court for a protective order under Fed. R. Civ. P. 26(c) against further oppression, and undue burden and expense caused by Counsel for Century 21, Harold Dupee Realtors ("Century 21") insistence that Plaintiff be subjected to questioning in a deposition without the Plaintiff having the benefit of **non-representative** assistance of his own choosing.

Plaintiff requests under Fed. R. Civ. P. 26(c)(1) that the court prohibit any deposition of Plaintiff by Counsel for Century 21 without the Plaintiff having the benefit of non-representative assistance of his own choosing. Plaintiff also requests under Fed. R. Civ. P. 26(c)(2) that the court allow Counsel for Century 21 to continue his deposition of Plaintiff only under the condition that compensation for the undue annoyance and expense be given to Plaintiff for his appearance at a deposition on January 30, 2006. Plaintiff also states that he has attempted to confer in good faith with Counsel for Century

21 to resolve the issues raised in this motion prior to filing with the court to no avail. See letter of January 30, 2006 and e-mail correspondences of February 9, 2006 in Exhibit A.

In support of this present motion, Plaintiff submits the following memorandum.

## MEMORANDUM

On January 30, 2006, Plaintiff, at some expense, appeared for a scheduled deposition willing to answer questions. Plaintiff had with him his father, Gerald N. Pellegrini, who has agreed to act only as an assistant in a non-representative capacity in this litigation to consult, confer, and advise Plaintiff. At the scheduled time for the deposition Counsel for Century 21 informed Plaintiff that Plaintiff's assistant will not be allowed to be present at the deposition and that Plaintiff will have to submit to questioning alone. Plaintiff made it clear on the record that he was willing to answer questions posed by Counsel for Century 21 with his assistant present and that he believed he has a right to have his assistant present at this deposition. Counsel for Century 21 stated that Plaintiff had no such right. Counsel for Century 21 then continued the deposition and stated his intention to take the matter before the court. See Defendant's Motion to Compel attached deposition transcript.

Plaintiff can find **no requirement** that a pro se party must litigate his case alone and without the benefit of an assistant in a **non-representative advisory capacity** in any court proceedings. Plaintiff is aware of local rule 83.5.3(c) which prohibits non-attorneys

from **practicing before the court** other than in their own behalf. It is important to point out that Plaintiff does not wish, and has not authorized, his assistant to represent Plaintiff, file an appearance, plead, or otherwise practice on behalf of Plaintiff before the court. Had Plaintiff employed an attorney from a large reputable law firm to represent him, Plaintiff would have expected, and indeed demanded, that the attorney have the benefit of non-representative assistance by other members of his firm including non-attorneys. Individuals employ large law firms to represent them in court actions undoubtedly for that purpose. It is inconceivable that a person who decides to proceed pro se would be prohibited from similar benefit solely because of his pro se status. There is a fundamental right of self-representation even in civil cases whereby pro se Plaintiffs may "conduct their own cases". See 28 U.S.C. § 1654. There appears to be no requirement that a litigant, in choosing to exercise this right, is thereby compelled to conduct his own case **alone and without any assistance even in a non-representative capacity** as Counsel for Century 21 has insisted.

Plaintiff requested conferences with Counsel for Century 21 in an effort to resolve this issue. In those requested conferences Plaintiff **twice** asked Counsel for Century 21 to provide any support for his position. See Exhibit A. Counsel for Century 21 has provided **no such support** and has apparently insisted on this position to intimidate and oppress Plaintiff.

Counsel for Century 21 has denied Plaintiff the ability to confer, consult, and be advised by a person of his own choosing, and wishes to compel Plaintiff to either 'go it alone' or be assisted exclusively by an elite group against Plaintiff's will and at a prohibitive cost. Plaintiff believes that he has the privilege and sole discretion to decide

the person who will be assisting him, and that Counsel for Century 21 has no authority to dictate the person or group of persons who may assist Plaintiff in conducting his own case. **Century 21 Counsel has provided no statute, case law, court rule, or any other support for his demands upon the Plaintiff after repeatedly being asked to provide such support**.

Plaintiff has been intimidated and oppressed by Century 21 Counsel's arbitrary, and unwarranted, insistence that Plaintiff be denied **non-representative** assistance of his choice while being questioned. Plaintiff believes that he, not Counsel for Century 21, should decide the way Plaintiff "conducts" his own case. Plaintiff expects and requests this court to protect him from such intimidation and oppression. Plaintiff, if denied assistance, would be no match for an experienced attorney in a large law firm and would be clearly at an unfair disadvantage. If Plaintiff is forced to hire a lawyer at this time to represent or otherwise assist him he may also be forced to give up his case. Justice cannot be served if Plaintiff is forced to give up his case for reasons unrelated to the merits of the case. It is Plaintiff's belief that the intent and purpose of the court rules is to protect and deter such abuses being directed against litigants in general including pro se litigants with limited resources.

Plaintiff respectfully requests that the court protect him from further oppression and undue burden and expense caused by Counsel for Century 21 insistence that Plaintiff be subjected to questioning in a deposition without the Plaintiff having the benefit of non-representative assistance of his own choosing.

Plaintiff respectfully requests, under Fed. R. Civ. P. 26(c)(1), that the court prohibit any further deposition of Plaintiff by Counsel for Century 21 without the Plaintiff having the benefit of non-representative assistance of his own choosing. Plaintiff also respectfully requests under, Fed. R. Civ. P. 26(c)(2), that the court allow Counsel for Century 21 to continue his deposition of Plaintiff only under the conditions that: (1) Plaintiff be allowed to have the benefit of non-representative assistance of his own choosing, and (2) Plaintiff be compensated for the undue annoyance and expense resulting from his appearance at a deposition on January 30, 2006.

For The Plaintiff,

_____ - pro se
Maarten N. Pellegrini, Plaintiff *pro se*
56 Liberty Street, North Adams, Massachusetts 01247
774-364-0081

## CERTIFICATE OR SERVICE

I, Maarten N. Pellegrini, certify that on February 20, 2006, a copy of the above document was mailed by first class mail, postage prepaid, to counsel of record for Century 21 at the address below:

> Law Office of Donald E. Phillips
> Attn: Richard F. Faille
> 1414 Main Street, Suite 550
> Springfield, MA    01144

Maarten N. Pellegrini