UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*************************
MAARTEN N. PELLEGRINI         *
      Plaintiff               *
                              *   Case Number: 05CV30077-KPN
                              *
vs.                           *
                              *
CENTURY 21, HAROLD DUPEE      *
REALTORS,                     *
      Defendant               *
                              *
*************************
```

# PLAINTIFF'S REQUEST FOR RECONSIDERATION AND CLARIFICATION

("I") Maarten N. Pellegrini ("Plaintiff") hereby requests the Court reconsider its order of February 24, 2006, and further clarify its ruling concerning Plaintiff's access to assistance by a non-attorney in a non-representative capacity of Plaintiff's choice in future court proceedings. In support of Plaintiff's request he submits the following memorandum.

## MEMORANDUM

### A. Plaintiff And Non-Attorney Assistant Have Constitutional Right To Associate And Confer Even On Legal Matters

It has long been established that a **non-attorney** has a constitutional right to speak and have his views known, and to recommend that his listeners support his views even with regards to matters of law (i.e., matters of a man's legal rights). "A state may forbid

1

one without a license to practice law as a vocation, but I think it could not stop an **unlicensed person** from making a speech about the rights of man or the rights of labor, or any other kind of right, including recommending that his hearers organize to support his views [emphasis added]." See concurring opinion of Justice Jackson in *Thomas v. Collins,* 323 U.S. 516, 544 (1944). Justice Jackson further reiterates the rights of unlicensed individuals to speak in regards to legitimately regulated "vocations", "[l]ikewise, the state may prohibit the pursuit of medicine as an occupation without its license, but I do not think it could make it a crime publicly or privately to speak urging persons to follow or reject any school of medical thought." *Id.* at 544. Justice Jackson obviously felt that this issue was of such fundamental importance that he went on to reiterate this right into the medical vocation as well. This extensive citation and deliberation by Justice Jackson on matters that are not specific to the *Thomas v. Collins* case (i.e., the medical vocation) illustrates the fact the this is a right of fundamental importance such that Justice Jackson choose to TWICE address it using two of the most regulated vocations. Therefore, Jackson upholds an unlicensed person's right to speak and be heard freely on matters of both Law and Medicine.

The Supreme Court later goes on to express the constitutional rights of individuals engaged in "group legal action", and "collective activity" to obtain "access to the courts". In *United Transportation Union v. Michigan Bar,* 401 U.S. 576 (1971) the Supreme Court states at 585, "At issue is the basic right to **group legal action,** a right first asserted in this Court by an association of Negroes seeking the protection of freedoms guaranteed by the Constitution. The common thread running through our decisions in NAACP v. Button, Trainmen, and United Mine Workers is that collective activity undertaken to

obtain meaningful access to the Courts is a fundamental right within the protection of the First Amendment [emphasis added]."

There is a fundamental right of associations and free speech to obtain meaningful access to the courts. Plaintiff has a fundamental right to confer with his designated assistant, and his assistant has a fundamental right to confer with him for the purpose of redress of grievances.

Plaintiff recognizes that the Court has a duty to maintain order in court proceedings, and unless exercise of Plaintiff's right to association has disrupted the Court in some way this right should not be restricted. Plaintiff asks that this court clarify how Plaintiff may exercise his right to associate with his assistant without being disruptive.

Historically attorneys have exercised their rights to associate with non-attorney assistants in court proceedings: Sharing a few words, and conducting "asides" at times (words conveyed between the attorney and their non-attorney assistant). This behavior has not historically been "nipped in the bud" or otherwise halted unless such communications, "asides", or associations caused a clear disorder in the court thus requiring a judge to take action to stop such "asides". Plaintiff respects this Court's need to maintain order in proceedings and has every intention of only conducting orderly and non-disruptive "asides" with his assistant as protected by the first Amendment in order to comply with this Court's just requirements of order. Plaintiff asserts that orderly and non-disruptive "asides" fall into the scope of his fundamental right to association in order to grant him access to the justice system as means for redress of grievances. Plaintiff respectfully asks this court to uphold and clarify his right to association, and to inform him of how he may exercise this right to use "asides" so long as they do not disrupt or

excessively delay proceedings. Plaintiff requests only to conduct such "asides" as they are conducted by law professionals who confer and initiate "asides" with non-attorney associates (assistants) who are knowledgeable about some matters relevant to the case at hand. This protects the people's and pro se litigants' fundamental right to access the legal system for means to effectively redress grievances.

