UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2006 APR 25  A 11: 03

U.S. DISTRICT COURT
DISTRICT OF MASS.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MAARTEN N. PELLEGRINI      \*
     Plaintiff      \*

     \*    Case Number:  05CV30077-KPN

     \*

vs.      \*

     \*

CENTURY 21, HAROLD DUPEE      \*
REALTORS,      \*
     Defendant      \*

     \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S MOTION TO EXTEND DISCOVERY PERIOD

Now comes Plaintiff Maarten N. Pellegrini ("Plaintiff") for a motion to extend the discovery period to allow the third party deposition of Mr. Richard Shoestock. Plaintiff states that he has conferred in good faith with Counsel for Century 21 on April 17th, 18th, and 19th in an attempt to secure the extension sought without court action to no avail. See Communications (Exhibit A).

As grounds for his motion Plaintiff states:

1. That Plaintiff has attempted to subpoena Mr. Shoestock for his appearance at a deposition with the knowledge that Mr. Shoestock contact address was 40 Main Street, North Adams, Massachusetts as provided by Century 21 in its initial disclosures (See Exhibit B).

1

2. That proper service was not obtained due to the fact that Mr. Shoestock was not at contact address given by Century 21 in its initial disclosures. See Return Of Service (Exhibit C).

3. Plaintiff was not informed of any contact address and is informed only that Mr. Shoestock will be in Florida for the entire month of April. See Exhibit A.

4. It is absolutely essential that Plaintiff have the opportunity to examine Mr. Shoestock at a deposition since Mr. Shoestock is the key witness in this case and is the person whose testimony represents the only evidence Century 21 intends to use at trial to support its contention that Century 21 has complied with the lead paint disclosure laws. See Defendant's Answer To Plaintiff's Interrogatories (Exhibit D).

Plaintiff requests that the Court extend the discovery period to allow Plaintiff to properly serve and depose Mr. Shoestock since his testimony is absolutely essential to this case.

For The Plaintiff,

*Maarten N. Pellegrini* - pro se

Maarten N. Pellegrini, Plaintiff *pro se*
56 Liberty Street, North Adams, Massachusetts 01247
        774-364-0081

2

**CERTIFICATE OR SERVICE**

I, Maarten N. Pellegrini, certify that on April 24, 2006, a copy of the above document was mailed by first class mail, postage prepaid, to counsel of record for Century 21 at the address below:

> Law Office of Donald E. Phillips
> Attn: Richard F. Faille
> One Monarch Place,
> 1414 Main Street, Suite 550
> Springfield, MA    01144

Maarten N. Pellegrini

# Exhibit A

April 17, 2006

Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA 01247

RE:     **Maarten N. Pellegrini and Nicola M. Pellegrini**
          **vs.   Century 21, Harold Dupee Realtors**
          US District Court, Civil Case No: 05CV30077-KPN
          Claim Number:        GL00642771/ 22H001
          Date of Loss:          12/04/2003
          PM Number:           0008572

Dear Mr. Pellegrini:

I'm in receipt of your various papers dealing with depositions. As my secretary informed you last week, Mr. Shoestock is presently in Florida so your attempt to serve a subpoena on him is fruitless. He will not be returning to Massachusetts before April 28th so that any further attempt to put a deposition subpoena on Mr. Shoestock would be in vain. Also with reference to the 30(b)(6) notice to Harold Dupee Realtors, and again as my secretary has told you on numerous occasions last week, I am unavailable on April 28, 2006. My secretary gave you numerous other dates that I am available, but you choose to notice the deposition on that day anyway. I do not understand why you would notice a deposition knowing full well that I was unavailable on that date. My secretary gave you numerous other dates which you chose to ignore and I don't understand that either.

Please be further advised that in the 30(b)(6) Notice of Taking Deposition, you are requesting documents. As you amply noted when I asked for any pamphlets that you might have, the time for discovering paper documents has come and gone and considering that you would not extend me the courtesy to respond to my Request for Production of Documents. I will reciprocate.

Again if you want to, call me or my secretary, and we will make every accommodation we can for you to take the deposition of Harold Dupee Realtors. I look forward to hearing from you.

