UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MAARTEN N. PELLEGRINI          \*
    Plaintiff                          \*
                                   \* Case Number: 05CV30077-MAP
                                   \*
vs.                                        \*
                                   \*
CENTURY 21, HAROLD DUPEE        \*
REALTORS,                         \*
    Defendant                        \*
                                   \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

Now comes Plaintiff Maarten N. Pellegrini ("Plaintiff") to oppose Defendant Century 21, Harold Dupee Realtors' ("Century 21") motion to compel. Plaintiff states the grounds for his opposition as:

1. Century 21 has failed to confer in good faith prior to its filing of its motion as required by Local Rule 37.1, specifically Rule 37.1(A), 37.1B(1), and Rule 37.1(B)(III).

2. Without the benefit of the required Rule 37.1 conference, Plaintiff can only guess that Century 21's position is that Plaintiff has failed to provide written expert reports as required by Fed. R. Civ. P. 26(a)(2)(B) which is specifically for experts who are "retained or specially employed to provide expert testimony in the case".

1

3. Plaintiff has identified, under Fed. R. Civ. P. 26(a)(2)(A), the persons who may be used at trial to provide expert opinions under Rules 702, 703, or 705 of the Federal Rules of Evidence. These persons are not, and never have been, retained or specially employed to provide expert testimony in this case under Fed. R. Civ. P. 26(a)(2)(B) where written reports are required.

4. Century 21's motion should be denied even if Century 21 complied with Rule 37.1, which they did not, on the grounds that Plaintiff has complied with Fed. R. Civ. P. 26(a)(2)(A) and that Plaintiff is not in these circumstances required to provide written reports under Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff also respectfully requests the Court to impose a sanction of $500 against Century 21 to compensate Plaintiff for being forced to oppose Century 21's premature and groundless motion.

### Memorandum In Support Of Plaintiff's Opposition

Century 21 has filed its motion clearly without first requesting a conference (See Exhibit A) and engaging in a good faith attempt to resolve the discovery issue which Century 21 claims. Local Rule 37.1 states:

(A) Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each of the parties shall confer in good faith to

    narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the conference. Conferences may be conducted over the telephone. Failure of opposing counsel to respond to a request for a discovery conference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion.

**(B)** If (I) opposing counsel has failed to respond to a request for a discovery conference within the seven day period set forth in subdivision (A), (II) opposing counsel has failed to attend a discovery conference within fourteen (14) calendar days of the request, or (III) If disputed issues are not resolved at the discovery conference, a dissatisfied party may file a motion and supporting memorandum. The motion shall include a certificate in the margin of the last page that the provisions of this rule have been complied with. The memorandum shall state with particularity the following:

    (1) If a discovery conference was not held, the reasons why it was not;
    (2) If a discovery conference was held, the time, date, location and duration of the conference; who was present for each party; the matters on which the parties reached agreement; and the issues remaining to be decided by the court;
    (3) The nature of the case and the facts relevant to the discovery matters to be decided;
    (4) Each interrogatory, deposition question, request for production, request for admission or other discovery matter raising an issue to be decided by the court, and the response thereto; and
    (5) A statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each contested item.

**(C)** The opposing party may respond to the memorandum within fourteen (14) calendar days after service thereof. The response, if any, shall conform to the requirements of subdivision (B)(5) of this Rule.

    According to Local Rule 37.1(A) **"It shall be the responsibility of counsel for the moving party to arrange for the conference"**. On the contrary, not only did the moving party Century 21 fail to arrange for a conference (See Exhibit A), but also

ignored Plaintiff's good faith request to narrow any areas of disagreement (See Exhibit B). Century 21 in their motion also ignored Local Rule 37.1(B)(1) requiring the moving party to state the reasons why a discovery conference was not held. Furthermore, Rule 37.1(B)(III) stipulates that only after disputed issues have not been resolved at a conference may a motion be property filed. Century 21's premature motion should be denied on the grounds of their ignorance of this rule. Century 21 has completely ignored Plaintiff's written request for narrowing any issues of dispute (see Exhibit B) and instead has filed a motion prematurely.

