UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED

2006 SEP 29  A 10: 59

U.S. DISTRICT COURT

* * * * * * * * * * * * * * * * * * * * * * * * *

MAARTEN N. PELLEGRINI                    *
        Plaintiff                        *
                                         *   Case Number: 05CV30077-MAP
                                         *
vs.                                      *
                                         *
CENTURY 21, HAROLD DUPEE                  *
REALTORS,                                *
        Defendant                        *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * * *


## PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF RICHARD SHOESTOCK


Now comes Plaintiff Maarten N. Pellegrini ("Plaintiff") for a motion to exclude the testimony of Mr. Richard Shoestock at trial. Plaintiff states that he has conferred in good faith with Counsel for Defendant Century 21, Harold Dupee Realtors ("Century 21") on June 29, 2006 in an attempt to secure the exclusion sought without court action but to no avail. See Exhibit A correspondence pages A13 – A18 (three letters dated 6-19, and letters dated 6-26, 6-27, and 6-29). Plaintiff has not received any further replies from Counsel for Century 21.

    As grounds for his motion Plaintiff states:

1. Century 21 has failed to comply with its duty to make supplemental disclosures as to Mr. Shoestock's contact information during the entire Court ordered discovery period AND the entire Court ordered extended discovery period.

1

2. Plaintiff has attempted to depose Mr. Shoestock during the scheduled discovery period, but subsequently to no avail due to Century 21's failure to make the above supplemental disclosures.

3. Plaintiff has attempted to depose Mr. Shoestock during the Court ordered extended discovery period also to no avail (for the same above reasons).

4. Century 21 maintains that it may call Mr. Shoestock as a witness at trial.  See Exhibit A page A17, letter dated 6-27.

5. Plaintiff would be severely prejudiced if Mr. Shoestock is allowed to testify at trial without the Plaintiff having the opportunity to depose Mr. Shoestock during both the Court ordered discovery periods, and Plaintiff's case would be prejudiced by any more unprecedented delays and third chances for Century 21 to comply with its disclosure duties.

6. Century 21 represented the SELLER in this case. See Exhibit B Answer To Admissions. Century 21's only claim of a ***disclosure*** of the Property Transfer Lead Paint Notification Package ("Package") to the Plaintiff was by Mr. Shoestock. Mr. Shoestock was the BUYER'S agent in the purchase of the property in this case. See Exhibit D Mandatory Agency Disclosure. His testimony could not possibly establish any fact that Century 21 complied with 42 U.S.C. section 4852(d) which requires that either the SELLER or his representative make the proper lead paint disclosures.

2

## Memorandum In Support Of Plaintiff's Motion

Century 21 alleges it has complied with the lead paint disclosure laws by an alleged disclosure of the Package to the Plaintiff, and specifically that Mr. Richard Shoestock had personally disclosed the Package to then Plaintiff Nicola M. Pellegrini. See Exhibit B Answers To Interrogatories dated 2-6 and 3-13. This Package is required by federal law for lead paint disclosures. See Exhibit C. Plaintiff contends that such a disclosure in fact did not occur. In order to secure the appearance of Mr. Shoestock at a deposition Plaintiff attempted to serve a subpoena at the location disclosed as his contact information in Century 21's initial disclosures. See Exhibit B Defendant's Initial Disclosures. Plaintiff's subpoena could not be properly served since Mr. Shoestock was not at the location identified by Century 21 in its initial disclosures. Plaintiff was *later* informed that Mr. Shoestock was in Florida and would not be back until after the discovery period. See Exhibit A pages A1 – A4, two letters dated 4-17, and one dated 4-18. Since Counsel for Century 21 was uncooperative with Plaintiff's requests to extend discovery jointly for the purpose of deposing Mr. Shoestock (See Exhibit A pages A6 – A8, one letter dated 4-18 to Counsel for Century 21 from Plaintiff, and reply letter dated 4-19), Plaintiff was inconvenienced and forced to file a motion to extend discovery in a good faith attempt to allow Century 21 more time to make their witness available. At the case management conference Counsel for Century 21 assured both the Plaintiff and the Court that Mr. Shoestock would be back from Florida before the end of June and be expected to appear at a deposition. The Court subsequently granted an extended discovery period based on such assurances.

3

Counsel for Century 21 gave to Plaintiff dates on which Mr. Shoestock would be available for deposition along with the assurance that he would be produced without another subpoena. See Exhibit A page A9, letter dated 5-24. Plaintiff conferred with Counsel for Century 21 to schedule a deposition of Mr. Shoestock before the end of the Court ordered extended discovery period and a deposition date of June 19 was scheduled. See Exhibit A pages A10 – A12, letters dated 6-2, 6-5, and 6-6. Plaintiff arranged for a court reporter on the June 19th date. On the afternoon of June 18 via telephone Plaintiff was told by Counsel for Century 21's secretary that Mr. Shoestock was not expected to be present at the deposition of the next morning. Plaintiff, troubled and stressed by these events and last minute obstacles due to Century inappropriate assurances and pretrial methods, maintained that the deposition will go as scheduled short of an official written cancellation from Counsel for Century 21. No less than three hours prior to the deposition time (note email timestamp), Plaintiff was informed in writing that the deposition of Mr. Shoestock will not go forward and for the first time that Century 21 was not able to arrange his appearance after all. See Exhibit A pages A13 and A14, two letters dated 6-19 to Plaintiff from Counsel for Century 21. Plaintiff responded by informing Counsel for Century 21 that he had not received any information to contact this witness. See Exhibit A page A15 letter dated 6-19 to Counsel for Century 21 from Plaintiff. Plaintiff received no information or reply whatsoever to his letter. Plaintiff again wrote another letter asking Counsel for Century 21 for a reply to these issues. See Exhibit A page A16 letter dated 6-26. On June 27, 2006 (just 3 days before the end of the extended discovery period) Plaintiff was informed for the first time that Century 21 had the ability to contact Mr. Shoestock. See Exhibit A page A17, letter dated 6-27.

