UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MAARTEN N. PELLEGRINI and
NICOLA M. PELLEGRINI,
      Plaintiffs      Case Number: 05CV30077-KPN

vs.

CENTURY 21, HAROLD DUPEE
REALTORS,
      Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF RICHARD SHOESTOCK

    Richard Shoestock was an independent agent who had an independent agent agreement with Century 21. Mr. Shoestock vacationed all winter in Florida and was due to return in the spring. I had spoken to Mr. Shoestock telephonically on a couple of occasions and he was very cooperative. Century 21 also was in frequent contact with him and again appeared to be very cooperative. Through my client, I arranged for Mr. Shoestock to come back to Massachusetts for his deposition. At all times pertinent, I believed that Mr. Shoestock would voluntarily come back to be deposed. The arrangement for the date of his deposition was made through Century 21 and they were assured that he would be here.

    Shortly before his deposition, Mr. Shoestock informed Century 21 that he resigned his position with them and was taking a similar position in Florida. He was asked to please attend the deposition and refused. Up until this point, Mr. Shoestock seemed to be very cooperative.

    As soon as I found out that he would not show up for his deposition which was still well within the extended discovery period, I wrote the plaintiff on June 19, 2006 and offered to assist

in any way that I could in arranging the deposition of Mr. Shoestock either in Florida or in any other way that I could.  (See Plaintiff's Exhibit A14) At no time did the plaintiff ask for my assistance in deposing Mr. Shoestock in Florida or in any other way.

     I did tell the plaintiff that if I could get Mr. Shoestock here for trial that I would, but I had no control over him and did not know if I would be able to produce him at trial.  It is still my intention that if he can be persuaded, I would like for him to testify at trial but I have no control over his activities.

     Mr. Shoestock is willing to be deposed in Florida and I proffered that to the plaintiff to no avail.

     Due to circumstances, totally beyond the control of the defendant, Plaintiff did not take the deposition of Mr. Shoestock.  The plaintiff made no attempt to secure the deposition of this out of state witness.  The defendant should not be penalized for the plaintiff's failure to secure the deposition of an out of state witness who is not under the control of the defendant.

THE DEFENDANT
By Its Attorney

/s/ Richard F. Faille
Richard F. Faille, Esquire, BBO#: 157640
Law Offices of Donald E. Phillips
1414 Main Street, Suite 550
Springfield, MA 01144
(413) 730-6350
Richard.Faille@stpaul.com

## **CERTIFICATE OF SERVICE**

    I, Richard F. Faille, Attorney for the Defendants, hereby certify that on October 4, 2006, I copied the foregoing Opposition by mailing a copy of the same, postage prepaid, to:

        Maarten N. Pellegrini, Pro Se
        56 Liberty Street
        North Adams, MA   01247


        /s/ Richard F. Faille