UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2006 NOV -7 P 4: 11

U.S. DISTRICT COURT
DISTRICT OF MASS.

* * * * * * * * * * * * * * * * * * * * * * *

MAARTEN N. PELLEGRINI                    *
    Plaintiff                              *
                                 *     Case Number: 05CV30077-MAP
                                 *
vs.                                      *
                                 *
CENTURY 21, HAROLD DUPEE                  *
REALTORS,                                *
        Defendant                          *
                                 *

* * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S REQUEST FOR RECONSIDERATION

Now comes Plaintiff Maarten N. Pellegrini ("Plaintiff") requesting the Court to
reconsider and grant Plaintiff's Motion To Exclude The Testimony Of Richard Shoestock
("Motion to Exclude"), which was filed on September 29, 2006.  Plaintiff states that
Century 21, Harold Dupee Realtors ("Century 21") has failed to make all arrangements
for the deposition of Mr. Shoestock by the Plaintiff as directed in the court order of
October 10, 2006 ("Court Order").  Plaintiff also states that he has conferred in good faith
with Counsel for Century 21 in an attempt to secure Plaintiff's deposition of Mr. Richard
Shoestock to no avail.  See Attachment A, correspondences dated 10/25 (3 letters), 10/26
(2 letters), 10/27, 10/30, and 11/1.

Plaintiff's reasons for this motion are:

1

1. The Court intended for Century 21 to make "all arrangements" for the taking of a deposition of Mr. Shoestock by Plaintiff in accordance with the Federal Court Rules of discovery, specifically Fed. R. Civ. P. 30 and 45.

2. Century 21 has failed to make arrangements for service of a subpoena on Mr. Shoestock for his attendance and production of documents at a deposition by Plaintiff, as provided to Plaintiff under Fed. R. Civ. P. 30(a)(1), 30(b)(1), and 45.

3. Plaintiff has a right to compulsory discovery from Mr. Shoestock *only by subpoena* as provided him under Fed. R. Civ. P. 30 and 45.

4. Century 21 has no excuse for failure to serve a subpoena on Mr. Shoestock.

5. Century 21's arrangements may also raise questions of motive.

In support of this motion Plaintiff submits the following memorandum.

### Memorandum In Support Of Plaintiff's Motion

## I. Court Intended For Century 21 To "Make All Arrangements" In Accordance With The Federal Rules Of Discovery

The Court in its Court Order directed Century 21 to "make all arrangements for…the deposition of Mr. Shoestock by [Plaintiff] prior to November 6, 2006", and that "Plaintiff's [Motion to Exclude] shall be allowed on reconsideration if [Century 21] fails" to do so. Also, the Court concluded that Century 21's "prior representations to both this court and Plaintiff that it would be able to produce Mr. Shoestock without the need of a

subpoena" have had an "effect...on the orderly and timely conduct of discovery". See Court Order.

The Federal Court Rules of discovery are intended to establish an "orderly and timely conduct of discovery". It is clear that this Court expressed a desire that discovery should be conducted in the court's intended manner, and therefore, that Century 21 is to make "all arrangements" for a deposition in accordance with the Federal Rules of discovery, specifically Fed. R. Civ. P. 30 being applicable to depositions.

Fed. R. Civ. P. 30(a)(1) states in part "The attendance of a witness may be compelled by subpoena as provided in Rule 45." Also, the party taking the testimony may compel production of documents as provided under Rule 30(b)(1), and Rule 45(a)(1)(C).

It had been, and remains so today, Plaintiff's desire to compel Mr. Shoestock to appear and produce documents at a deposition, and has attempted to do so in accordance with the Federal Rules. *Plaintiff has complied with his Fed. R. Civ. P. 30(a)(1), and 30(b)(1) obligations by putting Century 21 on notice of his intent to depose Mr. Shoestock under subpoena duces tecum to appear and produce documents on April 14, 2006.* Plaintiff also attempted service of the subpoena at the address given in Century 21's initial disclosures, but without success due to Mr. Shoestock no longer being at the disclosed address and proper service could not be made (proper service under Rule 45(b)(1) requires delivery "to such person"). See Attachment B, Notice to Century 21, Subpoena duces tecum, Sheriff's attempted service.

Since the Court Order clearly indicated that Century 21 is to make "all arrangements" for the deposition of Mr. Shoestock by not only Century 21 but also Plaintiff, Century 21 has an obligation under the Court Order to make "arrangements", as

3

the Plaintiff has attempted to do, for service of a subpoena in accordance with Fed. R.
Civ. P. 30, and 45.

## II. Century 21 Has Failed To Make "Arrangements" For Service Of A Subpoena

Century 21 was *put on notice* and made aware of Plaintiff's desire to compel Mr.
Shoestock to appear and produce documents at a deposition and to depose Mr. Shoestock
under subpoena duces tecum since April 14, 2006. Plaintiff has repeatedly reminded
Century 21 of his desire. See Attachment A, correspondences from Plaintiff dated 6/6,
6/29, 10/17, 10/19, 10/20 (2 letters), 10/25 (2 letters), 10/27 and 11/1. Under the Court
Order, Century 21 was obligated to arrange for service of such a subpoena on Mr.
Shoestock.

