UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
MAARTEN N. PELLEGRINI and           *
NICOLA M. PELLEGRINI,               *
        Plaintiffs                  *   Case Number:  05CV30077-KPN
                                    *
vs.                                 *
                                    *
CENTURY 21, HAROLD DUPEE            *
REALTORS,                           *
        Defendant                   *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEPOSITION BY TELEPHONE OR OTHER REMOTE ELECTRONIC MEANS

Now comes the defendant and says that it is having difficulty understanding the plaintiff and his want for taking a telephonic deposition. Previously in this case, the plaintiff failed to attend a deposition of the same witness here in Massachusetts because of the need, as the plaintiff would have it, for a subpoena and production of documents. It is hard to understand how you can have a telephone deposition where documents are the key issue.

The plaintiff's main contention and actually his only contention is dealing with cost of going to Florida for the deposition. The plaintiff previously did not care about cost when it came to the defendant paying for Mr. Shoestock's airfare, rental car and various other expenses to produce him here in Massachusetts for a deposition.

Further, it is bewildering as to what the plaintiff seems to be saying in his motion that, "an in person examination of Mr. Shoestock may not be necessary in this case." The plaintiff either wants to take the deposition of Mr. Shoestock or he doesn't. He should not be allowed to just flaunt and taunt the taking of his deposition. Either the plaintiff wants to take the deposition

of Mr. Shoestock or he doesn't.  If he wants to take it, he should do it the right way and go to Florida, serve the subpoena that he thinks is so necessary and depose the witness.  If the witness' testimony is not necessary, then he should so state.

Therefore, the defendant opposes the plaintiff's motion to take a telephonic or other deposition of Richard Shoestock.

          THE DEFENDANT
          By Its Attorney


          /s/ Richard F. Faille
          Richard F. Faille, Esquire, BBO#: 157640
          Law Offices of Donald E. Phillips
          1414 Main Street, Suite 550
          Springfield, MA 01144
          (413) 730-6350
          Richard.Faille@stpaul.com


## CERTIFICATE OF SERVICE

I, Richard F. Faille, Attorney for the Defendants, hereby certify that on November 17, 2006, I copied the foregoing Opposition by mailing a copy of the same, postage prepaid, to:

          Maarten N. Pellegrini, Pro Se
          56 Liberty Street
          North Adams, MA   01247


          /s/ Richard F. Faille