UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
MAARTEN N. PELLEGRINI and         \*
NICOLA M. PELLEGRINI,             \*
    Plaintiffs                    \*  Case Number: 05CV30077-MAP
                                  \*
vs.                               \*
                                  \*
CENTURY 21, HAROLD DUPEE          \*
REALTORS,                         \*
    Defendant                     \*
                                  \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Now comes the defendant in response to the plaintiff's Statement of Material Facts as follows:

2. The plaintiff agrees with this but further says that Mr. Shoestock was an associate of Century 21 Harold Dupee Realtors. (see Affidavit of Mary Jane Dalmaso)

3. Both Francis Buckley and Richard Shoestock were associates of Century 21 Harold Dupee Realtors. (see Affidavit of Mary Jane Dalmaso)

10. This statement is not true. Assigned acknowledgment was in fact obtained and is Exhibit "D" to the plaintiff's Motion for Partial Summary Judgment.

## DEFENDANT'S CONCISE STATEMENT

1. Richard Shoestock, Francis Buckley and the defendant were never compensated by the plaintiff. (see Affidavit of Mary Jane Dalmaso attached hereto)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MAARTEN N. PELLEGRINI and <br> NICOLA M. PELLEGRINI, <br>     Plaintiffs <br> <br> vs. <br> <br> CENTURY 21, HAROLD DUPEE <br> REALTORS, <br>     Defendant | * <br> * <br> * Case Number: 05CV30077-MAP <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ARGUMENT

The defendant will use the plaintiff's captions:

A. **Standard Massachusetts Disclosure Form Requires Certification Signature Attached to Entire Package**

While not fully understanding the plaintiff's argument here, it appears to be that the only way a full compliance can be made with the Federal Statute is if the pamphlet and the required statement on page 11 are given at the same time. There's absolutely nothing in any case law nor under the Federal Statute 42 U.S.C. §485 2d, which would require such a reading. This case, the pamphlet disclosure was given by Century 21 Associate, Richard Shoestock to the plaintiff's brother and co-buyer, Nicola Pellegrini on the first day that they view the premises. Later when the plaintiff and his brother were ready to make an offer, an original of the Federal Disclosure (Exhibit "D" to the plaintiff's papers) was given to the plaintiff and his brother for signature. This is in total comport with the Lead Paint Disclosure Requirements. The circular plaintiff's argument is hard to understand but it appears to be that the Lead Pain Warning and Pamphlet

can't be given separately although there is no statutory or other requirement for that to be done and the plaintiff cites none.

### B. Federal Responsibility for Lead Disclosure

The defendant in this case, Century 21 Harold Dupee Realtors, represented both the buyer and the seller.  The plaintiff goes on just to argue that Richard Shoestock was the purchaser's representative and therefore compliance by Mr. Shoestock would somehow not be complianced by this defendant, Century 21.  This is just nonsensical.  Neither Richard Shoestock nor Century 21 were purchaser's representatives as defined in 42 U.S.C. §485 2d because the plaintiff in fact did not pay compensation to any real estate agent or broker in a relationship to this transaction. (see Affidavit of Mary Jane Dalmaso)   In considering that fact it makes this entire argument a nonsequitur.

### C. Contract Requires Attachment of Massachusetts

To start with, the plaintiff has not pled any state court actions.  The entire complaint is for violation of the Federal Lead Paint Disclosure requirement and is the only basis for jurisdiction with this Court.  Nothwithstanding the foregoing, the plaintiff's argument in this section is again totally void of merit.  Somehow the plaintiff would have the execution of a Purchase and Sales Agreement reciting that the plaintiff acknowledged receiving the Massachusetts Disclosure form would somehow this giving rise to cause of action is somewhat bewildering.  Notwithstanding that, there are no facts recited by the plaintiff and his Summary Judgment papers which support such an argument and even if there were they would not state a legally cognizable cause of action.

## CONCULSION

For the foresaid reason, the plaintiff has not nor can he make out a case for Summary Judgment to be granted in his favor.

        THE DEFENDANT
        By Its Attorney

        /s/ Richard F. Faille
        Richard F. Faille, Esquire, BBO#: 157640
        Law Offices of Donald E. Phillips
        1414 Main Street, Suite 550
        Springfield, MA 01144
        (413) 730-6350
        Richard.Faille@stpaul.com

## CERTIFICATE OF SERVICE

I, Richard F. Faille, Attorney for the Defendant hereby certify that on February 21, 2007, I copied the foregoing document by mailing a copy of the same, postage prepaid, to:

        Maarten N. Pellegrini, Pro Se
        56 Liberty Street
        North Adams, MA   01247

        /s/ Richard F. Faille

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
MAARTEN N. PELLEGRINI and         *
NICOLA M. PELLEGRINI,             *
        Plaintiffs                *   Case Number: 05CV30077-MAP
                                  *
vs.                               *
                                  *
CENTURY 21, HAROLD DUPEE          *
REALTORS,                         *
        Defendant                 *
                                  *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## AFFIDAVIT OF MARY JANE DALMASO

Now comes Mary Jane Dalmaso and being duly sworn deposed and say:

1. I am the president of Century 21 Harold Dupee Realtors, Inc.

2. With reference to the present litigation, Century 21 Harold Dupee Realtors, Inc., served in a dual agency capacity as representing both the buyer and the seller. Francis Buckley and Richard Shoestock were both agents associated with the defendant.

3. All interested parties were part of a cooperative brokerage agreement and all compensation paid was a percentage of the selling price paid by the seller.

4. The plaintiff, Maarten Pellegrini, did not pay any compensation to anyone with reference to the purchase of the property.

Signed under the Pains and Penalties of Perjury this  9th  day of February 2007.

                                 */s/ Mary Jane Dalmaso*
                                 Mary Jane Dalmaso