UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
MAARTEN N. PELLEGRINI            *
       Plaintiff                 *
                                 *   Case Number: 05CV30077-MAP
                                 *
vs.                              *
                                 *
CENTURY 21, HAROLD DUPEE         *
REALTORS,                        *
       Defendant                 *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT**

Plaintiff, Maarten N. Pellegrini ("Plaintiff"), opposes Century 21's ("Defendant") Motion For Summary Judgment, and also Defendant's Motion For Partial Summary Judgment. Plaintiff submits herewith Exhibits A-H, and the following Memorandum to support his opposition.

Table of Exhibits:

Ex. A -----  Deposition Of Richard Shoestock ("Shoestock Depo.")

Ex. B -----  Affidavits of Maarten, Gerald, and Nicola Pellegrini, along with attachments ("Affidavits")

Ex. C -----  Purchase and Sales Contract ("Contract") and Facsimiles send by Mr. Shoestock to Plaintiff ("Fax")

Ex. D -----  30(b)(6) Deposition of Century 21 ("Century 21 Depo.")

1

Ex. E ----- Defendant's Responses to Plaintiff's Admissions and Interrogatories. ("Interr.")

Ex. F ----- Federal Register Regulations Part VIII, Vol. 61, No. 45 (HUD and EPA) ("Federal Regulations.")

Ex. G ----- 11 page Property Transfer Lead Paint Notification package ("Package")

Ex. H ----- Sample Standard Federal Disclosure Format for Target Housing, from Federal Register / Vol. 61, No. 45 / page 9074 and 9075 ("Standard Cert")

## MEMORANDUM

### I.   Introduction

Plaintiff's opposition is basically this: 1. The issue of whether Mr. Richard Shoestock informally gave Gerald Pellegrini and Nicola Pellegrini the Property Transfer Lead Paint Notification package ("Package") in his office is not material to whether Century 21 complied with the federal EPA regulations implementing the provisions of 42 U.S.C. section 4852d and the issue before this Court.   2. The evidence of record clearly shows more than a reasonable expectation of proving all the essential elements of Plaintiff's case, namely, that Century 21 knowingly failed to comply with the federal regulations regarding proper disclosure of the required lead paint information to the buyers of the property at 56 Liberty Street, North Adams, MA ("Property").

II.     **Summary Of Defendant's Argument**

In Defendant's Memorandum Of Law In Support Of Its Motion For Summary Judgment ("Def. Mem."), Century 21 makes the following basic arguments in support of its motion:

A. *That Century 21 is entitled to summary judgment based on the testimony of Mr. Richard Shoestock, Plaintiff's reading and signing of the Property Transfer Notification Certificate (See Def. Mem. at 7-8), Plaintiff's not setting forth evidence by way of affidavits or specific facts showing a triable issue, and, a reasonable expectation of proving that the Defendant did not supply the lead paint notification to the Plaintiff* (See Def. Mem. at 4-7).

B. *Assuming that the Plaintiff can show a reasonable chance of proving that the Defendant did not supply the Property Transfer Lead Paint Notification Package ("Package") to the Plaintiff, he cannot show reasonable expectation of proving that the Defendant willfully violated the statute.* (See Def. Mem. at 6-8).

III.    **Contrary To Defendant's Claim, "Knowingly" In The Context Of This Case Does Not Mean "Willfully".**

The Court in *Smith v. Coldwell Banker Real Estate* 122 F. Supp. 2d 267, 273 defined the term "knowingly" in the context of 42 U.S.C. section 4852d as "[k]nowingly" as commonly used and interpreted to mean that defendant was aware of his or her conduct and that defendant did not perform it merely through ignorance, mistake or accident. See BLACK'S LAW DICTIONARY 872 (6th ed. 1990)."

3

In the first paragraph of Def. Mem., Century 21 states, "This is basically a one issue case. That issue is whether the defendant *willfully violated* the disclosure requirements... [emphasis added]" They again state that the requirement to find liability is to establish that they "willfully violate the statute" (page 8 of Def. Mem.).

