UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 - 30077 - MAP

| | |
|---|---|
| MAARTEN N. PELLEGRINI and <br> NICOLA M. PELLEGRINI, <br> *Plaintiffs* <br><br> v. <br><br> CENTURY 21, HAROLD DUPEE REALTORS, <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PLAINTIFF'S INJURIES FOR LACK OF EXPERT PROOF OF CAUSATION

The defendant, Century 21, Harold Dupee Realtors, respectfully requests this Honorable Court enter an order precluding the plaintiff, Maarten Pellegrini, from introducing in evidence, or referring to, before the jury, any allegation that injuries, ailments, mental disease or defects ("physical injuries") and/or emotional distress were causally related to the exposure of lead paint in the subject property. In support of this motion, the defendant states as follows:

### FACTS

The plaintiff alleges that he has suffered decreased physical dexterity and stamina, and emotional distress, anxiety and depression caused by such exposure. The plaintiff underwent a venous lead test on June 7, 2006, which showed that the plaintiff's blood lead level was three micrograms per deciliter (3 ug/dL).

### ARGUMENT

**I.    Damages for Personal Injuries are not Recoverable as a Matter of Law**

Prior to the enactment of Residential Lead-Based Paint Hazard Reduction Act (hereinafter "Act"), it was found that the danger posed by lead-based paint hazards can be reduced by abating lead-based paint or by taking interim measures to prevent paint deterioration

376352v1

and limit children's exposure to lead dust and chips. *42 U.S.C.S. § 4852.* Among the purposes of this Act are the following: (1) to develop a national strategy to build the infrastructure necessary to eliminate lead-based paint hazards in all housing as expeditiously as possible; … [and] (6) to reduce the threat of childhood lead poisoning. *42 U.S.C.S. § 4851.* The Act was a response to congressional findings that "low-level lead poisoning [was] widespread among American children … and the health and development of children … [was] endangered by chipping or peeling lead paint, or excessive amounts of lead-contaminated dust in their homes." Mason v. Morrisette, 403 F.3d 28, 30 (2005).

Contrary to plaintiff's assertions, damages for injuries to adults are not recoverable under the Act. The language of the Act is replete with references to protecting children, and by placing an emphasis on a need to protect children, Congress clearly indicated that children were in the zone of interests sought to be protected by the Act. Injuries to children from the exposure to lead-based paint were the exact injuries that Congress intended to be abated by the passing of the Act. McCormick v. Kissel, 458 F. Supp. 2d 944, 948-49 (2006). As such, plaintiff's damages, in relation to alleged personal injuries, are not recoverable.

II.    **Damages for Personal Injuries are not Recoverable Due to Lack of Causation.**

In the alternative, even if perrsonal injuries suffered by adults are recoverable under the Act, the plaintiff still is not entitled to recover for his alleged injuries because he will not be offering a medical expert witness to testify, to a reasonable degree of medical certainty, that the lead exposure occurred at the premises in question and that there is a causal relationship between exposure to lead paint in the subject property and plaintiff's alleged personal injuries.

Expert medical testimony is necessary on the issue of whether and to what extent plaintiff's alleged physical injuries, ailments, or mental disease or defects were causally related to the exposure to lead. See Lasalvia v. Johnson, 15 Mass. L. Rep. 622, 16-17 (2003), citing

Canavan's Case, 432 Mass. 304 at 316(Understanding medical causation that is "beyond the . . . knowledge of the ordinary layman . . . proof of it must rest upon expert medical testimony."); St. Paul Fire & Marine Ins. Co. v. Ellis & Ellis, 262 F.3d 53, 65 (2001)(expert medical testimony is required when a causal relation is a matter beyond the common knowledge and experience of the ordinary layman.)

The plaintiff apparently intends to call Barbara Holian, a Licensed Mental Health Counselor, to testify as to emotional distress. According to the Massachusetts Mental Health Counselor's Association, a Licensed Mental Health Counselors assist clients to cope with a wide variety of problems and concerns, including emotional problems of anxiety, depression and phobias, child and spouse abuse, family conflict, drug and alcohol abuse, trauma recovery, crime victimization, bereavement, and job and career issues. Ms. Holian is clearly not qualified to testify as to lead-paint exposure and related medical conditions.

III.     **There is Insufficient Evidence to Support a Claim of Damages for Emotional Distress.**

Under Massachusetts Law, the plaintiff in order to recover damages for emotional distress, must prove more than allege "mere upset, dismay, humiliation, grief and anger," he has to prove (1) physical harm manifested by objective symptomatology; and (2) that a reasonable person would have suffered emotional distress under the circumstances of the case. In order to substantiate the physical harm, a plaintiff is required to substantiate the physical harm with expert medical testimony. Rodriguez v. Cambridge House. Auth., 443 Mass. 697, 700-03 (2005). The plaintiff has not and cannot produce evidence of physical harm.

Wherefore, the defendant respectfully moves this Court to preclude the plaintiff from offering evidence or argument that any injuries, ailments, mental disease or defects ("physical injuries") and/or emotional distress were causally related to the exposure of lead paint in the subject property.

3

376352v1

The Defendant,
**CENTURY 21, HAROLD DUPEE REALTORS**

By Its Attorneys,
**Morrison Mahoney LLP**

/s/ John G. Bagley
John G. Bagley, Esquire, BBO# 026050
Andrew P. Lawendowski, BBO# 656833
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387
(413) 737-4373
(413) 739-3125 (Fax)

## CERTIFICATE OF SERVICE

I, John G. Bagley, Esquire of Morrison Mahoney LLP, 1500 Main Street, Suite 2400, P.O. Box 15387, Springfield, Massachusetts 01115-5387, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy will be sent to those indicated as non-registered participants on November 9, 2007 as indicated below:

Maarten N. Pellegrini, ProSe
56 Liberty Street
North Adams, MA  01247

/s/ John G. Bagley
John G. Bagley, Esquire
BBO# 026050