UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 - 30077 - MAP

|  |  |
|---|---|
| **MAARTEN N. PELLEGRINI** and<br>**NICOLA M. PELLEGRINI,**<br>         *Plaintiffs*<br><br>v.<br><br>**CENTURY 21, HAROLD DUPEE**<br>**REALTORS,**<br>         *Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING DOCUMENTS THAT HAVE NOT BEEN PRODUCED DURING DISCOVERY

The defendant, Century 21, Harold Dupee Realtors, respectfully requests this Honorable Court enter an order precluding the plaintiff, Maarten Pellegrini, from introducing in evidence, or referring to, before the jury, any documents that have not been produced during discovery. In support of this motion, the defendant states:

Plaintiff has indicated that he intends to produce the following documents as evidence at the trial of this matter: Medical Records For Maarten Pellegrini.

In Defendant's Second Request for Production of Documents, the defendant requested that the plaintiff produce any and all records of treatment by any medical provider, psychologist, or psychiatrist that in any way relate to any type of injury or damage claimed by you to be in any way related to the events of this case.

On June 19, 2006, the plaintiff produced an outpatient report from the North Adams Regional Hospital Laboratory Department. The report was related to a venous lead test on June 7, 2006.

376434v1

On June 28, 2006, the plaintiff produced a Professional Examination Record ("Progress Note") from Barbara Holian, dated December 1, 2004.

With regard to the Pre-Trial Memorandum, the defendant requested that plaintiff stipulate to the fact that he only saw Ms. Holian on December 1, 2004. The plaintiff contests this fact.

Although plaintiff saw Ms. Holian on more than one occasion, he only produced the Progress Note dated December 1, 2004.

A party that fails to amend a prior response to discovery, as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial information not so disclosed. Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998).

The failure to produce the requested documents is not harmless because the plaintiff has identified Ms. Holian as an expert witness. According to the plaintiff, Ms. Holian is expected to testify regarding plaintiff's sessions with her and his emotional distress.

Wherefore, the defendant respectfully moves this Court to preclude the plaintiff from introducing in evidence, or referring to, before the jury, any records related to treatment with Ms. Holian that have not been produced during discovery.

The Defendant,
**CENTURY 21, HAROLD DUPEE REALTORS**

By Its Attorneys,
**Morrison Mahoney LLP**

 /s/  John G. Bagley
John G. Bagley, Esquire, BBO# 026050
Andrew P. Lawendowski, BBO# 656833
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387
(413) 737-4373
(413) 739-3125 (Fax)

376434v1

**CERTIFICATE OF SERVICE**

    I, John G. Bagley, Esquire of Morrison Mahoney LLP, 1500 Main Street, Suite 2400, P.O. Box 15387, Springfield, Massachusetts 01115-5387, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy will be sent to those indicated as non-registered participants on November 9, 2007 as indicated below:

Maarten N. Pellegrini, ProSe
56 Liberty Street
North Adams, MA  01247

                                                /s/ John G. Bagley
                                                John G. Bagley, Esquire
                                                BBO# 026050