UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 - 30077 - MAP

|  |  |
|---|---|
| MAARTEN N. PELLEGRINI and<br>NICOLA M. PELLEGRINI,<br>    *Plaintiffs*<br><br>v.<br><br>CENTURY 21, HAROLD DUPEE<br>REALTORS,<br>    *Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE PLAINTIFF FROM OFFERING HEARSAY EVIDENCE OR TESTIMONY

The defendant, Century 21, Harold Dupee Realtors, respectfully requests this Honorable Court enter an order precluding the plaintiff, Maarten Pellegrini, from offering inadmissible hearsay evidence. As grounds therefor, the defendant states the following:

In the Joint Pre-Trial Memorandum, plaintiff indicated that he intends to offer, among other documents, the following as exhibits at trial: the Affidavit of Nicola Pellegrini, the Affidavit of Gerald Pellegrini, the Affidavit of Maarten Pellegrini, the Lead Inspection Report, Lead Hazard Abatement Estimates, a document related to Median Rental Prices, and a document related to Median Attorney's Fees.

The hearsay rule, which has long been recognized and respected by virtually every State, is based on experience and grounded in the notion that untrustworthy evidence should not be presented to the triers of fact. Chambers v. Miss., 410 U.S. 284, 298 (1973)  The rules against hearsay renders inadmissible statements (either oral or written assertions or nonverbal conduct of a person, if it is intended by the person as an assertion), other than one made by the declarant

376397v1

while testifying at trial or hearing, if offered to prove the truth of the matter asserted in the statements. *Fed. R. Civ. 801 and 802*. The hearsay rule is a feature of the adversary system of the common law. It allows a party to object to the introduction of a statement not made under oath and not subject to cross-examination. Its purpose is to afford a party the privilege if he desires it of requiring the declarant to be sworn and subjected to questions. <u>United States v. United Shoe Mach. Corp.</u>, 89 F. Supp. 349, 352 (1950).

Of note, a document, that is an out-of court statement offered for the truth of the matter asserted therein, is also inadmissible hearsay. <u>Iorio v. Aramark Servicemaster</u>, 2005 U.S. Dist. LEXIS 40290, 35 (2005).

The defendant believes that the above-mentioned documents may be offered for the truth of the matter asserted therein, and as such would be inadmissible hearsay evidence.

Wherefore, the defendant respectfully moves this court to preclude the plaintiff from offering the documents into evidence to prove the truth of the matter therein.

        The Defendant,
        **CENTURY 21, HAROLD DUPEE REALTORS**

        By Its Attorneys,
        **Morrison Mahoney LLP**

        /s/ John G. Bagley
        John G. Bagley, Esquire, BBO# 026050
        Andrew P. Lawendowski, BBO# 656833
        1500 Main Street, Suite 2400
        P.O. Box 15387
        Springfield, MA  01115-5387
        (413) 737-4373
        (413) 739-3125 (Fax)

**CERTIFICATE OF SERVICE**

     I, John G. Bagley, Esquire of Morrison Mahoney LLP, 1500 Main Street, Suite 2400, P.O. Box 15387, Springfield, Massachusetts 01115-5387, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy will be sent to those indicated as non-registered participants on November 9, 2007 as indicated below:

Maarten N. Pellegrini, ProSe
56 Liberty Street
North Adams, MA  01247

                                              /s/ John G. Bagley
                                              John G. Bagley, Esquire
                                              BBO# 026050

376397v1