UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 - 30077 - MAP

| | |
|---|---|
| MAARTEN N. PELLEGRINI and<br>NICOLA M. PELLEGRINI,<br>   *Plaintiffs*<br><br>v.<br><br>CENTURY 21, HAROLD DUPEE<br>REALTORS,<br>   *Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
PLAINTIFF FROM COLLECTING ATTORNEY'S FEES**

The defendant, Century 21, Harold Dupee Realtors, respectfully requests this Honorable Court enter an order precluding the plaintiff, Maarten Pellegrini, from collecting attorney's fees. In support of her motion, the defendant states the following:

Pursuant to 42 U.S.C.S § 4852d(b)(4), in any civil action brought for damages pursuant to [42 U.S.C.S § 4852d(b)(3)], the appropriate court may award costs to the party commencing such action, together with reasonable attorney fees and any expert witness fees, if that party prevails. However, any such award of attorney fees should be denied because the plaintiff litigated the case pro se.

Although there are no decisions with respect to attorney fees payable under the Residential Lead-Based Paint Hazard Reduction Act, Courts have regularly held that clauses in statutes that relate to the payment of attorney fees, similar to 42 U.S.C.S § 4852d(b)(3), bar pro-se plaintiffs from collecting attorney's fees. See Kay v. Ehrler, 499 U.S. 432, 435 (1991)( a pro se litigant is not entitled to attorney's fees under Proceedings in Vindication of Civil Rights, 42 USCS § 1988), Falcone v. IRS, 466 US 908, 908 (1984)(a non-attorney plaintiff proceeding *pro*

376162v1

*se* is not entitled to recover attorney's fees under the Freedom of Information Act, 5 U.S.C.S. §552, or similar attorney's fees provisions), Kooritzky v. Herman, 336 U.S. App. D.C. 268 (a pro se litigant may not recover attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412).

Clauses related to the payment of attorney's fees assume a paying relationship between an attorney and client and are intended to relieve plaintiffs of this burden. Aronson v. United States Department of Housing and Urban Development, 866 F.2d 1, 11-12 (1989). An award of fees is not intended as a reward for successful plaintiffs or as a penalty against the defendant, Id. at 12. *See* Crooker v. United States Dep't of Justice, 632 F.2d 916, 921 (1980)(award of attorney fees in situations where no such services have been received would be a windfall to the plaintiff). Furthermore, the impropriety of allowing the layperson litigant an attorney fee award is further underscored by the lack of any meaningful standard for calculating the amount of such an award. Id.

Wherefore, the defendant respectfully moves this Court to preclude the plaintiff, as a pro-se litigant, from collecting such an award for attorney's fees.

The Defendant,
**CENTURY 21, HAROLD DUPEE REALTORS**

By Its Attorneys,
**Morrison Mahoney LLP**

/s/ John G. Bagley
John G. Bagley, Esquire, BBO# 026050
Andrew P. Lawendowski, BBO# 656833
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387
(413) 737-4373
(413) 739-3125 (Fax)

376162v1

**CERTIFICATE OF SERVICE**

    I, John G. Bagley, Esquire of Morrison Mahoney LLP, 1500 Main Street, Suite 2400, P.O. Box 15387, Springfield, Massachusetts 01115-5387, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy will be sent to those indicated as non-registered participants on November 9, 2007 as indicated below:

Maarten N. Pellegrini, ProSe
56 Liberty Street
North Adams, MA  01247

                                    /s/ John G. Bagley
                                    John G. Bagley, Esquire
                                    BBO# 026050

376162v1