UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 - 30077 - MAP

|  |  |
|---|---|
| MAARTEN N. PELLEGRINI and<br>NICOLA M. PELLEGRINI,<br>    *Plaintiffs*<br><br>v.<br><br>CENTURY 21, HAROLD DUPEE<br>REALTORS,<br>    *Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING IN EVIDENCE OR ARGUING THAT THE PROPERTY TRANSFER LEAD PAINT NOTIFICATION NEEDED TO BE ATTACHED TO THE PURCHASE AND SALE AGREEMENT BECAUSE OF A MATTER OF LAW**

The defendant, Century 21, Harold Dupee Realtors, respectfully requests this Honorable Court enter an order precluding the plaintiff, Maarten Pellegrini, from introducing in evidence or arguing that the Property Transfer Lead Pain Notification (hereinafter "PTLPN") needed to be attached to the Standard Berkshire County Multiple Listing Service Purchase and Sale Agreement (hereinafter "P&S Agreement"). In support of her motion, the defendant states the following:

On numerous occasions and in numerous pleadings, the Plaintiff has argued that the contractual language represented and/or required that both the PTLPN and the Property Transfer Notification Certification (hereinafter "Certification") were attached to the P&S Agreement. The specific language relied on by the plaintiff is set forth in Paragraph 19: "the SELLER and Broker(s) have (a) provided to the BUYER the standard notification form from the Massachusetts Department of Public Health concerning lead paint, the certificate for which the

376027v1

BUYER has signed, which is attached hereto;". ). It is plaintiff's contention that "which", in "which is attached hereto", refers both to the PTLPN and the Certification.

To support this argument, the plaintiff relies on the rule of the last antecedent, a rule of grammatical construction applicable to the interpretation of statutes and contracts, Nautilus Insurance Company v. Stuart Realty Trust, 2005 Mass. Super. LEXIS 6, (2005), citing Deerskin Trading Post, Inc. v. Spencer Press, Inc., 398 Mass. 118 (1986), according to which a limiting clause or phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows." Jama v. Immigration & Customs Enforcement, 543 U.S. 335, 343 (2005), citing Barnhart v. Thomas, 540 U.S. 20, 25 (2003). However, the plaintiff further relies on the following aspect of the rule: "when a comma is placed between the modifying clause and the antecedent phrase(s) immediately preceding it, the general rule holds that the clause applies not just to the phrase immediately preceding it, but instead to all of the antecedent phrases." Elliot Coal Mining Co. v. Director, OWCP, 17 F.3d 616, 630 (1994  However, in applying this grammatical rule, the plaintiff ignores other standard rules of grammar.

If the Court were to accept plaintiff's argument, it would have to ignore the grammatical rule that a pronoun must agree with its antecedent in number, (i.e. singular or plural) as a pronoun takes their number from their antecedent(s). In the subject P&S Agreement, "which" is singular (note the singular verb "is") and, as such, the antecedent would need to be singular. Therefore, pursuant to the language, only one of the documents is attached,. If the clause was "which are attached hereto", then plaintiff's assertion that both the PTLPN and Certification needed to be attached would be correct.

As to which one of the two documents "which is attached hereto" refers, one must look to another grammatical rule. "Which is a attached" is a non-restrictive (or non-essential) clause.

Non-restrictive clauses give incidental information about the preceding subject, in this case the Certification.

Of note, this reading of the P&S Agreement complies within the requirements set forth in 42 U.S.C.S § 4852d(a)(2)("every contract for purchase and sale … shall contain a Lead Warning Statement and a statement signed by the purchaser that the purchaser has: (A) read the Lead Warning Statement and understands its contents; (B) received a lead hazard information pamphlet; and (C) had a 10-day opportunity … to conduct an inspection or risk assessment."). Pursuant to the statute, a purchase and sale agreement shall contain a statement (i.e. the Certification) that the buyer, among other requirements, has received a lead hazard information pamphlet. The statute does not require that the pamphlet be attached to the purchase and sale agreement.

Wherefore, the defendant respectfully moves this Court to preclude the plaintiff from introducing in evidence or arguing that the Property Transfer Lead Pain Notification (hereinafter "PTLPN") needed to be attached to the Standard Berkshire County Multiple Listing Service Purchase and Sale Agreement (hereinafter "P&S Agreement").

    The Defendant,
**CENTURY 21, HAROLD DUPEE REALTORS**

By Its Attorneys,
**Morrison Mahoney LLP**

 /s/  John G. Bagley
John G. Bagley, Esquire, BBO# 026050
Andrew P. Lawendowski, BBO# 656833
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387
(413) 737-4373
(413) 739-3125 (Fax)

3

376027v1

**CERTIFICATE OF SERVICE**

    I, John G. Bagley, Esquire of Morrison Mahoney LLP, 1500 Main Street, Suite 2400, P.O. Box 15387, Springfield, Massachusetts 01115-5387, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy will be sent to those indicated as non-registered participants on November 9, 2007 as indicated below:

Maarten N. Pellegrini, ProSe
56 Liberty Street
North Adams, MA  01247

                                    /s/ John G. Bagley
                                    John G. Bagley, Esquire
                                    BBO# 026050