UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 - 30077 - MAP

|  |  |
|---|---|
| MAARTEN N. PELLEGRINI and<br>NICOLA M. PELLEGRINI,<br>  *Plaintiffs*<br><br>v.<br><br>CENTURY 21, HAROLD DUPEE<br>REALTORS,<br>  *Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
A FINDING OF LIABILITY AS A MATTER OF LAW**

The Plaintiff, Maarten Pellegrini (hereinafter "plaintiff") contends that, if it is found that the lead paint disclosure was provided, Century 21, Harld Dupee Realtors (hereinafter "defendant") should still be held liable, as a matter of law, because the lead paint disclosure was not provided pursuant to 42 U.S.C. § 4852d(a)(4). Specifically, it is asserted by the plaintiff that in order to comply with the statute, the seller's agent, Ms. Buckley, should have *disclosed* the PTLPN to him.

a. **Plaintiff's motion should be denied because 42 U.S.C. § 4852(a)(4) does not require that the seller's agent disclose the PTLPN to the plaintiff.**

Pursuant to 42 U.S.C. § 4852d(a)(4): "the regulations promulgated under [42 U.S.C. § 4852d] shall require the agent, on behalf of the seller or lessor, to *ensure compliance* with the requirements of this [42 U.S.C. § 4852d]." In addition, as pointed out by the plaintiff, 40 CFR §745.115(a)(2), promulgated under 42 U.S.C. § 4852d, requires that "each agent shall … ensure that the seller has performed all activities required under §§745.107 (*disclosure requirements*),

745.110 (*opportunity to conduct an evaluation*) and 745.113 (*certification and acknowledgment of disclosure*), or personally **ensure compliance** with the requirements of §§745.107, 745.110 and 745.113."

Plaintiff contends that the defendant failed to comply with 42 U.S.C. § 4852d(a)(4) because Ms. Buckley, the seller's agent, failed to disclose the PTLPN. This is in fact a mischaracterization of the requirements set forth under 42 U.S.C. § 4852d(a)(4). Contrary to plaintiff's assertion, there is no requirement that the seller's agent disclose the PTLPN to a buyer; the responsibility of the seller's agent is to **ensure compliance** with the requirements of the section.

If it is found that by the fact-finder that the plaintiff received the lead-paint disclosure, then the defendant can not be held liable as a matter of law as compliance with the disclosure requirements clearly would have been ensured.

b.  **Plaintiff's motion should be denied as this is issue has already been addressed by the Court and found to be a question of fact.**

In this motion, plaintiff once again presents an argument he has raised in several previous filings with the Court, most recently in Plaintiff's Motion for Partial Summary Judgment ("B. Federal Responsibility For Lead Disclosure Are Placed On Seller's And Their Agent's")

In <u>Pellegrini v. Century 21</u>, 2007 U.S. Dist. LEXIS 54838, 24-25 (2007), Chief Magistrate Judge Neiman, in his Report and Recommendation, noted that: Plaintiff makes much of the fact that Shoestock -- the only representative of Defendant who claimed to have provided Plaintiff and/or Nicola or Gerald with pages 1 through 10 of the PTLPN -- held himself out as a *buyer's* agent, and, since the statute places disclosure obligations on *seller's* agents, that it is immaterial whether Shoestock ever disclosed anything to him." In addressing this issue the

Court ruled that there was a genuine issue of material fact as to whether the intricate agency relationships warrants relief in either party's favor.

In adopting the Report and Recommendation, the Court, in <u>Pellegrini v. Century 21</u>, 2007 U.S. Dist. LEXIS 54836, 1 (2007), held that disputed issues of fact exist, and that a jury trial was required to resolve these issues.

Wherefore, the defendant respectfully moves this Court to deny plaintiff's motion for a finding of liability as a matter of law.

> The Defendant,
> **CENTURY 21, HAROLD DUPEE REALTORS**
>
> By Its Attorneys,
> **Morrison Mahoney LLP**
>
> /s/ John G. Bagley
> John G. Bagley, Esquire, BBO# 026050
> Andrew P. Lawendowski, BBO# 656833
> 1500 Main Street, Suite 2400
> P.O. Box 15387
> Springfield, MA  01115-5387
> (413) 737-4373
> (413) 739-3125 (Fax)

## CERTIFICATE OF SERVICE

I, John G. Bagley, Esquire of Morrison Mahoney LLP, 1500 Main Street, Suite 2400, P.O. Box 15387, Springfield, Massachusetts 01115-5387, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy will be sent to those indicated as non-registered participants on November 30, 2007 as indicated below:

Maarten N. Pellegrini, ProSe
56 Liberty Street
North Adams, MA  01247

> /s/ John G. Bagley
> John G. Bagley, Esquire
> BBO# 026050

377382v1