UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MAARTEN N. PELLEGRINI     * | |
|     Plaintiff     * | |
|     * | Case Number: 05CV30077-MAP |
|     * | |
| vs.     * | |
|     * | |
| CENTURY 21, HAROLD DUPEE     * | |
| REALTORS,     * | |
|     Defendant     * | |
|     * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM INTRODUCING DOCUMENTS THAT HAVE NOT BEEN PRODUCED DURING DISCOVERY

Maarten N. Pellegrini ("Plaintiff") opposes Defendant's, Century 21, Harold Dupee Realtors ("Century 21") motion entitled "Defendant's Motion In Limine To Preclude Plaintiff From Introducing Documents That Have Not Been Produced During Discovery" ("Motion To Preclude").

As grounds for his opposition Plaintiff states that Plaintiff has disclosed all documents subject to Century 21's document requests that are in the possession, custody or control of the Plaintiff, and that, therefore, he has not failed in his discovery obligations and is not subject to any Rule 37(c)(1) sanction of preclusion. Plaintiff was in the possession of only the record of the December 1, 2004 meeting with Ms. Holian and was not in the possession, custody or control of the other records. After speaking with

the secretarial staff at the Brien Center, 333 East St., Pittsfield MA, as well as Mrs. Holian, regarding attainment of copies of Plaintiff's charts (examination notes taken by Mrs. Holian), Plaintiff was told that it would not be necessary for him to be given the records. Plaintiff requested those other records to no avail. Moreover, Century 21 was informed that Ms. Holian was a potential witness in Plaintiff's initial disclosures and it had the opportunity to discover documents in Ms. Holian's possession, along with any other information concerning meetings with the Plaintiff by a deposition subpoena, but failed to do so.

Consequently, Plaintiff opposes Century 21's Motion To Preclude to the extent that it attempts to preclude Plaintiff from introducing any other medical records into evidence that are not presently in the possession, custody or control of the Plaintiff but which may be produced under subpoena and authenticated as part of Ms. Holian's testimony at trial.

Even if the Court finds that Plaintiff has failed to produce records of other meetings with Ms. Holian, Plaintiff wishes to offer evidence of such meetings through the testimony of Ms. Holian, who Century 21 may cross-examine, at trial. The sanction, under Rule 37(c)(1), for a party's failure to produce discoverable documents is the preclusion of the use of those same documents at trial. See *Klonoski v. Mahlab*, 156 F.3d 255, at 269, "[it] appears, therefore, that the **letters** in question were covered by the disclosure requirements of *Rule 26*, including the duty to supplement, and that Defendants' failure to disclose them prior to trial precluded Defendants from using the **letters** at trial [Emphasis Added]."

Consequently, even if the Court finds Plaintiff has failed in his discovery obligations, Plaintiff opposes Century 21's Motion To Preclude to the extent that it precludes Plaintiff from contesting Century 21's assertion that Plaintiff only saw Ms. Holian on December 1, 2004, which may be contested through direct questioning of Ms. Holian as a witness at trial.

Respectfully Submitted,

_____ *pro se*

Maarten N. Pellegrini, *pro se*
56 Liberty Street
North Adams, MA  01247

**CERTIFICATE OR SERVICE**

I, Maarten N. Pellegrini, certify that on November 29, 2007 a copy of the above document was mailed by first class mail, postage prepaid, to counsel of record for Century 21 at the address below:

Andrew Lawendowski
Morrison Mahoney LLP
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387

_____
Maarten N. Pellegrini