UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MAARTEN N. PELLEGRINI  \*
    Plaintiff  \*
                                            \*   Case Number: 05CV30077-MAP
                                            \*
vs.  \*
    \*
CENTURY 21, HAROLD DUPEE  \*
REALTORS,  \*
    Defendant  \*
                                            \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE EVIDENCE OF PLAINTIFF'S INJURIES FOR LACK OF EXPERT PROOF OF CAUSATION**

Maarten N. Pellegrini ("Plaintiff") opposes Defendant's, Century 21, Harold Dupee Realtors ("Century 21") motion entitled, "Defendant's Motion In Limine To Preclude Evidence Of Plaintiff's Injuries For Lack Of Expert Proof Of Causation" ("Motion To Preclude").

In support of Plaintiff's opposition, Plaintiff submits the following memorandum.

MEMORANDUM

In its Motion To Exclude, Century 21 argues that Plaintiff should be precluded "from introducing in evidence, or referring to, before the jury, any allegation that injuries,

1

ailments, mental disease or defects ("physical injuries") and/or emotional distress were causally related to the exposure of lead paint in the subject property." See Motion To Preclude, page 1.

Century 21 argues that, as a matter of law, adults are not entitled to recover for damages under the Residential Lead-Based Paint Hazard Reduction Act ("Act"). See Motion To Exclude, Pages 1-2.

Although Century 21 correctly represents that Congress was motivated by the interests of children when it enacted the Act, Century 21 provides no authority to support the fact that this Act **excludes** recovery for injuries to adults.

Moreover, if the intent of Congress in writing the statute in question (42 U.S.C. 4852d) was to provide recovery from damages to **only** children, Congress could have easily and clearly indicated that intent in the language of the statute specifying the maximum age of applicability or some other indication of applicability only to children.

Consequently, Century 21's argument here should be rejected.

With regard to Century 21's objection to the introduction of evidence supporting recovery for physical injuries (other than physical harm associated with emotional distress), Plaintiff states that he will not claim physical injuries other than harm as a result of emotional distress.

Century 21 also argues that there is insufficient evidence to support a claim of damages for emotional distress. Century 21 argues that in order to substantiate the physical harm associated with emotional distress, a plaintiff is required to substantiate the physical harm with *expert medical testimony*. See Motion To Exclude, Page 3. As

support for Century 21's arguments it cites *Rodriguez v. Cambridge House. Auth.*, 443 Mass. 697, 700-03 (2005).

Plaintiff agrees that the case law is clear that in order to recover for emotional distress damages Plaintiff has to prove (1) physical harm manifested by objective symptomatology; and (2) that a reasonable person would have suffered emotional distress under the circumstances of the case. However, Century 21 goes further in its Motion To Exclude to argue that Plaintiff cannot prove his case since Ms Holian, a witness that Plaintiff intends to call, is apparently not a qualified expert. According to the Federal Rules Of Evidence a person through "knowledge, skill, experience, training, or education may testify" as an expert (Rule 702). Ms. Holian is a Licensed Mental Health Clinician who has knowledge, skill, experience, training, or education in the area of emotional distress and its physical consequences.

Century 21 has far from provided any clear justification to disqualify Ms. Holian as an expert witness at this time, and Plaintiff should be allowed to call her as an expert witness at trial to support his claim.

Moreover, aside from the fact that Plaintiff believes Ms. Holian is a qualified expert to testify in this matter, the *Rodriguez* case, contrary to Century 21's assertion, makes clear that expert medical testimony is **not** required. See *Rodriguez* at 702 that, "[w]hile expert medical testimony might be needed to make [a] showing [of physical harm], it was **not mandatory** [emphasis added]." Also, *Rodriguez* explains that the physical harm requirement for emotional distress damages may include "posttraumatic stress disorder, tension headaches, sleeplessness, gastrointestinal distress, nightmares, and depression". *Id.* at 702.

Accordingly, even if Century 21 were successful in disqualifying Ms. Holian as an expert witness, Plaintiff, nevertheless, should be allowed to introduce evidence to support his claims and to call Ms. Holian to testify as to her personal knowledge since, as stated in *Rodriguez*, expert testimony is "not mandatory".

Respectfully Submitted,

_____ *pro se*
Maarten N. Pellegrini, *pro se*
56 Liberty Street
North Adams, MA 01247

**CERTIFICATE OR SERVICE**

I, Maarten N. Pellegrini, certify that on November 29, 2007 a copy of the above document was mailed by first class mail, postage prepaid, to counsel of record for Century 21 at the address below:

Andrew Lawendowski
Morrison Mahoney LLP
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387

_____
Maarten N. Pellegrini