UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

'07 NOV 30 A 11: 35

U.S. DISTRICT COURT
DISTRICT OF MASS

```
***********************
MAARTEN N. PELLEGRINI        *
        Plaintiff             *
                              *
                              *
vs.                           *   Case Number: 05CV30077-MAP
                              *
CENTURY 21, HAROLD DUPEE      *
REALTORS,                     *
        Defendant             *
                              *
***********************
```

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE PLAINTIFF FROM COLLECTING ATTORNEY'S FEES

Maarten N. Pellegrini ("Plaintiff") opposes Defendant's, Century 21, Harold Dupee Realtors ("Century 21") motion entitled "Defendant's Motion In Limine To Preclude Plaintiff From Collecting Attorney's Fees" ("Motion To Preclude"). Plaintiff opposes Century 21's Motion To Preclude to the extent that Plaintiff would be precluded from claiming monetary damages based on lost time associated with Plaintiff's *pro se* representation.

The grounds for this opposition are:

1. It is clear from the case law that Plaintiff, as a *pro se* litigant, is not entitled to an award of attorney's fees that is intended to reimburse successful litigants for costs of professional legal services rendered to the litigant.

2. Plaintiff, by proceeding *pro se*, should not be made to suffer an ***additional*** monetary loss as a direct result of his *pro se* status.

1

The law clearly intends for successful plaintiffs to be compensated for costs associated with prosecuting his case before the Court. See 42 U.S.C. section 4852d(b)(4). Plaintiff would be unduly prejudiced in this case if the Court were to deny Plaintiff the opportunity to claim damages due to his lost time associated with litigation. Plaintiff's *pro se* status should only carry with it the risk that he will not be adequately represented. A plaintiff representing himself, instead of attorney representation, should not carry with it an ***additional*** monetary loss that he would otherwise not suffer. If the Plaintiff had not represented himself and employed an attorney to represent him, Plaintiff would not be required to spend the time and expense of litigation which he has found to be necessary for an adequate presentation of the issues before the Court. Under the circumstances of attorney representation, Plaintiff would be entitled to recover any expense of attorney's fees in the course of the litigation, if his case were successful, while at the same time not being required to devote the necessary time involved in the litigation.

Consequently, in order not to unduly prejudice the Plaintiff, Plaintiff respectfully requests that the Court allow Plaintiff's damages to include damages as a result of lost time and costs.

Respectfully Submitted,

_____ - *pro se*

Maarten N. Pellegrini, *pro se*
56 Liberty Street
North Adams, MA 01247

**CERTIFICATE OR SERVICE**

I, Maarten N. Pellegrini, certify that on November 29, 2007 a copy of the above document was mailed by first class mail, postage prepaid, to counsel of record for Century 21 at the address below:

Andrew Lawendowski
Morrison Mahoney LLP
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA   01115-5387

_____
Maarten N. Pellegrini

3