UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
MAARTEN N. PELLEGRINI    \*
    Plaintiff    \*
                                         \*    Case Number: 05CV30077-MAP
                                         \*
vs.    \*
                                         \*
CENTURY 21, HAROLD DUPEE    \*
REALTORS,    \*
    Defendant    \*
                                         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
IN CLERK'S OFFICE
2008 JAN -7 P 2: 22
U.S. DISTRICT COURT
DISTRICT OF MASS

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Maarten N. Pellegrini ("Plaintiff") hereby submits the following proposed jury instructions:

The jury is to determine the answers to the following questions as a Special Verdict under Fed. R. Civ. P. 49(a):

1. Whether or not Mr. Richard Shoestock provided a complete "Property Transfer Lead Paint Notification" ("PTLPN") to Nicola Pellegrini prior to Plaintiff entering into the "Standard Berkshire County Multiple Listing Service Purchase and Sale Agreement" ("Contract").

2. Whether or not Mr. Richard Shoestock provided a PTLPN that includes a checklist, completed by the seller, to Nicola Pellegrini prior to Plaintiff entering

1

into the "Standard Berkshire County Multiple Listing Service Purchase and Sale Agreement" ("Contract").

3. Whether or not Century 21, Harold Dupee Realtors ("Century 21") knew, or should have known, that Mr. Richard Shoestock attached only page 11 of the PTLPN to the Contract in fax communications to Plaintiff.

4. Whether or not the language of the Contract is such that a reasonably prudent person could have assumed that the modifying clause "which is attached hereto" applies to the "standard notification from the Massachusetts Department of Public Health concerning lead paint". When determining the answer to this question, the jury should use the grammatical rule that a modifying clause that is essential to the intended meaning of the sentence following a comma applies to all preceding antecedents.

5. Whether or not the Plaintiff assumed that the PTLPN was attached to the Contract.

6. Whether or not it is a reasonable anticipation that Plaintiff would rely on representations made in the Contract.

7. Whether or not Plaintiff relied on the representations made in the Contract to his detriment.

8. Whether or not Century 21 provided a complete PTLPN to Nicola Pellegrini or the Plaintiff during the time period between December 1, 2003 and December 4, 2003.

3

9. Whether or not, and to what extent, Plaintiff suffered lost value or equity associated with the costs to remove lead hazards present on the Property at 56 Liberty Street, North Adams, MA. ("Property").

10. Whether or not, and to what extent, Plaintiff suffered lost value or equity associated with the costs for the relocation and housing of Plaintiff and his mother during the period of any lead paint removal.

11. Whether or not, and to what extent, Plaintiff suffered loss due to lost rental income.

12. Whether or not, and to what extent, Plaintiff suffered loss due to the cost of lost opportunity by Plaintiff's entering into the Contract.

13. Whether or not, and to what extent, Plaintiff suffered loss due to the cost of lost opportunity by Plaintiff's prosecution and time spend on this case.

14. Whether or not, and to what extent, Plaintiff suffered loss due to emotional distress caused by Plaintiff learning of the hazards of lead paint after having purchased the Property.

Respectfully Submitted,

_Maarten N. Pellegrini_ - pro se

Maarten N. Pellegrini, *pro se*
56 Liberty Street
North Adams, MA 01247

**CERTIFICATE OR SERVICE**

I, Maarten N. Pellegrini, certify that on January 7, 2008 a copy of the above document was mailed by first class mail, postage prepaid, to counsel of record for Century 21 at the address below:

Andrew Lawendowski
Morrison Mahoney LLP
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387

_Maarten N. Pellegrini_
Maarten N. Pellegrini