UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 - 30077 - MAP

|  |  |
|---|---|
| MAARTEN N. PELLEGRINI and <br> NICOLA M. PELLEGRINI, <br> *Plaintiffs* <br><br> v. <br><br> CENTURY 21, HAROLD DUPEE REALTORS, <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The defendant, Century 21, Harold Dupee Realtors, pursuant to the Procedural Order, dated October 10, 2007, hereby provides the following Proposed Jury Instructions:

CAUSATION:

1. To recover, the plaintiff must prove that they have suffered an actual injury that has a causal connection with Defendant's action. L.B. v. Hous. Auth. of Louisville, 344 F. Supp. 2d 1009, 1017 (W.D.Ky. 2004 )

2. In order to recover damages, plaintiff must establish causation of harm. Brown v. Bank of Am., N.A., 457 F. Supp. 2d 82, 90 (D. Mass. 2006).

DAMAGES:

1. Pursuant to 42 U.S.C.S. § 4852d, the plaintiff is only entitled to actual damages incurred. Mason v. Morrisette, 403 F.3d 28, 31 (2003).

2. "Actual Damages" is synonymous with "Compensatory Damages." Rivera Castillo v. Autokirey, Inc., 379 F.3d 4, 17 (2004).

3. Compensatory damages are such damages that will compensate the plaintiff for loss caused by a wrong, and nothing more. The rationale behind compensatory damages is to restore the injured to the position he was in prior to the wrong. *Black's Law Dictionary* (390 6th ed. 1990).

381603v1

4. The burden of proving damages rests with the Plaintiff. <u>Techs., S.A. v. Cyrano, Inc.</u>, 460 F. Supp. 2d 197, 209 (2006).

5. Plaintiffs seeking damages must prove actual harm. <u>Korpacz v. Women's Prof'l Football League</u>, 2006 U.S. Dist. LEXIS 3154, 6 (2006).

6. Any damages that you may award in this case must be based upon evidence in the case. You are not permitted to award damages on the basis of passion, prejudice, or improper sympathy for or against any of the parties in this case. <u>Rivera Castillo v. Autokirey, Inc.</u>, 379 F.3d 4, 15-16 (2004).

7. Damages must be shown with reasonable certainty, though mathematical precision is not required. <u>Diomed, Inc. v. Vascular Solutions, Inc.</u>, 2006 U.S. Dist. LEXIS 7889, 3 (2006).

KNOWINGLY:

1. Liability under §4852d is imposed for "knowingly violating" one of the Act's requirements, and a party cannot be liable for their inadvertence or inattentiveness. <u>Smith v. Coldwell Banker Real Estate Services, Inc.</u> 122 F. Supp. 2d 267, 273 (2000), *cited by* <u>Pellegrini v. Century 21</u>, 2007 U.S. Dist. LEXIS 54838, 21-22 (2007).

2. Act is done knowingly if it: is willed; is a product of conscious design, intent or plan that it be done; and is done with awareness of probable consequences. *Black's Law Dictionary* (872 6th ed. 1990).

3. The standard prescribed by "knowing," is a state-of-mind standard that requires the fact finder to determine not whether a defendant should have had that state of mind, but whether in fact the defendant, at the time of acting, did have that state of mind. <u>Computer Systems Engineering, Inc. v. Qantel Corp.</u>, 571 F. Supp. 1365, 1373-1374 (1983).

4. To prove that the defendant committed a knowing violation, the plaintiff needs to show that agents of the defendant knew that the fact they represented to be true was not true. <u>Fed. Ins. Co. v. HPSC, Inc.</u>, 2005 U.S. Dist. LEXIS 19713, 13 (2005).

EMOTIONAL DISTRESS:

1. An emotional distress damage award may not be imposed as a substitute for punitive damages. <u>DeRoche v. Mass. Comm'n Against Discrimination</u>, 447 Mass. 1, 11 (2006).

2. For an Intentional Infliction of Emotional Distress claim to succeed, defendants' conduct must be "so abhorrent that a civilized community simply cannot tolerate it." <u>Godette v. Stanley</u>, 490 F. Supp. 2d 72, 80-81 (2007).

3. For a Negligent Infliction of Emotional Distress claim to succeed, plaintiff must prove: 1) negligence; 2) emotional distress; 3) causation; 4) physical harm manifested by objective

381603v1

symptomatology; and 5) that a reasonable person would have suffered emotional distress under the circumstances of the case. Nevertheless, a successful negligent infliction of emotional distress claim must do more than allege mere upset, dismay, humiliation, grief and anger; a plaintiff must corroborate his claims of mental distress with sufficient objective evidence of harm. Godette v. Stanley, 490 F. Supp. 2d 72, 81 (2007).

> The Defendant,
> **Century 21, Harold Dupee Realtors**
>
> By Its Attorneys,
> **Morrison Mahoney LLP**
>
>
> /s/ John G. Bagley
> John G. Bagley, Esquire, BBO# 026050
> Andrew P. Lawendowski, Esquire, BBO# 656833
> 1500 Main Street, Suite 2400
> P.O. Box 15387
> Springfield, MA  01115-5387
> (413) 737-4373
> (413) 739-3125 (Fax)

## CERTIFICATE OF SERVICE

I, John G. Bagley, Esquire of Morrison Mahoney LLP, 1500 Main Street, Suite 2400, P.O. Box 15387, Springfield, Massachusetts 01115-5387, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 7, 2007.

> /s/ John G. Bagley
> John G. Bagley, Esquire
> BBO# 026050

381603v1