**B. First Amendment Rights Should Not Be Denied Unless Exercise Thereof Causes Court Disruption**

Unless clearly disruptive, and in Plaintiff's case no specific instances of disorder have been established or even alleged by either Counsel for Century 21, Harold Dupee Realtors ("Defense Counsel") or this Court in reference to Plaintiff's exercise of initiating "asides" with an assistant. This right to association needs to be protected in the interests of justice. If any specific disruptions have, or in the future, do occur as a result of an "aside" initiated by Plaintiff, Plaintiff at that time and after being informed exactly how such an "aside" by Plaintiff has or is causing a clear disorder Plaintiff will respectfully refrain from such disruptive activity (Plaintiff reserves the right to appeal such court discretions at post trial of course). To reiterate this point and in summary of this request, **Plaintiff asserts that he has the right to initiate "asides" with an associate at court proceedings** *unless* a party who objects to such "asides" has**, after the burden of proof** for that specific instance, shown that such "aside" was disruptive and against historical and current acceptable use of reasonably engaged "asides" by litigants to their non-attorney "expert assistants".

Plaintiff further exercises his right as a litigant to use "expert assistants" and conduct "asides" with them in a non-disruptive manner during court proceedings. Plaintiff also

4

asserts his right to deem appropriate "expert assistants" of his own choosing and criteria before this Court. Furthermore, Plaintiff is also fully prepared to speak on behalf of Gerald Pellegrini's expertise and furnish evidence illustrating the knowledge and experience of Gerald Pellegrini as he has been several times a pro se litigant and has served as an "expert assistant" for a highly active and respected patent litigation firm in Boston MA. To deny the Plaintiff from associating with Gerald Pellegrini when needed would be to deny Plaintiff from having the strongest arguments that Plaintiff would have had, effectively depriving Plaintiff of due process.

At this time Defense Counsel has overcome no such burden of providing reasons why Plaintiff's fundamental right of association should be denied and has still objected to Plaintiff's initiation of "asides" perhaps feeling that the issue is the fact that Gerald Pellegrini is not a member of the bar, as illustrated by his questions during my deposition. However, this is not the issue, for the Supreme Court has clearly illustrated that unlicensed individuals may express their views in matters of law. The issue is of Plaintiff's, and Plaintiff's assistant's constitutional rights, and Defense Counsel must argue appropriately without clouding of the issues. Plaintiff feels that Defense Counsel has and may continue to attempt to deprive Plaintiff of aforementioned rights on preemptive motives and perhaps under the guise of "Good Adversarialism". Defense Counsel's reasoning appears to be such that: "If Plaintiff is allowed to consort freely with his 'assistant' then Plaintiff will then be able to disrupt this court by such consortium with this 'assistant'" (Plaintiff's understanding of his opposition's faulty logic). Plaintiff rejects this attempt at logic and asserts that this type of thinking is

contradictory to the fundamental principals of "Innocent until proven guilty", and "shall not be deprived without due process of law" that have been upheld by the highest courts in the land for time immemorial.