Very truly yours,

Richard F. Faille

RFF/tr
1st Class Mail and e-mailed to: mnpellegrini@aol.com

April 17, 2006

Mr. Richard Faille

RE:    **Maarten N. Pellegrini and Nicola M. Pellegrini**
       **vs.    Century 21, Harold Dupee Realtors**
       US District Court, Civil Case No: 05CV30077-KPN

Dear Attorney Faille:

I am writing in response to your email of earlier today. I would like to address the following points:

1.

Production of documents at depositions are clearly allowed under Rule 30(b)(5), as these documents are relevant to the subject matter to be examined at the deposition.

2.

I contacted your office in an effort to be more than reasonable to find a mutually convenient time for these depositions, but to no avail. Your secretary only provided dates for which I could not attend. (April 25'th, and April 27th) These two dates hardly amount to "numerous dates" as you appear to attest. I was even willing to do afternoon depositions starting at 3pm on these days but your office was unwilling to agree. In addition to these afternoon offerings, I made available the dates April 26'th, April 28'th, and April 29'th, at **any** time. All of these dates were also unacceptable by your office.

Under these circumstances I was forced to make a reasonable notice of two weeks, scheduling the date of April 28'th 2006 for these depositions. As I also have stated to your secretary, I am continually willing to reschedule these depositions to dates in early May so long as it is acceptable by the court.

3.

As far as the subpoena of Richard Shoestock is concerned, I was not informed as to when he would be at his office.

If you would prefer to reschedule these depositions in May. I would not oppose a motion to extend the case schedule. Without court approval to extend the case schedule I will expect the depositions to proceed as scheduled.

Sincerely,
Maarten Pellegrini

April 18, 2006


Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA  01247


      RE:    **Maarten N. Pellegrini and Nicola M. Pellegrini**
             **vs.  Century 21, Harold Dupee Realtors**
          US District Court, Civil Case No: 05CV30077-KPN
          Claim Number:     GL00642771/ 22H001
          Date of Loss:       12/04/2003
          PM Number:       0008572

Dear Mr. Pellegrini:

       I again reiterate that I cannot attend a deposition on April 28, 2006.  However, my schedule has changed and I am available on a date that you offered, that day April26th.  If you wish to do the 30(b)(6) deposition on that day, I would suggest 10 o'clock as an appropriate hour.  However, there will be no documents produced at that time.  In your most recent correspondence you referred to Rule 30(b)(5) and you are correct in your citation.  However, that rule refers to Rule 34 which is the serving of a Request for Production of Documents and you failed to comply with that Rule.  First, any such request had to be made by March 1st by Scheduling Order of the court which you did not comply with.  Secondly, Rule 34 requires at least a 30 day notice in order to produce documents and you have not complied with that. Therefore, for those reasons there will be no documents provided on April 26th.

       In your Notice of Taking Deposition, you advised five areas of inquiry; for the first two, I will produce Mary Jane Delmaso, the president of the defendant corporation to respond. To III, the appropriate person for that is Mr. Shoestock, who you know is in Florida and will not be returning during the month of April to the Commonwealth, and therefore, I cannot produce the proper person to respond to III.  IV and V call for inquiry concerning documents which will not be produced for the reasons aforementioned.

Mr. Maarten Pellegrini
April 18, 2006
Page 2


     If you still wish to conduct the 30(b)(6) deposition on the 26th, please contact me at your earliest convenience, so that I may make the proper arrangements to have Ms. Delmaso present.

     Of course, if you wish to discuss this, I will be more than happy to at anytime.


                 Very truly yours,



                 Richard F. Faille

RFF/tr
1st Class Mail and e-mailed to: mnpellegrini@aol.com

April 18, 2006

Mr. Richard Faille

RE:  **Maarten N. Pellegrini and Nicola M. Pellegrini**
       **vs.   Century 21, Harold Dupee Realtors**
       US District Court, Civil Case No: 05CV30077-KPN

Dear Attorney Faille

I agree to reschedule Century 21's 30(b)(6) deposition for April 26'th at 11:00am upon the court reporter's availability.  I agree after reviewing Rule 34 that I unintentionally overlooked the 30 day notice requirement for documents, so I won't expect the documents to be produced.  However, I do still intend to inquire to all of the subject matters listed in my notice: I-V.  It is essential and I expect the Century 21 will provide witnesses to testify with respect to all categories listed in the notice.  Failure to provide such witness will be regarded as Century 21's failure to appear at a deposition.