Regarding Plaintiff's guess that Century 21's position in this motion is that Plaintiff did not provide written reports, Plaintiff had clearly complied with rule 26(a)(2). Century 21 unspecifically expressed an opinion that the Plaintiff's did not comply with this rule (See Exhibit A). Since none of the experts listed in Plaintiff's disclosure are, or have ever been, employed or retained by the Plaintiff as required by rule 26(a)(2)(B), Plaintiff's disclosure therefore satisfies 26(a)(2)(A) and thus 26(a)(2). See the Advisory Committee Notes to the 1993 amendments to Rule 26, a treating physician, for example, "can be deposed or called to testify at trial without any requirement for a written report."

On the above stated grounds, Plaintiff requests the Court deny Century 21's motion to compel and Plaintiff also respectfully requests the Court impose a sanction of $500 against Century 21 to compensate Plaintiff for being forced to oppose Century 21's premature and groundless motion.

For The Plaintiff,

_Maarten N. Pellegrini_ - pro se

Maarten N. Pellegrini, Plaintiff *pro se*
56 Liberty Street, North Adams, Massachusetts 01247
774-364-0081

## CERTIFICATE OR SERVICE

I, Maarten N. Pellegrini, certify that on August 26, 2006, a copy of the above document was mailed by first class mail, postage prepaid, to counsel of record for Century 21 at the address below:

    Law Office of Donald E. Phillips
    Attn: Richard F. Faille
    One Monarch Place,
    1414 Main Street, Suite 550
    Springfield, MA   01144

_Maarten N. Pellegrini_

Maarten N. Pellegrini

# EXHIBIT A

August 7, 2006

Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA  01247

*E-Mail Transmittal Only*

    RE:   **Maarten N. Pellegrini and Nicola M. Pellegrini**
            **vs.   Century 21, Harold Dupee Realtors**
           US District Court, Civil Case No: 05CV30077-KPN
           Claim Number:     GL00642771/ 22H001
           Date of Loss:       12/04/2003
           PM Number:       0008572

Dear Mr. Pellegrini:

    I am in receipt of your paper which purports to be an expert witness disclosure.  This does not even come close to the requirements of Fed. R. Civ. P. 26(a)(2).  I suggest that you review that Rule and comply with it or I will be forced to Move to Compel.

                                   Very truly yours,


                                   Richard F. Faille

RFF/tr

# EXHIBIT B

-----Original Message-----
From: mnpellegrini@aol.com
To: TROY@stpaultravelers.com
Cc: MNPellegrini@aol.com
Sent: Sun, 13 Aug 2006 9:34 PM
Subject: Re: {Matter No.[0008572]}{Pellegrini, Maarten N. & Vs Century 21 Harold Du}{File No.[050201]}


Dear Attorney Faille:

In response to your letter of August 7, 2006, I believe the disclosures comply with the rules. In order to avoid any unnecessary Court action, if you believe they do not please specify your reasons as to why they are not in compliance.

Sincerely, Maarten N. Pellegrini


-----Original Message-----
From: TROY@stpaultravelers.com
To: mnpellegrini@aol.com
Sent: Mon, 7 Aug 2006 3:19 PM
Subject: {Matter No.[0008572]}{Pellegrini, Maarten N. & Vs Century 21 Harold Du}{File No.[050201]}

[Unable to display image]
Attached, please find a letter in response to your Disclosure of Witnesses.


*Terry Roy,*
*Assistant to Attorney Richard F. Faille*
*Springfield Legal*
*(413) 730-6350*
*Fax (413) 730-6361*

===========================================================================
This communication, together with any attachments hereto or links
contained herein, is for the sole use of the intended recipient(s) and
may contain information that is confidential or legally protected. If
you are not the intended recipient, you are hereby notified that any
review, disclosure, copying, dissemination, distribution or use of this
communication is STRICTLY PROHIBITED.  If you have received this
communication in error, please notify the sender immediately by return
e-mail message and delete the original and all copies of the
communication, along with any attachments hereto or links herein, from
your system.

```
==============================================================
======
The St. Paul Travelers e-mail system made this annotation on 08/07/06,
15:19:50.
```