*At no time was Plaintiff given any supplemental contact information for Mr.*

*Shoestock.* Clearly, if Century 21 has had the ability to contact Mr. Shoestock they should have given Plaintiff that contact information, as is their disclosure duty in the first place, and spare Plaintiff and the Court this string of wild goose chases. Even if Century 21 had provided such information on June 27, 2006 it would be impossible to properly serve a subpoena for Mr. Shoestock's appearance before the end of the extended discovery period on June 30th, three days from that time. As a consequence Plaintiff, during the entire discovery period, could not properly serve Mr. Shoestock with a subpoena and relied on Counsel for Century 21 false assurances, made in open court, that Mr. Shoestock would appear. Such false assurances, not in line with standard pretrial discovery, have proven to be evasive and nothing more then a waste of the Court's and Plaintiff's time.

Century 21 had a duty under Fed. R. Civ. P. 26(e)(1) to supplement its initial disclosures when Century 21 became aware that the initial disclosures were incomplete. Not only did Century 21 falsely make assurances that Mr. Shoestock would appear for a deposition but also failed to perform its discovery duty under Rule 26(e)(1) resulting in Plaintiff's inability to compel the appearance of Mr. Shoestock at a deposition. *In spite of this Counsel for Century 21 still intends to have the opportunity to call Mr. Shoestock at trial.* See Exhibit A page A17, letter dated 6-27. Plaintiff has gone above and beyond his pretrial duties to secure Mr. Shoestock for deposition, filling a motion to extend, trusting Counsel for Century 21's assurances that no subpoena would be necessary, etc., and has done everything he could to depose Mr. Shoestock despite the constant inconveniences and failures of Century 21 to comply with its pretrial duties.

5

The discovery rules are intended to ensure fairness at trial and Century 21's failures here should require the Court to prohibit Century 21 from using Mr. Shoestock as a witness at trial. Otherwise, Plaintiff is severely prejudiced by not having access to pre-trial discovery of Century 21's alleged key witness.

Furthermore, Plaintiff asserts that Mr. Shoestock's testimony also could not possibly establish any fact to support Century 21's contention, that their compliance with 42 U.S.C. 4852(d) was due to the alleged disclosure of the Package to the Plaintiff by Mr. Shoestock, since Mr. Shoestock was the buyer's agent and did not represent the seller in the transfer of the property in this case. See Exhibit C **Massachusetts Board of Registration of Real Estate Brokers and Salespersons Mandatory Agency Disclosure.** Plaintiff has made his Complaint under 42 U.S.C. section 4852(d) which states in part:

"Not later than 2 years after October 28, 1992, the Secretary and the Administrator of the Environmental Protection Agency shall promulgate regulations under this section for the disclosure of lead-based paint hazards in target housing which is offered for sale or lease. The regulations shall require that, before the purchaser or lessee is obligated under any contract to purchase or lease the housing, **the seller or lessor shall**—[emphasis added]

(A) provide the purchaser or lessee with a lead hazard information pamphlet, as prescribed by the Administrator of the Environmental Protection Agency under section 406 of the Toxic Substances Control Act [15 U.S.C. 2686];

(B) disclose to the purchaser or lessee the presence of any known lead-based paint, or any known lead-based paint hazards, in such housing and provide to the purchaser or lessee any lead hazard evaluation report available to the seller or lessor; and

(C) permit the purchaser a 10-day period (unless the parties mutually agree upon a different period of time) to conduct a risk assessment or inspection for the presence of lead-based paint hazards.".

6

Referring to Century 21's Answer To Plaintiff's Interrogatories, (see exhibit B dated 2-6, and 3-13) Century 21 is basing its defense on the alleged disclosure of the Package to the Plaintiff by Mr. Shoestock. Plaintiff asserts that this alleged transfer has never occurred, and further asserts that even IF it had, it does not comply with 42 U.S.C. section 4852(d) requiring the lead paint disclosures to be provided by the SELLER or his representative. Mr. Shoestock was the buyer's agent in the transaction and did not represent the seller. See Exhibit D, 2 pages. For Mr. Shoestock to officially act on behalf of the SELLER is in violation of the Massachusetts Board of Registration of Real Estate Brokers and Salespersons, under which Century 21 and Mr. Shoestock are licensed, which protects from conflicts of interest by regulating industry standards of practice. Therefore, it is truly impossible, regarding the testimony of Richard Shoestock, for Century 21 to establish any fact that they, as a representative of the SELLER, ever complied with 42 U.S.C. section 4852(d) through a disclosure of the Package to the Plaintiff via Mr. Shoestock. It is clear that Century 21's own policy PROHIBITS any agent from acting in the interest of any party other then their specific client, either the BUYER or SELLER alone, for reasons of eliminating any possible conflicts of interest. See Exhibit D page 2. Century 21's argument that Mr. Shoestock provided the Package to the Plaintiff in compliance with federal law is based on an inappropriate attempt to legitimize exactly such a conflict of interest.


Plaintiff is requesting that this Court exclude the testimony of Mr. Shoestock in light of the circumstances that, due to Century 21's false assurances and clear failures to

perform its discovery duty, Plaintiff has been unable to depose Mr. Shoestock during both the original discovery period and the extended discovery period granted by the Court for exactly the purpose of having Mr. Shoestock appear at a deposition.

Furthermore, as additional grounds for the Court to exclude the testimony of Richard Shoestock is the fact that, since Mr. Shoestock was the BUYER'S agent and did not act on behalf of the SELLER in this case, his testimony regarding the alleged transfer of the Package to the Plaintiff could not possibly establish that Century 21 complied with the requirements of 42 U.S.C. section 4852(d).

For The Plaintiff,

Maarten N. Pellegrini - pro se

Maarten N. Pellegrini, Plaintiff *pro se*
56 Liberty Street, North Adams, Massachusetts 01247
774-364-0081

## CERTIFICATE OR SERVICE

I, Maarten N. Pellegrini, certify that on September 27 , 2006, a copy of the above document was mailed by first class mail, postage prepaid, to counsel of record for Century 21 at the address below:

Law Office of Donald E. Phillips
Attn: Richard F. Faille
One Monarch Place,
1414 Main Street, Suite 550
Springfield, MA    01144


Maarten N. Pellegrini

# EXHIBIT A

April 17, 2006


Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA  01247

      RE:   **Maarten N. Pellegrini and Nicola M. Pellegrini**
           **vs.  Century 21, Harold Dupee Realtors**
           US District Court, Civil Case No: 05CV30077-KPN
           Claim Number:     GL00642771/ 22H001
           Date of Loss:      12/04/2003
           PM Number:      0008572

Dear Mr. Pellegrini:

      I'm in receipt of your various papers dealing with depositions.  As my secretary informed you last week, Mr. Shoestock is presently in Florida so your attempt to serve a subpoena on him is fruitless.  He will not be returning to Massachusetts before April 28th so that any further attempt to put a deposition subpoena on Mr. Shoestock would be in vain.   Also with reference to the 30(b)(6) notice to Harold Dupee Realtors, and again as my secretary has told you on numerous occasions last week, I am unavailable on April 28, 2006.  My secretary gave you numerous other dates that I am available, but you choose to notice the deposition on that day anyway.  I do not understand why you would notice a deposition knowing full well that I was unavailable on that date. My secretary gave you numerous other dates which you chose to ignore and I don't understand that either.