Instead, Century 21 has ignored Plaintiff's requests, made the same representations
that were detrimental to the discovery process as before (i.e., that Century 21 would be
able to produce Mr. Shoestock without the need of a subpoena), falsely represented the
law, and attempted to arrange a deposition without service of a subpoena. See
Attachment A, correspondences from Century 21 dated 10/16, 10/19, 10/20, 10/23,
10/24, 10/25, 10/26, 10/30.

. Plaintiff believes that on the basis of Century 21's clear failure to serve a subpoena
on Mr. Shoestock, as stated in the Court Order, Plaintiff's Motion to Exclude "shall be
allowed".

## III. Plaintiff Has A Right To Compulsory Discovery From Mr. Shoestock *Only* By Subpoena

Plaintiff has a right to compel the attendance of Mr. Shoestock and the production of documents at a deposition. It is well established that a party seeking to depose a non-party witness may compel the attendance of that witness, and the production of documents by subpoena. See Fed. R. Civ. P. 30(a)(1), and 30(b)(1). See also Wright, Miller, and Marcus, Federal Practice and Procedure, Section 2107. Also that attendance and production of documents can be had for non-parties "*only by subpoena*". See *Chemical Specialties Co. v. Ciba Pharmaceutical Prods., Inc.,* 10 F.R.D. 500 at 502, "The production of the pertinent records can be compelled [from a non-party witness] only by subpoena duces tecum issued under Rules 45(b) and (d)...", and at 503, "[A non-party's] attendance may be compelled only by subpoena issued in accordance with Rule 45(d)."

As already stated, Plaintiff attempted to serve Mr. Shoestock with a subpoena duces tecum last spring but was unable to do so due to Century 21's own failure to comply with its disclosure duties as required by Fed. R. Civ. P. 26(e)(1). See Motion to Exclude.

A party seeking to take the deposition of a witness is not required to give up his well-established right to compel attendance and the production of documents on the mere verbal assurances of the opposing party. Especially so when those assurances have proven to be worthless and have delayed discovery.[1]   Plaintiff can no longer rely on Century 21's assurances. Century 21 may argue that Plaintiff waived this right by his initial agreement to a deposition of Mr. Shoestock without a subpoena last June. However, Plaintiff initially agreed to this deposition based on reliance, as did the Court, on Century 21's false assurances that a subpoena of Mr. Shoestock would not be necessary. By the legal principle of estoppel, Century 21 is barred from now claiming

---

[1] See Attachment A, correspondence from Century 21 dated 6/19.

5

that Plaintiff had waived his rights to subpoena Mr. Shoestock since Century 21 earlier lead Plaintiff to believe that a subpoena would not be necessary.

The actions of Counsel for Century 21 in trying to schedule a deposition without a subpoena again now clearly intend that the Plaintiff should give up his right to compulsory discovery. Century 21 wishes to force the Plaintiff to take the testimony of Mr. Shoestock without the ability to compel his appearance or the production of documents. Under the circumstances which Century 21 is trying to create, even if Mr. Shoestock did appear, *he would not be obligated whatsoever to produce documents*, and he may simply walk out of the deposition at any time, and for any reason, without any fear of being held in contempt. This again may lead to an effect on the "orderly and timely conduct of discovery".

It is absolutely "necessary" that Plaintiff have compulsory power for the attendance of Mr. Shoestock and production of documents at his deposition allowing Plaintiff a remedy if Mr. Shoestock fails to either appear or produce documents potentially crucial to the case. Counsel for Century 21's arrangements for airfare for Mr. Shoestock's travel to Massachusetts is not a substitute for making the "necessary" arrangements for service of a subpoena. Century 21 may be willing to take the testimony of Mr. Shoestock without a subpoena, but Plaintiff is not.

Plaintiff believes that "if necessary" as stated in the Court Order means: if necessary in order to protect the rights of all parties, including the Plaintiff's right to exercise compulsory discovery, therefore leaving discretion of exercise of Plaintiff's rights up to the Plaintiff and not to Century 21. Plaintiff strongly believes this is the only sensible way to interpret the Court Order (i.e., by protecting the rights of all parties).

6

## IV. Century 21 Has No Excuse For Not Arranging For Service Of A Subpoena

As an apparent excuse for his failure to serve a subpoena Counsel for Century 21 claims that a subpoena does not have "extraterritorial affect", and that he "cannot serve a subpoena on Mr. Shoestock in Florida". See Attachment A, correspondences from Century 21 dated 10/23, 10/25, 10/26. This is plainly not true. See Fed. R. Civ. P. 45(b)(2), "a subpoena may be served…at any place without the district that is 100 miles of the place of the deposition,..". Century 21 could have arranged service of a subpoena within 100 miles of the place of a deposition in Florida. Moreover, given the fact that Mr. Shoestock remained in Florida long after his expected return, and that he has "no intention of returning to this area", the Court fully anticipated it might be necessary that the deposition be held in Florida. See Court Order, "including Plaintiff's airfare and hotel to Florida if necessary". The Court in its order allowed enough time for arrangements to be made for a Florida deposition and the service of a subpoena which would also allow Mr. Shoestock enough time to object to his appearance or to produce documents if he chose to do so, thereby protecting his rights as well. Also, there was the possibility that if Mr. Shoestock returned to Massachusetts early enough (preserving 14 days for any objections), he could have been served with a subpoena here.

Contrary to Counsel for Century 21's claims, there is no excuse for Century 21's failure to serve a subpoena and preserve Plaintiff's right to compulsory discovery in light of the Court Rules, and the *specific reference* to a Florida deposition "if necessary" in the Court Order.