The defendants in *Smith* argued, as Century 21 is apparently arguing here, that the plaintiff is required to prove "bad faith or willfulness". In *Smith*, the defendants contended "that the statute imposes a higher scienter requirement than this common meaning of the term, arguing that the "knowingly violate" standard requires a showing of bad faith or willfulness." *Id.* at 273. However, the Court in *Smith* rejected their argument that 42 U.S.C. Section 4852d requires any showing of bad faith or willfulness and "determined that the commonly understood meaning of "knowingly" is the appropriate scienter standard to impose civil liability under the statute." *Id.* at 274.

### IV.   Plaintiff's Opposition to Defendant's Argument For Summary Judgment.

Plaintiff opposes Century 21's motion on the grounds that evidence of record clearly shows more than a reasonable expectation of proving that Century 21 knowingly failed to comply with the federal regulations regarding proper disclosure of the required lead paint information to the buyers of the Property, as required for compliance with 42 U.S.C. section 4852d.

*A.*         *First Argument*

Mr. Shoestock (the <u>buyer's</u> agent) *is not* the agent responsible for compliance with federal requirements as that term is defined by EPA regulations. It *is not* in dispute that he was an independent contractor and *did not* act as an agent of the <u>seller</u> *whatsoever* in the transfer of the Property. See Exhibit A, Shoestock Depo. p.13 lines 21-24, p.23, p.24 lines 1-2, p.37 lines 14-18, p.56 lines 19-22, p.57 line 1, Exhibit B, Mandatory Agency Disclosure ("Agent Disc."), Exhibit C, signature of Seller's agent, Francis Buckley, on Faxes, Exhibit D, Century 21 Depo. p.35 line 4, p.38 line 14, Exhibit E, Admissions.

The EPA regulations *clearly* indicate that real estate agents' obligations and responsibilities regarding disclosure of the Package are with the ***<u>seller's agent(s)</u>*** (Century 21 / Francis Buckley) and **NOT** with the ***<u>buyer's agent(s)</u>*** (Mr. Shoestock). See Exhibit F, federal regulations, 40 CFR chapter 1, section 745.103, Exhibit E, Admissions # 3 (showing Century 21/ Francis Buckley as the seller's representative/agent, and Mr. Shoestock as the buyer's agent).

Also, according to the EPA regulations, the disclosure "activities are completed either by the seller or lessor or by the agent personally." See Exhibit F, page 9077 (Agent's Responsibility), and 40 CFR chapter 1, section 745.115(a)(2).

Mr. Shoestock's alleged disclosure of the Package to Gerald Pellegrini and Nicola Pellegrini in his office is *immaterial* to whether <u>Century 21</u>, who admittedly represented the <u>seller</u> of the Property (See Exhibit E, Adm., Interr.), complied with its obligations under 42 U.S.C. 4852d and EPA regulations regarding agents' responsibilities. There exists no evidence that any agent(s) representing the <u>seller</u> of the Property ***<u>personally ensured</u>*** compliance with

their disclosure obligations. In light of these facts, there *clearly* exists the essential element of Plaintiff's case that Century 21 failed to meet their lead paint disclosure requirements.

Also, Century 21 was knowledgeable of this failure. Century 21 knowingly trained and expected Mr. Shoestock, the Buyer's agent, to make lead paint disclosures (See Exhibit A, Shoestock. p.12-13, p. 64-65, Exhibit D, Century 21. p.33 lines 15-23, p.34, Exhibit E, Adm., Interr. ). Century 21 knowingly gave the disclosure responsibility to Mr. Shoestock and failed to give the disclosure responsibility to the seller's agent (Francis Buckley) (See Exhibit A, p. 17-18).

Century 21's motion for Summary Judgment, should be denied since the evidence of record shows more than a reasonable expectation to prove that Century 21 knowingly failed to disclose the required lead paint information in compliance with EPA regulations.

## B.  *Second Argument*

Secondly, even if the Court finds that Mr. Shoestock, who admittedly never acted as the seller's agent, can, as Century 21 apparently believes, act as the agent responsible for compliance with federal disclosure requirements as that term is defined by 40 CFR chapter 1, section 745.103, Century 21 still failed to comply with the federal requirements since the *full* Package, including the signature certification, was not attached to the purchase and sales contract when that contract was given to the prospective buyers of the Property for their *acknowledgement* of receipt of the required lead paint information.