Plaintiff **<u>strongly asserts the fundamental differences between: 1. not allowing any association or "asides" at all, as opposed to: 2. not allowing association and "asides" after it has been shown that such "asides" did in fact cause a disruption in the court.</u>** This fundamental difference as far as the Plaintiff asserts is what makes all the difference. Plaintiff has no desire to defy this court or proceed in disruptive manners, he simply asks for his rights to be respected and only denied with good reason and not simply a preemptive "concern" of some sort. If Defense Counsel is claiming that such "asides" do cause a disruption, Plaintiff is fully prepared to argue on this matter. However, Plaintiff's rights to have "asides" have been brought into question without any discussion of the ACTUAL ALLEGED DISRUPTION caused by such "asides". This is a violation of due process and Plaintiff would use such an event as grounds for appeal post trial if he must. Plaintiff does not wish to have to do this for obvious reasons of time wasted and for the desire to get things right the first time around. Plaintiff strongly requests the Court to grant him free exercise of his rights without such preemptive opposition. Plaintiff understands that this unconventional issue is not often addressed and Plaintiff respectfully asks that this Court take some time and determine that to deny, without specific evidence of a disorder, the Plaintiff's exercise of this right, as it is a subtle yet fundamentally important right and of great importance to the strength of this pro se Plaintiff's litigation, would be against the interests of justice as well as against due process AND the first Amendment.

Rather then have to see this case come back into the system I respectfully encourage that the burden of proof be addressed FIRST before any exercise of my right to association is found to be "Out of Order". Furthermore, in the interests of order, Plaintiff would agree that his assistant may not be allowed to initiate asides but only Plaintiff, the litigant, shall be allowed to initiate such "asides". For instance, **<u>during my current deposition I choose to use my right to association to ask of my assistant for any questions that he feels may be appropriate for my cross examination of myself. These are questions that I may choose to ask myself after Defense Counsel is finished examining me. I assert that this behavior is not disruptive and only serves the interests of justice and serves my right to have fair access to the justice system in order for redress of grievances.</u>** It is clear to Plaintiff that attorneys readily use assistants who are non-attorneys **(expert assistants of their choosing)** to assist them in the formulation of effective questions **in the interest of having the most illuminating questions possible and thus in the interests of justice.** *To deny this without grounds and without evidence of actual disorder would be to deprive justice from taking its fair course. Subsequently it would be clear that both sides were not equally allowed to develop the strongest arguments that they could have, had no suppression been enacted on such a party.* In this instance the party is the Plaintiff and the suppression would be the suppression of his first Amendment right to association.

Of course it is the attorney's job to ASK the questions as well as to decide exactly what questions to ask. As the Plaintiff, I have acted and will act in this appropriate

manner. **Under the pains and penalties of contempt, at no time has or will Plaintiff's associate ask any questions to witnesses, pled before the court, or violate other rules of court,** but only assist Plaintiff in accordance with his first Amendment right to association.

### C. Summary

I, the Plaintiff Maarten Pellegrini, respectfully ask for clarification on these matters so that my actions will cause no disorder and so that I also am allowed to exercise my right to association and the use of "asides" in an orderly and respectable manner. I respectfully ask that the Court recognize my right to have my associate, Gerald Pellegrini, assist me by his suggesting specific questions of which I may **of my own choosing** use to cross examine myself at my deposition in the interests of justice and in the interests of this grievance justly brought before this court. **I also wish to further clarify that** *the issue is not whether or not my assistant is a member of the BAR,* **but** *the issue is whether my first Amendment rights to associate with a non-attorney are being upheld.* And further, Plaintiff asserts that this right only be denied after the burden of proof that such exercise of my first Amendment right to association with non-attorneys has caused legitimate and abnormal disorder or disruption to the court, more so then what should be allowed in cases where attorneys do exercise such "asides" to non-attorney associates.

8

For The Plaintiff,

_____ *pro se*
Maarten N. Pellegrini, Plaintiff *pro se*
56 Liberty Street, North Adams, Massachusetts 01247
774-364-0081

## CERTIFICATE OR SERVICE

I, Maarten N. Pellegrini, certify that on March 7, 2006, a copy of the above document was mailed by first class mail, postage prepaid, to counsel of record for Century 21 at the address below:

>Law Office of Donald E. Phillips
>Attn: Richard F. Faille
>1414 Main Street, Suite 550
>Springfield, MA   01144

*Maarten N. Pellegrini*

Maarten N. Pellegrini