I would be willing to file a joint Motion for extension so that Century 21's 30(b)(6) and Richard Shoestock's depositions can be rescheduled in May upon court Approval.  Please get back to me as soon as possible if you agree.

Sincerely,
Maarten Pellegrini

April 19, 2006


Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA  01247


      RE:    **Maarten N. Pellegrini and Nicola M. Pellegrini**
            **vs.   Century 21, Harold Dupee Realtors**
            US District Court, Civil Case No: 05CV30077-KPN
            Claim Number:      GL00642771/ 22H001
            Date of Loss:       12/04/2003
            PM Number:       0008572

Dear Mr. Pellegrini:

    I will not join with you in filing any Motions.


                    Very truly yours,


                    Richard F. Faille


RFF/tr
1st Class Mail and e-mailed to:  mnpellegrini@aol.com

April 19, 2006

Mr. Richard Faille

RE:    **Maarten N. Pellegrini and Nicola M. Pellegrini**
       **vs.   Century 21, Harold Dupee Realtors**
                    US District Court, Civil Case No: 05CV30077-KPN

Dear Attorney Faille

        In your last letter you did not state weather or not you are agreeable to the April
26'th deposition rescheduling.  Please let me know ASAP so that I can contact the court
reporters.

Sincerely,
Maarten Pellegrini

| Reminder: AOL will never ask you to send us your password or credit card number in an email. | This message has been scanned for known viruses. |
|---|---|

| | |
|---|---|
| **From:** | R oy,Teresa Z |
| **To:** | mn pellegrini@aol.com |
| **Subject:** | {Pellegrini, Maarten N. & Vs Century 21 Harold Du}{Matter No.[0008572]} |
| **Date:** | Thu, 20 Apr 2006 08:22:54 -0400 |

Mr. Pellegrini:

Attorney Faille states that April 26th at 11::00AM is alright for the deposition.

Terry Roy,
Assistant to Attorney Richard F. Faille
Springfield Legal
(413) 730-6350
Fax (413) 730-6361

This communication, together with any attachments hereto or links contained herein, is for the sole use
of the intended recipient(s) and may contain information that is confidential or legally protected. If you
are not the intended recipient, you are hereby notified that any review, disclosure, copying,
dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have
received this communication in error, please notify the sender immediately by return e-mail message
and delete the original and all copies of the communication, along with any attachments hereto or links
herein, from your system.

The St. Paul Travelers e-mail system made this annotation on 04/20/06, 08:22:56.

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                   *
MAARTEN N. PELLEGRINI and          *
NICOLA M. PELLEGRINI,              *
              Plaintiffs           *   Case Number: 05CV30077-KPN
                                   *
vs.                                *
                                   *
CENTURY 21, HAROLD DUPEE           *
REALTORS,                          *
              Defendant            *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## <u>DEFENDANT'S INITIAL DISCLOSURE PURSUANT TO Fed.R.Civ.P. 26(a)(1)</u>

Now comes the Defendant in the above-entitled action pursuant to Federal Rule of Civil

Procedure 26(a)(1) discloses the following:

A.    Harold Dupee, 40 Main Street, North Adams, Massachusetts, Richard Shoestock and Mary-Jane Dalmaso, Neil Segala, 223 ½ Ashland Street, North Adams, Massachusetts.

B.    1.    Multiple listing sheet;

2.    Property Transfer Notification Certification and attachment;

3.    Purchase and Sale Agreement between James Horrigan, Executor and the plaintiffs.

4.    Home Inspection Report by Neil Segala dated 12/15/03;

5.    A document titled "56 Liberty Street, Home Inspection Issues" believed to be authored by the plaintiffs.

All documents are in the possession of the defendant's attorney.