      Please be further advised that in the 30(b)(6) Notice of Taking Deposition, you are requesting documents.  As you amply noted when I asked for any pamphlets that you might have, the time for discovering paper documents has come and gone and considering that you would not extend me the courtesy to respond to my Request for Production of Documents. I will reciprocate.

      Again if you want to, call me or my secretary, and we will make every accommodation we can for you to take the deposition of Harold Dupee Realtors. I look forward to hearing from you.

                  Very truly yours,


                  Richard F. Faille

RFF/tr
1st Class Mail and e-mailed to:  mnpellegrini@aol.com

A1

Reminder: AOL will never ask you to send us your password or credit card number in an email.  This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | mnpellegrini@aol.com |
| **To:** | TROY@stpaultravelers.com |
| **Subject:** | Re: {Pellegrini, Maarten N. & Vs Century 21 Harold Du}{Matter No.[0008572]} |
| **Date:** | Mon, 17 Apr 2006 10:24 PM |
| **Attachments:** | ltr-response_to_Maartendepo.doc (28K) |

April 17, 2006

Mr. Richard Faille

RE:  **Maarten N. Pellegrini and Nicola M. Pellegrini**
  **vs.  Century 21, Harold Dupee Realtors**
  US District Court, Civil Case No: 05CV30077-KPN

Dear Attorney Faille:

I am writing in response to your email of earlier today. I would like to address the following points:

1.
  Production of documents at depositions are clearly allowed under Rule 30(b)(5), as these documents are relevant to the subject matter to be examined at the deposition.

2.
  I contacted your office in an effort to be more than reasonable to find a mutually convenient time for these depositions, but to no avail. Your secretary only provided dates for which I could not attend. (April 25'th, and April 27'th) These two dates hardly amount to "numerous dates" as you appear to attest. I was even willing to do afternoon depositions starting at 3pm on these days but your office was unwilling to agree. In addition to these afternoon offerings, I made available the dates April 26'th, April 28'th, and April 29'th, at **any** time. All of these dates were also unacceptable by your office.

  Under these circumstances I was forced to make a reasonable notice of two weeks, scheduling the date of April 28'th 2006 for these depositions. As I also have stated to your secretary, I am continually willing to reschedule these depositions to dates in early May so long as it is acceptable by the court.

3.
  As far as the subpoena of Richard Shoestock is concerned, I was not informed as to when he would be at his office.

If you would prefer to reschedule these depositions in May. I would not oppose a motion to extend

the case schedule. Without court approval to extend the case schedule I will expect the depositions to proceed as scheduled.

Sincerely,
Maarten Pellegrini

-----Original Message-----
From: Roy,Teresa Z <TROY@stpaultravelers.com>
To: mnpellegrini@aol.com
Sent: Mon, 17 Apr 2006 13:47:40 -0400
Subject: {Pellegrini, Maarten N. & Vs Century 21 Harold Du}{Matter No.[0008572]}

 Mr. Pellegrini, attached is a letter with regards to your depositions.

Terry Roy,
Assistant to Attorney Richard F. Faille
Springfield Legal
(413) 730-6350
Fax (413) 730-6361

===============================================================
This communication, together with any attachments hereto or links contained herein, is for the sole use of the intended recipient(s) and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete the original and all copies of the communication, along with any attachments hereto or links herein, from your system.

===============================================================
The St. Paul Travelers e-mail system made this annotation on 04/17/06, 13:47:42.

April 18, 2006

Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA  01247

RE:  **Maarten N. Pellegrini and Nicola M. Pellegrini**
      **vs.  Century 21, Harold Dupee Realtors**
      US District Court, Civil Case No: 05CV30077-KPN
      Claim Number:     GL00642771/ 22H001
      Date of Loss:      12/04/2003
      PM Number:     0008572

Dear Mr. Pellegrini:

I again reiterate that I cannot attend a deposition on April 28, 2006.  However, my schedule has changed and I am available on a date that you offered, that day April26th.  If you wish to do the 30(b)(6) deposition on that day, I would suggest 10 o'clock as an appropriate hour.  However, there will be no documents produced at that time.  In your most recent correspondence you referred to Rule 30(b)(5) and you are correct in your citation.  However, that rule refers to Rule 34 which is the serving of a Request for Production of Documents and you failed to comply with that Rule.  First, any such request had to be made by March 1st by Scheduling Order of the court which you did not comply with.  Secondly, Rule 34 requires at least a 30 day notice in order to produce documents and you have not complied with that.  Therefore, for those reasons there will be no documents provided on April 26th.

In your Notice of Taking Deposition, you advised five areas of inquiry; for the first two, I will produce Mary Jane Delmaso, the president of the defendant corporation to respond.  To III, the appropriate person for that is Mr. Shoestock, who you know is in Florida and will not be returning during the month of April to the Commonwealth, and therefore, I cannot produce the proper person to respond to III.  IV and V call for inquiry concerning documents which will not be produced for the reasons aforementioned.

A4

Mr. Maarten Pellegrini
April 18, 2006
Page 2


     If you still wish to conduct the 30(b)(6) deposition on the 26th, please contact me at your earliest convenience, so that I may make the proper arrangements to have Ms. Delmaso present.

     Of course, if you wish to discuss this, I will be more than happy to at anytime.