7

## V. Century 21's Uncustomary Arrangements May Also Raise Questions As To Motives

Counsel for Century 21's uncustomary arrangements for providing airfare for Mr. Shoestock's unnecessary travel to Massachusetts instead of arranging for service of a subpoena where Mr. Shoestock presently resides and is employed could also raise questions as to possible other compensation, promises, or favors provided to Mr. Shoestock for his coming to Massachusetts. The Court Rules provide protection for a person having "to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person". See Fed. R. Civ. P. 45(c)(3)(A)(ii). Had Mr. Shoestock been served with a subpoena, he would have been advised of these protections and have an opportunity to object. Counsel for Century 21's uncustomary arrangements here do not provide such protections to Mr. Shoestock. Plaintiff is convinced that this Court would not want to place Mr. Shoestock in a situation where he may not be advised of his not having "to travel to a place more than 100 miles" away, and where he may not be advised of his opportunity to object to his appearance and production of documents. Mr. Shoestock is an independent third party who admittedly had "no intention of returning to this area", and having "some sort of job in Florida." See Attachment A, correspondence from Counsel for Century 21 dated 6/19. Also, Counsel for Century 21 earlier stated that he "cannot guarantee [Mr. Shoestock's] appearance" at a deposition, and that neither Counsel for Century 21 nor Century 21 "has any control over Mr. Shoestock or his activities". See Attachment A, correspondences from Century 21 dated 6/19, 6/27.

8

Mr. Shoestock, who is not under subpoena and who is not obligated to travel to Massachusetts even if he were, *only now* willing to return to Massachusetts could raise questions as to his motives. Under these circumstances in which Century 21 is transporting Mr. Shoestock well over 100 miles to a deposition without a subpoena, it may appear that Mr. Shoestock's *only* obligations would be to Century 21.

## Summary And Relief Sought

Century 21 since April has been uncooperative with respect to Plaintiff's ability to exercise his rights in discovery as well as his and the court's rights to an orderly and timely conduct thereof. Century 21 has completely ignored Plaintiff's mentions of a subpoena over many correspondences, which represents evidence of a willful attempt to evade discovery. Century 21 also misrepresented basic discovery rules, which appears to be further evidence of Century 21's willful attempts to evade Plaintiff's discovery rights.

For all the reasons stated above, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Exclude since Century 21 has failed to make all arrangements in accordance with the Federal Rules of discovery for the proper deposition of Mr. Richard Shoestock by the Plaintiff that were required in the Court Order.

For The Plaintiff,

*Maarten N. Pellegrini* - *pro se*

Maarten N. Pellegrini, Plaintiff *pro se*
56 Liberty Street, North Adams, Massachusetts
01247
            774-364-0081


## CERTIFICATE OF SERVICE

I, Maarten N. Pellegrini, certify that on November 7, 2006, a copy of the above document
was served to counsel of record for Century 21 by hand delivery at the address below:
            Law Office of Donald E. Phillips
            Attn: Richard F. Faille
            One Monarch Place,
            1414 Main Street, Suite 550
            Springfield, MA   01144

*Maarten N. Pellegrini*

Maarten N. Pellegrini

10

# Attachment A

Reminder: AOL will never ask you to send us your password or credit card number in an email.  This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | mn pellegrini@aol.com |
| **To:** | rffai lle@stpaultravelers.com |
| **Subject:** | Re: Pellegrini vs. Century 21 |
| **Date:** | Tue, 6 Jun 2006 8:30 PM |

Dear Attorney Faille:

    I respectfully remind you and Mr. Shoestock, now that non-expert discovery has been extended, that there should be no reason to not produce the documents requested in Mr. Shoestock's subpoena of April 2006.  As the examination has already been noticed on these subjects well over 30 days I fully expect that all documents listed in the subpoena be produced for examination on June 19th.

Sincerely, Maarten Pellegrini


**Check out AOL.com today**. Breaking news, video search, pictures, email and IM. All on demand. Always Free.

Reminder: AOL will never ask you to send us your password or credit card number in an email.   This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | TRO Y@stpaultravelers.com |
| **To:** | mn pellegrini@aol.com |
| **Subject:** | Pellegrini v. Century 21--Deposition for Monday June 19th |
| **Date:** | Mon, 19 Jun 2006 8:19 AM |

[Unable to display image]
Dear Mr. Pellegrini:

Please be informed that Mr. Shoestock is not able to leave Florida at this time, therefore, the deposition of Mr. Shoestock scheduled for this morning at 11:00AM is cancelled. Please note the Philbins has been notified. We are sorry for the inconvenience.

Thank you.

Richard Faille


```
=========================================================================
This communication, together with any attachments hereto or links contained herein,

=========================================================================
The St. Paul Travelers e-mail system made this annotation on 06/19/06, 08:19:08.
```

June 19, 2006

Mr. Maarten Pellegrini
56 Liberty Street                                   **E-mail Transmittal Only**
North Adams, MA  01247

RE:    **Maarten N. Pellegrini and Nicola M. Pellegrini**
      **vs.    Century 21, Harold Dupee Realtors**
      US District Court, Civil Case No: 05CV30077-KPN
      Claim Number:     GL00642771/ 22H001
      Date of Loss:      12/04/2003
      PM Number:      0008572

Dear Mr. Pellegrini:

      I regret any inconvenience that may have been caused you due to the cancellation of the deposition of Richard Shoestock.  It was not until Friday afternoon that my office found out that Mr. Shoestock would not be coming up from Florida for his deposition.  I was out of the office Friday afternoon.   I am informed that Mr. Shoestock has resigned his position with Century 21 Harold Dupee Realtors and taken some sort of job in Florida.  It is my understanding that he has no intention of returning to this area.