According to *certification and acknowledgment* requirements of the EPA regulations, each contract to sell target housing shall include an *attachment* containing the purchaser

6

acknowledgement of receipt of an EPA approved pamphlet or equivalent disclosure approved by EPA in that state. See Exhibit F, 40 CFR Chapter 1, 745.107(a)(1) and 745.113(a)(4), pages 9086-9088.

The appropriate EPA approved lead paint disclosure in the state of Massachusetts is the Package. On the front page of this EPA approved Package (See Exhibit G, Package at 1) it is stated that "This package includes a check list to certify that the prospective purchaser has been fully notified by the real estate agent.". The EPA approved Package does NOT clearly distinguish the certification page (page 11 of the Package) from the body of the Package (pages 1-10). It is clearly emphasized on the front page of the Package (See Exhibit G, Package at 1) that "This package must be given in full to meet state and federal requirements [emphasis is original]."

The fact that the federal acknowledgement regulations require that certification be attached to each purchase and sale contract, AND the fact that the EPA approved Package *emphasizes* that the notification certification (page 11 of the Package) be given in full with the other 10 pages, it is obvious that the *full* Package needs to be attached to the purchase and sales contract in order to comply with the federal *acknowledgement* requirements.

The evidence of record clearly shows that: Century 21 knew Mr. Shoestock was delegated to comply with Century 21's disclosure requirements (See Exhibit A, p.12-13, p.17 lines 3-5, p.18 lines 2-3, p.64-65, Exhibit D, p.33 lines 15-23, p.34); Century 21 knew of, and was responsible for, Mr. Shoestock's actions (See Exhibit A, p.12-13, p.17-18, p.64-65, Exhibit D, p.5 lines 14-19, Exhibit E, 2-6-06 Interr., question #5); and Mr. Shoestock knew of his failure to attach the full Package to the purchase and sale contract (See Exhibit A, p. 39 lines 11-25,

p.40 lines 1-3, p.41 lines 13-15, p.60 lines 12-25, p.64 lines 9-21, Exhibit C, Package was not included).

Century 21 and the agent responsible for compliance (even if that was Mr. Shoestock) knowingly failed to attach the full Package to the purchase and sale contract when given to the prospective buyers for their acknowledgement of lead paint disclosure.

Century 21's motion for Summary Judgment, should be denied since the evidence of record shows more than a reasonable expectation of proving Plaintiff's case.

### C. Third Argument

Lastly, Century 21's motion for summary judgment should be denied since the alleged fact that Mr.Richard Shoestock gave the Package to Nicola Pellegrini is in dispute.

In Defendant's Motion For Summary Judgment ("Def. Mot.") the Defendant asserts that "Richard Shoestock gave Nicola Pellegrini a copy of the Property Transfer Lead Paint Notification." See Concise Statement page 2, #12.

Century 21's alleged fact #12 is in dispute between the parties even by Century 21's own admission. Century 21 states, "The Plaintiff claims he was not supplied with the [Property Transfer Lead Paint Notification] and the defendant claims that the [Property Transfer Lead Paint Notification] was given to the co-buyer (and former plaintiff) Nicola Pellegrini." See Def. Mem. page 3.

Besides Century 21's own admission, Plaintiff is submitting Exhibit B containing affidavits of Maarten N. Pellegrini, Gerald N Pellegrini and Nicola M. Pellegrini which are in

8

disagreement with the testimony of Mr. Shoestock and consequently is in dispute between the parties.

## V. Intent of the law

As stated in 9080 E. of the Federal EPA Regulations on the intent of the law: "general information about the risks associated with lead based paint will be provided through the provisions of a ***brocure***.[emphasis added]". This clear and plainly obvious language, as reflected in the standard federal disclosure certification form, at the Buyer/Lesse Acknowledgment (See exhibit F, page 9074 and 9075 of EPA Regs) is entirely different from the ambiguous and indefinite language on the Massachusetts Certification. The language on the Federal Standard Certification is: "Lessee/Purchaser has received the pamphlet *Protect Your Family from Lead in Your Home".* Plaintiff, as well as any Buyer, would unequivocally understand what that states and the plain clarity therein. It is very clear about there being a **pamphlet,** of an entirely unique name and nature, that obviously must be different than the certification sheet that is to be signed. Continuing on, the ambiguous language of the Package Certification at top states:

*"**This form is to be signed by the prospective purchaser** before signing a purchase and sale agreement or a memorandum of agreement, or by the lessee-prospective purchaser before signing a lease with an option to purchase for residential property built before 1978, for*

9

*compliance with federal and Massachusetts lead-based paint disclosure requirements."*
[emphasis added]

The form of the Package certification page does not suggest a separate and unique document, as is the case in the federal standard certification, and the prospective buyer is not alerted if the Package certification page is NOT attached to other 10 pages of the full Package. This potential confusion must be the reason for the requirement that the Package be given *in full*, especially when it is given for acknowledgement.

It is clearly not the intent of the EPA that a certification page be so ambiguous and misleading to a potential buyer of target housing. If it is the judgment of the Court that proof of the Package being given in full is sufficiently made by attaching only the Package certification page to the sales contract, or by witness testimony who may say that he always gives it but made a mistake by not giving it, agents will be immune to the law.

A wronged Plaintiff would face an impossible task since they would NOT be able to prove that the information was not given, and especially so that it was not given knowingly. For this reason, this cannot rationally be the interpretation that reflects the intent of the EPA. To uphold the interpretation that the Package be attached in full *with* the certification to the purchase and sales agreement would uphold the EPA's intent *"to correct ... the lack of information available to prospective home purchasers and lessees concerning lead-based paint hazards in homes they may be considering for purchase or rent."*. To do otherwise would create an unworkable law to protect Buyer's who can easily be wronged even by **THEIR OWN** Buyer's agents. If such a president is set, and with no fear of possible legal ramifications due to the *impossibility* for a Buyer to prove their case, **the agent or agency would have great incentive** to routinely attempt to instruct prospective purchasers to complete the certification and

10

that the checked, initialed, and signed lead paint notifications in the **PROPERTY TRANSFER NOTIFICATION CERTIFICATION** *is* the Property Transfer Lead Paint Notification.

## VI. Conclusion

The issue before the Court is whether the evidence, when viewed in a light most favorable to the Plaintiff [non-moving Party], warrants a finding for the Plaintiff.

For the reasons cited above, Plaintiff respectfully requests that Century 21's Motion For Summary Judgment and Partial Summary Judgment should be denied.

## VII. Century 21's Motion For Partial Summary Judgment Should Be Denied

Plaintiff expects that Barbara Holian LMHC can testify at trial as to the matters appropriate to emotional distress damages including her assessment on substantiating any physically manifested symptoms that Plaintiff has developed, either caused by or a cause of emotional distress related to the conduct of Century 21, see *Payton v. Abbott Labs*, 437 N.E. 2d 171, At 181, which describes the criteria for emotional distress damages.

Century 21 had the opportunity to depose this witness but did not. Plaintiff believes Ms. Holian be an appropriate expert witness. It is inappropriate to make a ruling for partial summary judgment in favor of the defendant, especially since Century 21 neglected to depose her and could have examined any issues.

Absent any evidence to show Ms. Holian is not qualified, Plaintiff should be allowed the opportunity to call Barbara Holian LMHC as a witness at trial, and Century 21's motion for partial summary judgment should be denied.

**Plaintiff sees no need for oral argument; but, if the Court would prefer it, Plaintiff respectfully request that arguments not be on Monday March 12'th due to a prior commitment.**

For The Plaintiff,

_____ - pro se
Maarten N. Pellegrini, Plaintiff *pro se*
56 Liberty Street
North Adams, Massachusetts  01247
774-364-0081

**CERTIFICATE OR SERVICE**

I, Maarten N. Pellegrini, certify that on February 21, 2007, a copy of the above document was mailed by first class mail, postage prepaid, to counsel of record for Century 21 at the address below:

        Law Office of Donald E. Phillips
        Attn: Richard F. Faille
        One Monarch Place,
        1414 Main Street, Suite 550
        Springfield, MA   01144

/s/ Maarten N. Pellegrini

Maarten N. Pellegrini

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CLERK'S NOTICE


This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.