C.    Not applicable;

D.    A copy of the defendant's liability insurance policy is available for inspection and copying.

THE DEFENDANT
By Its Attorney


/s/ Richard F. Faille
Richard F. Faille, Esquire, BBO#: 157640
Law Offices of Donald E. Phillips
1414 Main Street, Suite 550
Springfield, MA 01144
(413) 730-6350
Richard.Faille@stpaul.com

2

**Exhibit C**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____

Maarten N Pellegrini

v. Century 21, Harold Dupee Realtors

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 05CV30077-KPN

TO: Richard Shoestock, 40 Main Street North Adams, MA 01247

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Philbin And Associates Inc. 959 Main Street Springfield MA 01103 | DATE AND TIME 4-28-06 10:00 AM |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE Same as above | DATE AND TIME Same as above |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Mary Linn (Attorney for Plaintiff Maarten Pellegrini | DATE 4/11/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
1550 Main Street, Springfield MA 01103 , (413) 785-0215

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena In a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|



**Office of the Sheriff** • 467 Cheshire Road • Pittsfield, MA 01201 • (413) 443-6841

*Berkshire, ss.*                                                    April 18, 2006

I hereby certify and return that on 4/13/2006 at   4:41PM I served a true and attested copy of the Witness/Deposition Subpoena in this action in the following manner:  To wit, by leaving at the last and usual place of business of Richard Shoestock, and leaving with Mary-Jane Dalmaso, person in charge, at  40 Main Street,  North Adams, MA 01247 and by mailing 1st class to the above address on 4/13/2006.  L&U Mailing ($3.00), Service Fee ($20.00), Travel ($23.18), Witness Fee ($71.50), Postage & Handling ($1.00), Attestation ($10.00), Conveyance ($4.50) Total Charges $133.18

Deputy Sheriff, Ronald P. Clark

*Deputy Sheriff*

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                             *
MAARTEN N. PELLEGRINI and                    *
NICOLA M. PELLEGRINI,                        *
            Plaintiffs                       *   Case Number:  05CV30077-KPN
                                             *
vs.                                          *
                                             *
CENTURY 21, HAROLD DUPEE                     *
REALTORS,                                    *
            Defendant                        *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## DEFENDANT'S ANSWERS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

4.      What is the basis of Century 21's answer of "Yes, because it was." To question 1 of
        Plaintiff's first set of interrogatories, specifically including:

        A.      On what date and time was the Property Transfer Lead Paint Notification Package
                ("Package") transferred to the Plaintiffs ("Maarten Pellegrini and/or Nicola
                Pellegrini")?

        B.      Does Century 21 have any evidence to verify this date and time?  And if so identify
                the evidence.

        C.      By whom was the Package transferred to Maarten Pellegrini and/or Nicola
                Pellegrini?

        D.      Does Century 21 have any evidence to verify by whom it was transferred to Maarten
                Pellegrini and/or Nicola Pellegrini? And if so identify the evidence.

H.      Does Century 21 have any evidence to verify to whom the Package was transferred?
        And if so identify the evidence.

I.      Were any oral, written or electronic communications between Century 21 and
        Maarten Pellegrini and/or Nicola Pellegrini conduced at the time of the alleged
        transfer of the Package? If so:

        (i)      What was said or communicated in the oral, written or electronic
                 communications at the time of transfer of the Package?

        (ii)     Does Century 21 have any evidence to verify any oral, written or electronic
                 communications between Century 21 and Maarten Pellegrini and/or Nicola
                 Pellegrini at the time of transfer of the Package? And if so identify the
                 evidence.

ANSWER:

A.      Date Unknown

B.      No.

C.      Richard Shoestock.

D.      The testimony of Richard Shoestock.

H.      The testimony of Richard Shoestock.

I.

        (i)      Oral summarization of lead paint package.

        (ii)     Testimony of Richard Shoestock.

2

Signed under the pains and penalties of perjury this ___13th___ day of March, 2006.

_Mary Jane Dalmaso_
Mary-Jane Dalmaso

As to all Objections:

The Defendants,
By their Attorney

/s/ Richard F. Faille
Richard F. Faille, Esquire, BBO#: 157640
Law Offices of Donald E. Phillips
1414 Main Street, Suite 550
Springfield, MA 01144
(413) 730-6328
Fax-(413) 730-6361
rffaille@stpaultravelers.com

## CERTIFICATE OF SERVICE

I, Richard F. Faille, Attorney for the Defendants, hereby certify that on March 13, 2006, I copied the foregoing Answers to Plaintiffs' Second Set of Interrogatories by mailing a copy of the same, postage prepaid, to:

Maarten N. Pellegrini, Pro Se
Nicola M. Pellegrini, Pro Se
56 Liberty Street
North Adams, MA  01247

/s/ Richard F. Faille

3