              Very truly yours,



              Richard F. Faille

RFF/tr
1st Class Mail and e-mailed to:  mnpellegrini@aol.com

A5

Reminder: AOL will never ask you to send us your password or credit card number in an email. This message has been scanned for known viruses.

| | |
|---|---|
| From: | mnpellegrini@aol.com |
| To: | TROY@stpaultravelers.com |
| Cc: | MNPellegrini@aol.com |
| Subject: | Re: {Pellegrini, Maarten N. & Vs Century 21 Harold Du}{Matter No.[0008572]} |
| Date: | Tue, 18 Apr 2006 10:27 PM |
| Attachments: | ltr-response_to_Maartendepo2.doc (26K) |

April 18, 2006

Mr. Richard Faille

RE:   **Maarten N. Pellegrini and Nicola M. Pellegrini**
        **vs.   Century 21, Harold Dupee Realtors**
        US District Court, Civil Case No: 05CV30077-KPN

Dear Attorney Faille

  I agree to reschedule Century 21's 30(b)(6) deposition for April 26'th at 11:00am upon the court reporter's availability. I agree after reviewing Rule 34 that I unintentionally overlooked the 30 day notice requirement for documents, so I won't expect the documents to be produced. However, I do still intend to inquire to all of the subject matters listed in my notice: I-V. It is essential and I expect the Century 21 will provide witnesses to testify with respect to all categories listed in the notice. Failure to provide such witness will be regarded as Century 21's failure to appear at a deposition.

  I would be willing to file a joint Motion for extension so that Century 21's 30(b)(6) and Richard Shoestock's depositions can be rescheduled in May upon court Approval. Please get back to me as soon as possible if you agree.

Sincerely,
Maarten Pellegrini

-----Original Message-----
From: Roy,Teresa Z <TROY@stpaultravelers.com>
To: mnpellegrini@aol.com
Sent: Tue, 18 Apr 2006 11:41:45 -0400
Subject: {Pellegrini, Maarten N. & Vs Century 21 Harold Du}{Matter No.[0008572]}

Attorney Faille's response to your letter dated 4/17/06

Terry Roy,
Assistant to Attorney Richard F. Faille
Springfield Legal
(413) 730-6350
Fax (413) 730-6361

=============================================================
This communication, together with any attachments hereto or links contained herein, is for the sole use of the intended recipient(s) and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete the original and all copies of the communication, along with any attachments hereto or links herein, from your system.

=============================================================
The St. Paul Travelers e-mail system made this annotation on 04/18/06, 11:41:47.

April 19, 2006

Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA  01247

      RE:   **Maarten N. Pellegrini and Nicola M. Pellegrini**
             **vs.  Century 21, Harold Dupee Realtors**
             US District Court, Civil Case No: 05CV30077-KPN
             Claim Number:       GL00642771/ 22H001
             Date of Loss:        12/04/2003
             PM Number:        0008572

Dear Mr. Pellegrini:

    I will not join with you in filing any Motions.

                    Very truly yours,

                    Richard F. Faille

RFF/tr
1st Class Mail and e-mailed to:  mnpellegrini@aol.com

A8

May 24, 2006


Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA  01247

       RE:    **Maarten N. Pellegrini and Nicola M. Pellegrini**
            **vs.   Century 21, Harold Dupee Realtors**
           US District Court, Civil Case No: 05CV30077-KPN
           Claim Number:      GL00642771/ 22H001
           Date of Loss:       12/04/2003
           PM Number:       0008572

Dear Mr. Pellegrini:

Mr. Shoestock is still in Florida and not expected back until the middle of June.  I will produce him without the need of a subpoena.

Kindly let me know if the following dates are good for the deposition:

        June 19$^{th;}$
        June 20th
        June 28th  or
        June 29th.


I am assuming that it will be at Philbins at 10:00AM.


                  Very truly yours,



                  Richard F. Faille

RFF/tr
1st Class Mail and e-mailed to:  mnpellegrini@aol.com


A9

Reminder: AOL will never ask you to send us your password or credit card number in an email.    This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | mn pellegrini@aol.com |
| **To:** | rffai lle@stpaultravelers.com |
| **Subject:** | Re: Pellegrini vs. Century 21 |
| **Date:** | Fri, 2 Jun 2006 11:02 AM |

Dear Attorney Faille:

I have scheduled Mr. Shoestock's deposition at Philbin and Associates in Springfield for the date of Monday June 19'th at 11:00AM.  Feel free to confirm with them as well or contact me if needed.


Sincerely, Maarten Pellegrini

Reminder: AOL will never ask you to send us your password or credit card number in an email. This message has been scanned for known viruses.

**From:** TROY@st paultravelers.com

**To:** mn pellegrini@aol.com

**Subject:** {Pellegrini, Maarten N. & Vs Century 21 Harold Du}{Matter No.[0008572]}

**Date:** Mon, 5 Jun 2006 9:24 AM

Mr. Pellegrini

    I would like to state that the deposition of Mr. Shoestock scheduled for Monday, June 19th at 11:00AM is confirmed.

    Thank you.

Terry Roy,
Assistant to Attorney Richard F. Faille
Springfield Legal
(413) 730-6350
Fax (413) 730-6361

```
==============================================================================
This communication, together with any attachments hereto or links contained herein,

==============================================================================
The St. Paul Travelers e-mail system made this annotation on 06/05/06, 09:24:30.
```

A11

Reminder: AOL will never ask you to send us your password or credit card number in an email.  This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | mn pellegrini@aol.com |
| **To:** | rffai lle@stpaultravelers.com |
| **Subject:** | Re: Pellegrini vs. Century 21 |
| **Date:** | Tue, 6 Jun 2006 8:30 PM |

Dear Attorney Faille:

I respectfully remind you and Mr. Shoestock, now that non-expert discovery has been extended, that there should be no reason to not produce the documents requested in Mr. Shoestock's subpoena of April 2006.  As the examination has already been noticed on these subjects well over 30 days I fully expect that all documents listed in the subpoena be produced for examination on June 19th.

Sincerely, Maarten Pellegrini

**Check out AOL.com today**. Breaking news, video search, pictures, email and IM. All on demand. Always Free.

---

Reminder: AOL will never ask you to send us your password or credit card number in an email.  This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | TROY@stpaultravelers.com |
| **To:** | mnpellegrini@aol.com |
| **Subject:** | Pellegrini v. Century 21--Deposition for Monday June 19th |
| **Date:** | Mon, 19 Jun 2006 8:19 AM |

---

[Unable to display image]

Dear Mr. Pellegrini:

Please be informed that Mr. Shoestock is not able to leave Florida at this time, therefore, the deposition of Mr. Shoestock scheduled for this morning at 11:00AM is cancelled. Please note the Philbins has been notified. We are sorry for the inconvenience.

Thank you.

Richard Faille


=============================================================================
This communication, together with any attachments hereto or links contained herein,

=============================================================================
The St. Paul Travelers e-mail system made this annotation on 06/19/06, 08:19:08.