      Neither myself nor my client has any control over Mr. Shoestock and his activities.

      If you wish to continue to try and depose Mr. Shoestock, I'd be happy to assist in any way that I can in this endeavor, however as I mentioned, I have no control nor does my client over Mr. Shoestock.

              Very truly yours,

              Richard F. Faille

RFF/tr

Reminder: AOL will never ask you to send us your password or credit card number in an email. This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | mn pellegrini@aol.com |
| **To:** | TRO Y@stpaultravelers.com |
| **Subject:** | Re: Pellegrini Vs Century 21 |
| **Date:** | Thu, 29 Jun 2006 8:01 PM |

Dear Attorney Faille:

After review of your last e-mail correspondence of June 27, I would like to make the following comments.

Even if I had Mr. Shoestock's contact information, it is already too late to serve him with a subpoena to testify and produce documents at a deposition. Service of a subpoena is apparently required since he failed to appear for the scheduled deposition of June 19, and you have clearly indicated multiple times that you cannot guarantee his appearance.

It therefore appears impossible for me to depose Mr. Shoestock within the discovery deadline as extended by the Court. Under these circumstances it would not be appropriate for you to call Mr. Shoestock to testify at trial.

In light of these circumstances I am requesting that you make some assurance that Mr. Shoestock will not be called to testify at trial.


Sincerely,    Maarten N. Pellegrini


-----Original Message-----
From: Roy,Teresa Z <TROY@stpaultravelers.com>
To: mnpellegrini@aol.com
Sent: Mon, 19 Jun 2006 14:24:19 -0400
Subject: {Pellegrini, Maarten N. & Vs Century 21 Harold Du}{Matter No.[0008572]}

 Attached is  a letter from Attorney Faille.



Terry Roy,
Assistant to Attorney Richard F. Faille
Springfield Legal
(413) 730-6350
Fax (413) 730-6361

================================================================================
This communication, together with any attachments hereto or links contained herein,
================================================================================
The St. Paul Travelers e-mail system made this annotation on 06/19/06, 14:24:23.

Re: Pellegrini Vs Century 21

**Check out AOL.com today**. Breaking news, video search, pictures, email and IM. All on demand. Always Free.

Deposition of Mr. Shoestock

---

Reminder: AOL will never ask you to send us your password or credit card number in an email.   This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | TROY@tra velers.com |
| **To:** | mn pellegrini@aol.com |
| **Subject:** | Deposition of Mr. Shoestock |
| **Date:** | Mon, 16 Oct 2006 2:08 PM |

---

[Unable to display image]

Mr. Pellegrini

Please be advised that Mr. Shoestock will be here to be deposed on October 27th.

Kindly make your arrangements for the upcoming deposition.  We would prefer that it take place at 11:00AM.

Please send confirmation of date, time and location.

Thank you.

Terry Roy.
Assistant to Attorney Richard F. Faille
Springfield Legal
(413) 730-6350
Fax (413) 730-6361

```
=========================================================================
This communication, together with any attachments hereto or links contained herein,

=========================================================================
The St. Paul Travelers e-mail system made this annotation on 10/16/06, 14:08:42.
```

Reminder: AOL will never ask you to send us your password or credit card number in an email.  This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | mn pellegrini@aol.com |
| **To:** | TROY@tra velers.com |
| **Subject:** | Re: Deposition of Mr. Shoestock |
| **Date:** | Tue, 17 Oct 2006 3:39 PM |

Dear Attorney Faille,

Kindly let me know as to other possible deposition dates. I would like to find a mutually convenient date.

According to the Court order the Defendant Century 21 "Shall make *all arrangements*" for Plaintiff's deposition of Mr. Shoestock. This includes:

1. Arrangements for a videographer to record the deposition as noticed in Plaintiff's initial Notice Of Third Party Deposition of the past Spring.

2. Paying for Plaintiff's transportation to and from the deposition, and

3. The issuance of a subpoena, a copy of which is to be sent to me, which includes production of documents at this deposition as requested in Plaintiff's initial subpoena of the past Spring which was sent to you as a copy of the Notice Of Third Party Deposition. Documents listed are:

I.      A copy of Richard Shoestock's employment contract with Century 21 Harold Dupee Realtors.

II.     All originals, or copies if originals are not available, of entire Property Transfer Lead Paint Notification packages meeting the following requirements:
1.  Page 11 of the Package is undetached and signed by the prospective Buyer/Buyers.
2.  That Richard Shoestock personally disclosed.
3.  That were disclosed between April 12, 2001 and the present.

Please inform me as soon as possible as to these arrangements,

Sincerely,  Maarten Pellegrini

-----Original Message-----
From: TROY@travelers.com
To: mnpellegrini@aol.com
Sent: Mon, 16 Oct 2006 2:08 PM
Subject: Deposition of Mr. Shoestock

[Unable to display image]
Mr. Pellegrini

Please be advised that Mr. Shoestock will be here to be deposed on October 27th. Kindly make your arrangements for the upcoming deposition. We would prefer that it take place at 11:00AM.

Please send confirmation of date, time and location.

Thank you.