June 19, 2006

Mr. Maarten Pellegrini
56 Liberty Street                    **E-mail Transmittal Only**
North Adams, MA  01247

     RE:  **Maarten N. Pellegrini and Nicola M. Pellegrini**
         **vs.   Century 21, Harold Dupee Realtors**
         US District Court, Civil Case No: 05CV30077-KPN
         Claim Number:     GL00642771/ 22H001
         Date of Loss:      12/04/2003
         PM Number:      0008572

Dear Mr. Pellegrini:

       I regret any inconvenience that may have been caused you due to the cancellation of the deposition of Richard Shoestock.  It was not until Friday afternoon that my office found out that Mr. Shoestock would not be coming up from Florida for his deposition. I was out of the office Friday afternoon.   I am informed that Mr. Shoestock has resigned his position with Century 21 Harold Dupee Realtors and taken some sort of job in Florida.  It is my understanding that he has no intention of returning to this area.

       Neither myself nor my client has any control over Mr. Shoestock and his activities.

       If you wish to continue to try and depose Mr. Shoestock, I'd be happy to assist in any way that I can in this endeavor, however as I mentioned, I have no control nor does my client over Mr. Shoestock.

                  Very truly yours,

                  Richard F. Faille

RFF/tr

A 14

Case 3:05-cv-30027-MAP   Document 25-2   Filed 09/29/2006   Page 16 of 20

| | |
|---|---|
| Reminder: AOL will never ask you to send us your password or credit card number in an email.  This message has been scanned for known viruses. | |

| | |
|---|---|
| **From:** | mnpellegrini@aol.com |
| **To:** | TROY@stpaultravelers.com |
| **Subject:** | Re: Pellegrini v. Century 21--Deposition for Monday June 19th |
| **Date:** | Mon, 19 Jun 2006 2:25 PM |

Dear Attorney Faille:

Without a subpoena being properly served on Mr. Shoestock he is under no obligation to appear at a deposition.  Despite your assurances that an additional subpoena would not be needed for the appearance of Mr. Shoestock, it appears obvious that you cannot make such assurances.  It therefore seems futile to reschedule any further deposition dates with you without a subpoena of Mr. Shoestock.

Also, since I do not have sufficient information, I still will not be able to properly serve such a subpoena.

Sincerely,  Maarten N. Pellegrini

-----Original Message-----
From: Roy,Teresa Z <TROY@stpaultravelers.com>
To: mnpellegrini@aol.com
Sent: Mon, 19 Jun 2006 08:19:07 -0400
Subject: Pellegrini v. Century 21--Deposition for Monday June 19th

[Unable to display image]
Dear Mr. Pellegrini:

        Please be informed that Mr. Shoestock is not able to leave Florida at this time, therefore, the deposition of Mr. Shoestock scheduled for this morning at 11:00AM is cancelled. Please note the Philbins has been notified. We are sorry for the inconvenience.

        Thank you.

        Richard Faille

==========================================================================
This communication, together with any attachments hereto or links contained herein,

==========================================================================
The St. Paul Travelers e-mail system made this annotation on 06/19/06, 08:19:08.

**Check out AOL.com today**. Breaking news, video search, pictures, email and IM. All on demand. Always Free.

Reminder: AOL will never ask you to send us your password or credit card number in an email.   This message has been scanned for known viruses.

| From: | mnpellegrini@aol.com |
|---|---|
| To: | TROY@stpaultravelers.com |
| Subject: | RE: Pellegrini Vs Century 21 |
| Date: | Mon, 26 Jun 2006 4:18 PM |

Dear Attorney Faille:

It appears that you are not offering any way to help with the deposition of Mr. Shoestock since, as you have stated, you nor your client has any control over Mr. Shoestock or his activities. I am curious as to what you are truly offering if anything, especially now that the period for such discovery is closing for a second time.

Also, I would like to know if it is your intension to have Mr. Shoestock testify at trial.

Sincerely,
**Maarten Pellegrini**

-----Original Message-----
From: Roy,Teresa Z <TROY@stpaultravelers.com>
To: mnpellegrini@aol.com
Sent: Mon, 19 Jun 2006 14:24:19 -0400
Subject: {Pellegrini, Maarten N. & Vs Century 21 Harold Du}{Matter No.[0008572]}

Attached is  a letter from Attorney Faille.


Terry Roy,
Assistant to Attorney Richard F. Faille
Springfield Legal
(413) 730-6350
Fax (413) 730-6361


==========================================================================
This communication, together with any attachments hereto or links contained herein,

==========================================================================
The St. Paul Travelers e-mail system made this annotation on 06/19/06, 14:24:23.


**Check out AOL.com today**. Breaking news, video search, pictures, email and IM. All on demand. Always Free.

June 27, 2006

Mr. Maarten Pellegrini
56 Liberty Street                           ***E-Mail Transmittal Only***
North Adams, MA  01247

      RE:   **Maarten N. Pellegrini and Nicola M. Pellegrini**
            **vs.   Century 21, Harold Dupee Realtors**
            US District Court, Civil Case No: 05CV30077-KPN
            Claim Number:        GL00642771/ 22H001
            Date of Loss:        12/04/2003
            PM Number:           0008572

Dear Mr. Pellegrini:

      My client has the ability to contact Mr. Shoestock.  If you wish to go to Florida to depose him or make air and other arrangements to have him deposed here, although, I cannot guarantee his appearance.  I will call him at trial if he is available, accessible and willing.

                Very truly yours,

                Richard F. Faille

RFF/tr

A17

Reminder: AOL will never ask you to send us your password or credit card number in an email.  This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | mn pellegrini@aol.com |
| **To:** | TROY@st paultravelers.com |
| **Subject:** | Re: Pellegrini Vs Century 21 |
| **Date:** | Thu, 29 Jun 2006 8:01 PM |

Dear Attorney Faille:

After review of your last e-mail correspondence of June 27, I would like to make the following comments.

Even if I had Mr. Shoestock's contact information, it is already too late to serve him with a subpoena to testify and produce documents at a deposition.  Service of a subpoena is apparently required since he failed to appear for the scheduled deposition of June 19, and you have clearly indicated multiple times that you cannot guarantee his appearance.

It therefore appears impossible for me to depose Mr. Shoestock within the discovery deadline as extended by the Court.  Under these circumstances it would not be appropriate for you to call Mr. Shoestock to testify at trial.