Terry Roy,
Assistant to Attorney Richard F. Faille
Springfield Legal
(413) 730-6350
Fax (413) 730-6361

========================================================================================
This communication, together with any attachments hereto or links contained herein,

========================================================================================
The St. Paul Travelers e-mail system made this annotation on 10/16/06, 14:08:42.


**Check out the new AOL.** Most comprehensive set of free safety and security tools, free access to
millions of high-quality videos from across the web, free AOL Mail and more.

Reminder: AOL will never ask you to send us your password or credit card number in an email.  This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | mn pellegrini@aol.com |
| **To:** | TROY@tra velers.com |
| **Subject:** | Re: Deposition of Mr. Shoestock |
| **Date:** | Thu, 19 Oct 2006 10:44 AM |

Dear Attorney Faille,

In regards to your secretary's phone call of earlier today, I would like to confirm in writing the following dates for Mr. Shoestock's deposition that was offered by your office: November 1, November 6, and November 7 at 10:00AM. And also I would like to confirm in writing that your office, as stated by your secretary, will make all of the arrangements as mentioned in my last email of October 17.

Sincerely,
Maarten Pellegrini

**Check out the new AOL**. Most comprehensive set of free safety and security tools, free access to millions of high-quality videos from across the web, free AOL Mail and more.

Reminder: AOL will never ask you to send us your password or credit card number in an email.  This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | TROY@tra velers.com |
| **To:** | mn pellegrini@aol.com |
| **Subject:** | Deposition of Mr. Shoestock |
| **Date:** | Thu, 19 Oct 2006 10:48 AM |

[Unable to display image]
Dear Mr. Pellegrini:

Confirming our telephone conversation, below are the dates available for the deposition of Mr. Shoestock.

Wednesday November 1st;
Thursday November 2nd—AM only
Monday, November 6th
Tuesday November 7th-AM only

We will make all the arrangements for Mr. Shoestock to be here for the deposition.

Kindly provide me with two dates as I need to make airline arrangements.

Thank you.

Terry Roy.
Assistant to Attorney Richard F. Faille
Springfield Legal
(413) 730-6350
Fax (413) 730-6361

```
==========================================================================
```
This communication, together with any attachments hereto or links contained herein,
```
==========================================================================
```
The St. Paul Travelers e-mail system made this annotation on 10/19/06, 10:48:55.

Reminder: AOL will never ask you to send us your password or credit card number in an email. This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | mn pellegrini@aol.com |
| **To:** | rffai lle@stpaultravelers.com |
| **Subject:** | Re: Deposition |
| **Date:** | Fri, 20 Oct 2006 9:30 AM |

Dear Attorney Faille:

I am out of North Adams until the afternoon and have not had the opportunity to review the Court Order's deadline for the deposition upon receiving your last email.

I would agree to either November 6th or 7th, as I have no commitments on these days, for the deposition of Mr. Shoestock as long as those dates are in fact before the deadline as set forth by the most recent Court Order. I believe, however, that these dates which you offer may be after the deadline given by the court in which case I would **not** agree to extend the deadline with you.

Also, I would expect that all appropriate arrangements as set forth in the Court Order and Notice Of Third Party Deposition of last April be made by your office, of which I still have not received confirmation.

Sincerely, Maarten Pellegrini

**Check out the new AOL.** Most comprehensive set of free safety and security tools, free access to millions of high-quality videos from across the web, free AOL Mail and more.

Reminder: AOL will never ask you to send us your password or credit card number in an email.   This message has been scanned for known viruses.

| From: | TROY@tra velers.com |
|---|---|
| To: | mn pellegrini@aol.com |
| Subject: | deposition of Mr. Shoestock |
| Date: | Fri, 20 Oct 2006 9:53 AM |

[Unable to display image]

Mr. Pellegrini

The Court Order states that the deposition must be done prior to November 6th

Below are revised dates:

Tuesday- Oct 31st
Wednesday November 1st
Thursday November 2—AM only
Friday November 3rd

Please pick one of these dates and let me know ASAP.  Thank you

Terry Roy
Assistant to Attorney Richard F. Faille
Springfield Legal
(413) 730-6350
Fax (413) 730-6361

================================================================
This communication, together with any attachments hereto or links contained herein,

================================================================
The St. Paul Travelers e-mail system made this annotation on 10/20/06, 09:53:56.

---

Reminder: AOL will never ask you to send us your password or credit card number in an email.  This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | mn pellegrini@aol.com |
| **To:** | rffai lle@stpaultravelers.com |
| **Subject:** | Re: Deposition |
| **Date:** | Fri, 20 Oct 2006 4:30 PM |

---

Dear Attorney Faille,

I am requesting confirmation of certain arrangements for the **third time now.** These arrangements are important for a proper examination of Mr. Shoestock, and it is my belief that these arrangements are part of the court ordered "arrangements" you are required to make.

I have still not received confirmation that Mr. Shoestock will produce the documents requested in my original subpoena, and mentioned again in my e-mails to you of October 17 and earlier today.

Also, I have still not received confirmation, as requested in the same e-mails, that the deposition will be videotaped and arrangements will be made for the cost of my transportation to and from the deposition.

I have arranged for all necessary changes and am available on Thursday November 2nd at 10am or later.  Please also be advised that if you do not confirm that these arrangements will also be made, there is no point in setting a deposition date, and I will be forced to take the matter up with the court.