In light of these circumstances I am requesting that you make some assurance that Mr. Shoestock will not be called to testify at trial.


Sincerely,   Maarten N. Pellegrini


-----Original Message-----
From: Roy,Teresa Z <TROY@stpaultravelers.com>
To: mnpellegrini@aol.com
Sent: Mon, 19 Jun 2006 14:24:19 -0400
Subject: {Pellegrini, Maarten N. & Vs Century 21 Harold Du}{Matter No.[0008572]}

 Attached is  a letter from Attorney Faille.



Terry Roy,
Assistant to Attorney Richard F. Faille
Springfield Legal
(413) 730-6350
Fax (413) 730-6361

==============================================================================
This communication, together with any attachments hereto or links contained herein,

==============================================================================
The St. Paul Travelers e-mail system made this annotation on 06/19/06, 14:24:23.


http://d01.webmail.aol.com/19939/aol/en-us/mail/display-message.aspx          9/21/2006

**Check out AOL.com today**. Breaking news, video search, pictures, email and IM. All on demand. Always Free.

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * * * * * * * * * * * * *
                                  *

MAARTEN N. PELLEGRINI and        *
NICOLA M. PELLEGRINI,            *
          Plaintiffs          * Case Number: 05CV30077-KPN
                                  *
vs.                                *
                                  *
CENTURY 21, HAROLD DUPEE     *
REALTORS,                   *
          Defendant         *
                                  *
* * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT'S INITIAL DISCLOSURE PURSUANT TO Fed.R.Civ.P. 26(a)(1)

Now comes the Defendant in the above-entitled action pursuant to Federal Rule of Civil

Procedure 26(a)(1) discloses the following:

- A.    Harold Dupee, 40 Main Street, North Adams, Massachusetts, Richard Shoestock and Mary-Jane Dalmaso, Neil Segala, 223 ½ Ashland Street, North Adams, Massachusetts.

- B.   1.    Multiple listing sheet;

       2.    Property Transfer Notification Certification and attachment;

       3.    Purchase and Sale Agreement between James Horrigan, Executor and the plaintiffs.

       4.    Home Inspection Report by Neil Segala dated 12/15/03;

       5.    A document titled "56 Liberty Street, Home Inspection Issues" believed to be authored by the plaintiffs.

All documents are in the possession of the defendant's attorney.

C.   Not applicable;

D.   A copy of the defendant's liability insurance policy is available for inspection and copying.

THE DEFENDANT
By Its Attorney

/s/ Richard F. Faille
Richard F. Faille, Esquire, BBO#: 157640
Law Offices of Donald E. Phillips
1414 Main Street, Suite 550
Springfield, MA 01144
(413) 730-6350
Richard.Faille@stpaul.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
MAARTEN N. PELLEGRINI and           *
NICOLA M. PELLEGRINI,               *
            Plaintiffs              *   Case Number:  05CV30077-KPN
                                    *
vs.                                 *
                                    *
CENTURY 21, HAROLD DUPEE            *
REALTORS,                           *
            Defendant               *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## DEFENDANT'S ANSWERS TO PLAINTIFFS' REQUEST FOR ADMISSIONS

1.      Century 21 did not send the entire Property Transfer Lead Paint Notification Package

("Package") to the Plaintiffs for their signature prior to Plaintiffs' signing the purchase and sales

agreement.

**Answer:       Denied.**


2.      Century 21 faxed page 11 of the Package together with the purchase and sales agreement to

the Plaintiffs for Plaintiffs' signature.

**Answer:       Admit.**


3.      Century 21 represented the SELLER in the transaction of the property involved in this

lawsuit.

**Answer:       Admit.**

4.    Century 21 knew of its obligation to provide the Package to the Plaintiffs prior to Plaintiffs' signing of a purchase and sales agreement.

**Answer:    Admit.**


5.    That each of the following documents, a copy of which is attached to these requests, is genuine.

      a.    December 1, 2003 Facsimile Transmittal Sheets

      b.    November 1, 2004 Letter and Enclosures from Harold Dupee to the Plaintiffs.

**Answer:**

      **a.    Admit.**

      **b.    Admit.**

Signed under the pains and penalties of perjury this _27th_ day of January, 2006.

_Mary-Jane Dalmaso_
Mary-Jane Dalmaso

As to all Objections:

The Defendants,
By their Attorney

/s/ Richard F. Faille
Richard F. Faille, Esquire, BBO#: 157640
Law Offices of Donald E. Phillips
1414 Main Street, Suite 550
Springfield, MA 01144
(413) 730-6328
Fax-(413) 730-6361
rffaille@stpaultravelers.com

## CERTIFICATE OF SERVICE

I, Richard F. Faille, Attorney for the Defendants, hereby certify that on January 30 2006, I copied the foregoing Answers to Plaintiffs' Interrogatories by mailing a copy of the same, postage prepaid, to:

> Maarten N. Pellegrini, Pro Se
> Nicola M. Pellegrini, Pro Se
> 56 Liberty Street
> North Adams, MA   01247

/s/ Richard F. Faille

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                        *
MAARTEN N. PELLEGRINI and               *
NICOLA M. PELLEGRINI,                   *
            Plaintiffs                  *  Case Number: 05CV30077-KPN
                                        *
vs.                                     *
                                        *
CENTURY 21, HAROLD DUPEE                *
REALTORS,                               *
            Defendant                   *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## DEFENDANT'S ANSWERS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

4.    What is the basis of Century 21's answer of "Yes, because it was." To question 1 of

      Plaintiff's first set of interrogatories, specifically including:

      A.    On what date and time was the Property Transfer Lead Paint Notification Package

            ("Package") transferred to the Plaintiffs ("Maarten Pellegrini and/or Nicola

            Pellegrini")?

      B.    Does Century 21 have any evidence to verify this date and time? And if so identify

            the evidence.

      C.    By whom was the Package transferred to Maarten Pellegrini and/or Nicola

            Pellegrini?

      D.    Does Century 21 have any evidence to verify by whom it was transferred to Maarten

            Pellegrini and/or Nicola Pellegrini? And if so identify the evidence.

      E.    Through what medium (in hand, electronically, by mail, etc.) was the Package

            transferred to Maarten Pellegrini and/or Nicola Pellegrini.