Sincerely, Maarten Pellegrini

**Check out the new AOL**. Most comprehensive set of free safety and security tools, free access to millions of high-quality videos from across the web, free AOL Mail and more.

October 23, 2006

Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA  01247          ***via E-Mail Transmittal only***

RE:   **Maarten N. Pellegrini and Nicola M. Pellegrini**
      **vs.   Century 21, Harold Dupee Realtors**
      US District Court, Civil Case No: 05CV30077-KPN
      Claim Number:      V2B5369
      Date of Loss:      12/04/2003
      PM Number:         0008572

Dear Mr. Pellegrini:

Please be advised that Mr. Shoestock's airplane arrives at Bradley International at 11:00AM on November 2, 2006.  He should be available for his deposition at 12:00 noon that day.

I will arrange for a stenographer and video operator to be at my office that day for his deposition.  I have asked him to bring any documents he might have but I cannot tell you what he has or does not have.  A subpoena has no extraterritorial affect, so I cannot subpoena him or his records.

Please inform me of what possible expenses for travel that you could possibly incur.

Very truly yours,

Richard F. Faille

RFF/tr

Reminder: AOL will never ask you to send us your password or credit card number in an email.   This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | TROY@tra velers.com |
| **To:** | mn pellegrini@aol.com |
| **Subject:** | Deposition of Mr. Shoestock |
| **Date:** | Tue, 24 Oct 2006 10:32 AM |

[Unable to display image]

Mr. Pellegrini:

Please be advised that Mr. Shoestock will arrive at Bradley International at 10:00AM on November 2nd—therefore, the new time for his deposition will be at 11:00AM at this office.

I have arranged for the stenographer and videographer to be present.

Thank you.

Terry Roy,
Assistant to Attorney Richard F. Faille
Springfield Legal
(413) 730-6350
Fax (413) 730-6361

===================================================================================
This communication, together with any attachments hereto or links contained herein,

===================================================================================
The St. Paul Travelers e-mail system made this annotation on 10/24/06, 10:32:56.

October 25, 2006

Richard F. Faille
One Monarch Place,
1414 Main Street, Suite 550
Springfield, MA   01144          *via E-Mail Transmittal only*

    RE:   **Maarten N. Pellegrini**
       **vs.   Century 21, Harold Dupee Realtors**
       US District Court, Civil Case No: 05CV30077-MAP

Dear Attorney Faille:

After review of the situation and the Court Order of October 10th I believe that you have
failed to make all of the arrangements as required and intended in the Court Order. I see
no point in scheduling air travel to Massachusetts for Mr. Shoestock unless he is
obligated to appear and to produce documents.

Since Mr. Shoestock is not under a subpoena he is under no such obligations. You
mention that a subpoena has no extraterritorial affect, and that you cannot subpoena him
or his records. However, your statement is untrue, you could have served a subpoena for
his deposition in Florida as the Court Order has provided you with ample time to do so
and instructed to happen "if necessary". Clearly a subpoena is necessary since, as you
have admitted you do not have "any control over Mr. Shoestock and his activities" and
that you "cannot guarantee his appearance".

Without a subpoena of Mr. Shoestock I cannot compel the production of documents in
order to conduct a complete examination. As I mentioned in my October 17th e-mail to
you I believe the "arrangements" which the Court has directed you to provide includes a
subpoena for Mr. Shoestock's appearance and for the production of documents. Clearly
you have not done so.

If you cannot assure me by the end of the day today that Mr. Shoestock is, or will be,
served with a subpoena for his appearance and for the production of documents I will file
the appropriate motion with the Court.

Sincerely,


Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA  01247

October 25, 2006


Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA  01247          *via E-Mail Transmittal only*


RE:    **Maarten N. Pellegrini and Nicola M. Pellegrini**
           **vs.   Century 21, Harold Dupee Realtors**
           US District Court, Civil Case No: 05CV30077-KPN
           Claim Number:        V2B5369
           Date of Loss:          12/04/2003
           PM Number:           0008572

Dear Mr. Pellegrini:

        Please be advised that I have spoken with Mr. Shoestock and he informs me that he has no documents whatsoever regarding your purchase of the property.

        I have gone to great lengths to get him here to be deposed including the payment of airfare, rental car, etc. If you do not wish to depose him, fine.

        Please let me know as soon as possible, so that I may cancel all the arrangements I have in place.

        You clearly do not understand that I cannot serve a subpoena on Mr. Shoestock in Florida.


                            Very truly yours,



                            Richard F. Faille

RFF/tr

October 25, 2006

Richard F. Faille
One Monarch Place,
1414 Main Street, Suite 550
Springfield, MA   01144          *via E-Mail Transmittal only*

RE:   **Maarten N. Pellegrini**
       **vs.   Century 21, Harold Dupee Realtors**
       US District Court, Civil Case No: 05CV30077-MAP

Dear Attorney Faille:

Please be advised that I wish to compel Mr. Shoestock's appearance at a deposition, and compel production of documents (which are NOT limited to 56 Liberty Street, North Adams, MA) by the only means I know, **by subpoena**.  It clearly appears then that you have not and will not be serving him with a subpoena.

Sincerely,

Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA  01247

October 26, 2006

Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA  01247          *via E-Mail Transmittal only*

RE:  **Maarten N. Pellegrini and Nicola M. Pellegrini**
          **vs.   Century 21, Harold Dupee Realtors**
     US District Court, Civil Case No: 05CV30077-KPN
     Claim Number:        V2B5369
     Date of Loss:        12/04/2003
     PM Number:           0008572

Dear Mr. Pellegrini:

You do not understand, as a matter of law, Rule 45, Fed. R. Civ. P. a (served) subpoena may not be beyond 100 miles of this District Court.