F.    Does Century 21 have any evidence to verify which medium the Package was transferred to Maarten Pellegrini and/or Nicola Pellegrini? And if so identify the evidence.

G.    To whom was the Package transferred, Maarten Pellegrin or Nicola Pellegrini, if not transferred to Maarten Pellegrin and Nicola Pellegrini?

H.    Does Century 21 have any evidence to verify to whom the Package was transferred? And if so identify the evidence.

I.    Were any oral, written or electronic communications between Century 21 and Maarten Pellegrini and/or Nicola Pellegrini conduced at the time of the alleged transfer of the Package? If so:

   (i)    What was said or communicated in the oral, written or electronic communications at the time of transfer of the Package?

   (ii)    Does Century 21 have any evidence to verify any oral, written or electronic communications between Century 21 and Maarten Pellegrini and/or Nicola Pellegrini at the time of transfer of the Package? And if so identify the evidence.

**ANSWER:**

A.    Richard Shoestock personally delivered the entire Property Transfer Lead Paint Notification to Mr. Pellegrini at one of Mr. Pellegrini's visits to North Adams. It was delivered in person at the office of Century 21 Harold Dupee Realtors, 40 Main Street, at the Holiday Inn, North Adams, Massachusetts.

B.    See "A" above.

C.    See "A" above.

2

D.    See "A" above.

E.    See "A" above.

F.    See "A" above

G.    See "A" above

H.    See "A" above

I.    See "A" above

5.    Specifically identify the person or persons responsible for the retention of documents

obtained in the normal course of Century 21 business.

**ANSWER:**    All agents associated with Century 21 Harold Dupee, Realtors, are independent

contractors.  Each agent is responsible for preparing and retaining documents pertaining to his or her

transaction in the office file.  After the closing, Mary-Jane Dalmaso, Broker, is responsible for

retention of documents.

6.    What is Century 21's document retention policy?

**ANSWER:**    Seven years.

3

Signed under the pains and penalties of perjury this____ day of February, 2006.

Mary-Jane Dalmaso

As to all Objections:

The Defendants,
By their Attorney

/s/ Richard F. Faille
Richard F. Faille, Esquire, BBO#: 157640
Law Offices of Donald E. Phillips
1414 Main Street, Suite 550
Springfield, MA 01144
(413) 730-6328
Fax-(413) 730-6361
rffaille@stpaultravelers.com


### CERTIFICATE OF SERVICE

I, Richard F. Faille, Attorney for the Defendants, hereby certify that on February 6, 2006, I copied the foregoing Answers to Plaintiffs' Second Set of Interrogatories by mailing a copy of the same, postage prepaid, to:

Maarten N. Pellegrini, Pro Se
Nicola M. Pellegrini, Pro Se
56 Liberty Street
North Adams, MA   01247


/s/ Richard F. Faille

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
MAARTEN N. PELLEGRINI and           *
NICOLA M. PELLEGRINI,               *
           Plaintiffs               *  Case Number: 05CV30077-KPN
                                    *
vs.                                 *
                                    *
CENTURY 21, HAROLD DUPEE            *
REALTORS,                           *
           Defendant                *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## **DEFENDANT'S ANSWERS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

4.     What is the basis of Century 21's answer of "Yes, because it was." To question 1 of

       Plaintiff's first set of interrogatories, specifically including:

       A.     On what date and time was the Property Transfer Lead Paint Notification Package

              ("Package") transferred to the Plaintiffs ("Maarten Pellegrini and/or Nicola

              Pellegrini")?

       B.     Does Century 21 have any evidence to verify this date and time? And if so identify

              the evidence.

       C.     By whom was the Package transferred to Maarten Pellegrini and/or Nicola

              Pellegrini?

       D.     Does Century 21 have any evidence to verify by whom it was transferred to Maarten

              Pellegrini and/or Nicola Pellegrini? And if so identify the evidence.

H.    Does Century 21 have any evidence to verify to whom the Package was transferred? And if so identify the evidence.

I.    Were any oral, written or electronic communications between Century 21 and Maarten Pellegrini and/or Nicola Pellegrini conduced at the time of the alleged transfer of the Package? If so:

(i)    What was said or communicated in the oral, written or electronic communications at the time of transfer of the Package?

(ii)   Does Century 21 have any evidence to verify any oral, written or electronic communications between Century 21 and Maarten Pellegrini and/or Nicola Pellegrini at the time of transfer of the Package? And if so identify the evidence.

ANSWER:

A.    Date Unknown

B.    No.

C.    Richard Shoestock.

D.    The testimony of Richard Shoestock.

H.    The testimony of Richard Shoestock.

I.

(i)    Oral summarization of lead paint package.

(ii)   Testimony of Richard Shoestock.

2

Signed under the pains and penalties of perjury this \_\_ 13ᵗʰ day of March, 2006.

Mary. Jane Dalmaso
Mary-Jane Dalmaso

As to all Objections:

The Defendants,
By their Attorney

/s/ Richard F. Faille
Richard F. Faille, Esquire, BBO#: 157640
Law Offices of Donald E. Phillips
1414 Main Street, Suite 550
Springfield, MA 01144
(413) 730-6328
Fax-(413) 730-6361
rffaille@stpaultravelers.com

## CERTIFICATE OF SERVICE

I, Richard F. Faille, Attorney for the Defendants, hereby certify that on March 13, 2006, I copied the foregoing Answers to Plaintiffs' Second Set of Interrogatories by mailing a copy of the same, postage prepaid, to:

Maarten N. Pellegrini, Pro Se
Nicola M. Pellegrini, Pro Se
56 Liberty Street
North Adams, MA   01247

/s/ Richard F. Faille

# EXHIBIT C



MITT ROMNEY
GOVERNOR

KERRY HEALEY
LIEUTENANT GOVERNOR

TIMOTHY R. MURPHY
SECRETARY

PAUL J. COTE, JR.
COMMISSIONER

# The Commonwealth of Massachusetts
### Executive Office of Health and Human Services
### Massachusetts Department of Public Health
### Center for Environmental Health
### Childhood Lead Poisoning Prevention Program
### 250 Washington Street, Boston, MA 02108-4619