Please contact me as soon as possible to let me know if you want Mr. Shoestock to come here from Florida or not.

Very truly yours,

Richard F. Faille

RFF/tr

Reminder: AOL will never ask you to send us your password or credit card number in an email.  This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | mnpellegrini@aol.com |
| **To:** | rffaille@stpaultravelers.com |
| **Subject:** | RE: Pellegrini v. Century 21 |
| **Date:** | Thu, 26 Oct 2006 1:56 PM |
| **Attachments:** | ltr-Maar-DepoShoes3.doc (27K) |

Dear Attorney Faille:

My understanding of the law is that service of a subpoena may not be beyond 100 miles of the place of the deposition.

Sincerely,
Maarten Pellegrini

-----Original Message-----
From: TROY@travelers.com
To: mnpellegrini@aol.com
Sent: Thu, 26 Oct 2006 9:13 AM
Subject: Response letter to yours of10/25

[Unable to display image]
Attached please find a response to your last letter of 10/25/06.


Terry Roy,
Assistant to Attorney Richard F. Faille
Springfield Legal
(413) 730-6350
Fax (413) 730-6361

==========================================================================
This communication, together with any attachments hereto or links contained herein,

==========================================================================
The St. Paul Travelers e-mail system made this annotation on 10/26/06, 09:13:53.


**Check out the new AOL.** Most comprehensive set of free safety and security tools, free access to millions of high-quality videos from across the web, free AOL Mail and more.

October 27, 2006

Richard F. Faille
One Monarch Place,
1414 Main Street, Suite 550
Springfield, MA   01144          ***via E-Mail Transmittal only***

RE:   **Maarten N. Pellegrini**
        **vs.   Century 21, Harold Dupee Realtors**
        US District Court, Civil Case No: 05CV30077-MAP

Dear Attorney Faille:

It makes **no difference** to me whether Mr. Shoestock comes here or not.  I believe it is
clearly your responsibility to arrange the place for the deposition, so long as Mr.
Shoestock is under subpoena to appear and produce the requested documents which I
have mentioned to you on many occasions now.

I also believe that it is too late now to serve Mr. Shoestock a subpoena (not giving him 14
days to object).  Unless you can assure me otherwise, I see no alternative to filing a
motion for reconsideration.

Sincerely,

Mr. Maarten Pellegrini
56 Liberty Street
North Adams, MA  01247

Reminder: AOL will never ask you to send us your password or credit card number in an email.  This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | R FFAILLE@travelers.com |
| **To:** | mn pellegrini@aol.com |
| **Subject:** | RE: Pellegrini v. Century 21 |
| **Date:** | Mon, 30 Oct 2006 8:09 AM |

I have already informed you that Mr. Shoestock does not have any documents that are related to this case. Please inform me ASAP if you want to go forward or not.

-----Original Message-----
From: mnpellegrini@aol.com [mailto:mnpellegrini@aol.com]
Sent: Friday, October 27, 2006 11:27 AM
To: Faille,Richard F
Subject: RE: Pellegrini v. Century 21

Dear Attorney Faille:

See attached letter.

Check out the new AOL. Most comprehensive set of free safety and security tools, free access to millions of high-quality videos from across the web, free AOL Mail and more.

```
=========================================================================
This communication, together with any attachments hereto or links contained herein,

=========================================================================
The St. Paul Travelers e-mail system made this annotation on 10/30/06, 08:09:34.
```

Reminder: AOL will never ask you to send us your password or credit card number in an email. This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | mn pellegrini@aol.com |
| **To:** | R FFAILLE@travelers.com |
| **Subject:** | Re: Pellegrini v. Century 21 |
| **Date:** | Wed, 1 Nov 2006 1:35 PM |

Dear Attorney Faille:

Due to the fact that your last email came from a different unrecognized address, AOL placed your email into a SPAM folder and I just received it this afternoon.

First of all, I will not waive my right to compel both Mr. Shoestock's appearance and the production of documents at a deposition **by subpoena**. Consequently, I cannot agree to schedule a deposition without proof of service of a subpoena duces tecum on Mr. Shoestock.

Secondly, if Mr. Shoestock has any objections to the production of documents, it is not for you to make them, and he may make them for himself as provided for under the rules.

Sincerely,
Maarten Pellegrini

-----Original Message-----
From: RFFAILLE@travelers.com
To: mnpellegrini@aol.com
Sent: Mon, 30 Oct 2006 8:09 AM
Subject: RE: Pellegrini v. Century 21

I have already informed you that Mr. Shoestock does not have any documents that are related to this case. Please inform me ASAP if you want to go forward or not.

> -----Original Message-----
> **From:** mnpellegrini@aol.com [mailto:mnpellegrini@aol.com]
> **Sent:** Friday, October 27, 2006 11:27 AM
> **To:** Faille,Richard F
> **Subject:** RE: Pellegrini v. Century 21

Dear Attorney Faille:

See attached letter.

**Check out the new AOL.** Most comprehensive set of free safety and security tools, free access to millions of high-quality videos from across the web, free AOL Mail and more.