### CHILDHOOD LEAD POISONING PREVENTION PROGRAM (CLPPP)
### PROPERTY TRANSFER LEAD PAINT NOTIFICATION

Under Massachusetts and federal law, this notification package must be given to prospective purchasers of homes built before 1978. This package must be given in full to meet state and federal requirements. It may be copied, as long as the type size is not made smaller. Every seller and any real estate agent involved in the sale must give this package before the signing of a purchase and sale agreement, a lease with an option to purchase, or, under state law, a memorandum of agreement used in foreclosure sales. Sellers and agents must also tell the prospective purchaser any information they know about lead in the home. They must also give a copy of any lead inspection report, risk assessment report, Letter of Compliance or Letter of Interim Control. **This package is for compliance with both state and federal lead notification requirements.**

Real estate agents must also tell prospective purchasers that under the state Lead Law, a new owner of a home built before 1978 in which a child under six will live or continue to live must have it either deleaded or brought under interim control within 90 days of taking title. This package includes a check list to certify that the prospective purchaser has been fully notified by the real estate agent. This certification should be filled out and signed by the prospective purchaser before the signing of a purchase and sale agreement, a lease with an option to purchase or a memorandum of agreement used in a foreclosure sale. It should be kept in the real estate agent's files. After getting notice, the prospective purchaser has at least 10 days, or longer if agreed to by the seller and buyer, to have a lead inspection or risk assessment if he or she chooses to have one, except in cases of foreclosure sales. There is no requirement for a lead inspection or risk assessment before a sale. A list of private lead inspectors and risk assessors licensed by the Department of Public Health is attached and can also be found on the Childhood Lead Poisoning Prevention Program's website at www.state.ma.us/dph/clppp.

Sellers and real estate agents who do not meet these requirements can face a civil penalty of up to $1,000 under state law; a civil penalty of up to $10,000 and possible criminal sanctions under federal law, as well as liability for resulting damages. In addition, a real estate agent who fails to meet these requirements may be liable under the Massachusetts Consumer Protection Act.

The property transfer notification program began in 1988 and has been very successful. It provides information you need to protect your child, or your tenants' child, from lead poisoning. Massachusetts has a tax credit of up to $1,500 for each unit deleaded. There are also a number of grants and no-interest or low-interest loans available for deleading. It's up to you to do your part toward ending lead poisoning.

PLEASE TAKE THE TIME TO READ THIS DOCUMENT. LEAD POISONING IS THE NATION'S LEADING ENVIRONMENTAL HAZARD AFFECTING CHILDREN. DON'T GAMBLE WITH YOUR CHILD'S FUTURE.
CLPPP Form 94-2, 6/30/94, Rev. 2/03

**What is lead poisoning? How do children become lead poisoned?**

# EXHIBIT D

**MASSACHUSETTS BOARD OF REGISTRATION OF REAL ESTATE BROKERS AND SALESPERSONS**
# MANDATORY AGENCY DISCLOSURE – AGENCY RELATIONSHIP

The purpose of this disclosure is to enable you to make informed choices before working with a real estate licensee. It must be provided at the first personal meeting that you have with an agent to discuss a specific property. THIS IS NOT A CONTRACT. It is a disclosure notice for your information and protection. BE SURE TO READ THE DESCRIPTIONS OF THE DIFFERENT TYPES OF AGENCY REPRESENTATION IN THIS DISCLOSURE.

## CONSUMER INFORMATION

1. Whether you are the buyer or the seller, you can choose to have the advice, assistance and representation of your own agent. Do not assume that a broker is acting on your behalf unless you have contracted with that broker to represent you.
2. All real estate licensees must, by law, present properties honestly and accurately.
3. If you are a seller you may authorize your listing agent to cooperate with agents from other firms to help sell your property. These cooperating agents may be subagents who work for the seller or buyer's agents.
4. If you are the buyer you have the option of working with sellers' or buyers' agents. This decision will depend on the types of services you want from a real estate agent. A buyer should tell sellers' agents, including subagents, only what he/she would tell the seller directly.

## CONSUMER RESPONSIBILITY

The duties of a real estate licensee do not relieve the consumer of the responsibility to protect his/her own interest. If you need advice for legal, tax, insurance or other matters it is your responsibility to consult a professional in those areas.

## ACKNOWLEDGEMENT

I have provided this disclosure form to _X Maarten N. Pellegrini , NiCoLA M PELLEGRINI_

I have informed the above named consumer that I am a: (check one)   ☐ Seller's Agent   ☒ Buyer's Agent.

_Dick Shuster_                          _9056108_
(Signature of Real Estate Agent)              (License Number)                    (Date)

I have read this agency disclosure form IN ITS ENTIRETY, INCLUDING THE INFORMATION regarding BUYER'S AGENT, SELLER'S AGENT and DISCLOSED DUAL AGENT. I understand that this form is for agency disclosure and NOT A CONTRACT. It was provided to me by the agent named above.

_Maarten N. Pellegrini_          _12.4.03_          Check Here: ☒ Buyer
(Signature of Consumer/s)              (Date)                                      ☐ Seller

☐ As a Consumer, I recognize that I need not select any agency representations at this time. Therefore, I decline to sign this disclosure. Any additional reason for declining to sign:

(Please print name of consumer and reason, if any.)

   **MULTIPLE LISTING SERVICE OF BERKSHIRE COUNTY BOARD OF REALTORS® INC – Pg 1 of 2**   

# TYPES OF AGENCY REPRESENTATION IN MASSACHUSETTS

## SELLER'S AGENT

When a seller engages in the services of a listing broker, that seller becomes the broker's client. This means the broker, and his/her subagents represent the seller. They owe the seller undivided loyalty, utmost care, disclosure, obedience to lawful instruction, confidentiality and accountability. They must put the seller's interest first and negotiate for the best price and terms for their client, the seller. (the seller may also authorize subagents to represent him/her in marketing the property to buyers).

## BUYER'S AGENT

When a buyer engages in the services of a broker then that broker becomes the broker's client. The broker owes the buyer undivided loyalty, utmost care, disclosure, obedience to lawful instruction, confidentiality and accountability. They must put the buyer's interest first and negotiate for the best price and terms for their client, the buyer. (The buyer may also authorize subagents to represent him/her in locating property).

## DISCLOSED DUAL AGENT

A broker can work for both the buyer and the seller on the same property provided the broker obtains the informed consent of both parties. The broker is then considered a disclosed dual agent. This broker owes the seller and the buyer a duty to deal with them fairly and honestly. In this type of agency relationship the broker does not represent either the seller or buyer exclusively and they cannot expect the broker's undivided loyalty. Also, undisclosed dual agency is illegal.