======================================================================
This communication, together with any attachments hereto or links contained herein,

======================================================================
The St. Paul Travelers e-mail system made this annotation on 10/30/06, 08:09:34.

**Check out the new AOL**. Most comprehensive set of free safety and security tools, free access to millions of high-quality videos from across the web, free AOL Mail and more.

# Attachment B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MAARTEN N. PELLEGRINI | \* |
|     Plaintiff | \* |
| | \*   Case Number: 05CV30077-KPN |
| | \* |
| vs. | \* |
| | \* |
| CENTURY 21, HAROLD DUPEE | \* |
| REALTORS, | \* |
|     Defendant | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF THIRD PARTY DEPOSITION

Maarten N. Pellegrini ("Plaintiff") in the above-entitled action, pursuant to Federal

Rules of Civil Procedure 30 and 45, hereby notices Century 21, Harold Dupee Realtors

("Century 21") that Plaintiff will depose upon oral examination Richard Shoestock at 10:00

AM on April 28, 2006 at the offices of Philbin and Associates Inc., located at 959 Main

Street, Springfield MA 01103.  The deposition may be video taped.

A copy of an issued subpoena is attached hereto.

For The Plaintiff,

*Maarten N. Pellegrini* - pro se

Maarten N. Pellegrini, Plaintiff *pro se*
56 Liberty Street, North Adams, Massachusetts
01247
     774-364-0081

1

## CERTIFICATE OR SERVICE

I, Maarten N. Pellegrini, certify that on April 14, 2006, a copy of the above document was mailed by first class mail, postage prepaid, to counsel of record for Century 21 at the address below:

> Richard F. Faille
> One Monarch Place,
> 1414 Main Street, Suite 550
> Springfield, MA   01144

Maarten N. Pellegrini

## Issued by the
# UNITED STATES DISTRICT COURT

―――――――――――――――――――― DISTRICT OF ――――――――――――

Maarten N.
Pellegrini

v.

Century 21,
Harold Dupee
Realtors

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: ' $O5CV30077-KPN$

TO: Richard Shoestock, 40 Main Street, North Adams, MA 01247

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Philbin And Associates Inc. 959 Main Street   Springfield MA 01103 | $4-28-06$ 10:00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Same as above | Same as above |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| - Mary Finn (for the Maarten Pellegrini) | 4/10/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
1660 Main Street, Springfield MA 01103, (413) 785-0215

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1    If action is pending in district other than district of issuance, state district under case number.

# Attachment A to Subpoena of Richard Shoestock

Documents to be produced:

I.  A copy of Richard Shoestock's employment contract with Century 21 Harold Dupee Realtors.

II.  All originals, or copies if originals are not available, of entire Property Transfer Lead Paint Notification packages meeting the following requirements:

1.  Page 11 of the package is un detached and signed by the prospective Buyer/Buyers.
2.  That Richard Shoestock personally disclosed.
3.  That were disclosed between April 12, 2001 and the present.

## PROOF OF SERVICE

|  | DATE | | PLACE |
|---|---|---|---|

**Office of the Sheriff** • 467 Cheshire Road • Pittsfield, MA 01201 • (413) 443-6841

April 18, 2006

*Berkshire, ss.*

I hereby certify and return that on 4/13/2006 at  4:41PM I served a true and attested copy of the Witness/Deposition Subpoena in this action in the following manner: To wit, by leaving at the last and usual place of business of Richard Shoestock, and leaving with Mary-Jane Dalmaso, person in charge, at  40 Main Street, North Adams, MA 01247 and by mailing 1st class to the above address on 4/13/2006. L&U Mailing ($3.00), Service Fee ($20.00), Travel ($23.18), Witness Fee ($71.50), Postage & Handling ($1.00), Attestation ($10.00), Conveyance ($4.50) Total Charges $133.18

Deputy Sheriff, Ronald P. Clark

**Deputy Sheriff**

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

cc

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit Inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**OFFICE OF THE SHERIFF**
**BERKSHIRE COUNTY**
**CIVIL PROCESS DIVISION**
467 Cheshire Road
Pittsfield, MA 01201
(413) 443-6841
Fax: (413) 499-3487

Carmen C. Massimiano, Jr.
Sheriff

Maartin N. Pellegrini
56 Liberty Street
North Adams, MA 01247

Amount Due: $ 0.00
Invoice #:    06003129
Invoice Date: 4/18/2006

Phone:(508)755-0400

# Payment Due Upon Receipt    Writ: Witness/Deposition Subpoena

Please send a copy of this invoice with your remittance

Maarten N. Pellegrini
vs.
Century 21 Harold Dupee, Realtors

Invoice #:    06003129
Invoice Date: 4/18/2006

Serve:    Richard Shoestock
          40 Main Street
          North Adams, MA 01247

Served by Deputy Sheriff: Ronald Clark

Service Date:  4/13/2006 Time:  4:41PM
Method of Service: Last & Usual

| Charge | | Amount |
|---|---|---|
| L&U Mailing | | 3.00 |
| Service Fee | | 20.00 |
| Travel | | 23.18 |
| Witness Fee | | 71.50 |
| Postage & Handling | | 1.00 |
| Attestation | | 10.00 |
| Conveyance | | 4.50 |
| **Total Charges** | | **133.18** |

| Payment Date | Check Number | Amount |
|---|---|---|
| 04/13/2006 | 432 | 133.18 |
| **Payment Total** | | **133.18** |

**Amount Due:  $ 0.00**