UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30077-MAP

MAARTEN PELLEGRINI, ET AL,
Plaintiffs

vs.

CENTURY 21, et al
Defendant

**MOTION TO QUASH SUBPOENA AND FOR
RELIEF FROM SUBPOENA**

Now comes John R. Gobel, attorney for Brien Center for Mental and Substance Abuse Services, Inc. ("Brien") and Barbara Holian, the employee of Brien ("Holian") and, pursuant to (i) Rule 45(c), 45(d)(1)(D),45(d)(2)(A and B), (ii) G. L. c. 233, Section 20B, (iii) G. L. c. 112, § 172 and § 135B moves this Honorable Court to quash the subpoena served upon Holian, who is Licensed as a Licensed Mental Health Clinician ("LMHC.") This Subpoena was served on December 31, 2007 and called for attendance by Holian in Springfield on January 14, 2008 at 10:00 a.m. and required that she bring "all records pertaining to visits and observations regarding Maarten Pellegrini." As reasons therefore, (i) the subpoena seeks records and information that are privileged, (ii) there has been no assent by any party who may hold that privilege nor Order of the Court waiting said privilege and (iii) the Subpoena is unreasonable and oppressive.

1.  *The Records are Privileged.* During all the relevant periods, Holian was an employee of Brien and the communications are confidential and privileged pursuant to the revisions of G. L. c. 233, § 20B, G. L. c. 112, § 165 and G. L. c. 112, § 172 and 135B. See also *Bernard v. Commonwealth,* 424Mass 32, 673NE2nd 1220 (1996) which stands for the proposition that the social worker privilege covers people who are not licensed as social workers.

2.  *No Waiver or Exception to Statute.* There has been no waiver of the privilege by anyone.

3.  *No Offer of Proof from Plaintiff.* Brien's attorney, John R. Gobel, telephoned Mr. Pellegrini and left a message that the subpoenas were oppressive, without advance agreement or consent and without any waiver. There has been no response. There is no information as to what information he expects to find or how it is relevant.

4.  *Oppressive and Burdensome.* It would be exceptionally oppressive and a hardship for Brien to have its employee available for an undetermined amount of time on an undetermined amount of days with no arrangement for compensation or accommodation of her schedule. She has responsibilities to patients and clients of Brien that would be disturbed and upset. She would

normally see as many as eight clients during one day

5. *Presence/Testimony May Not Be Needed.* Brien's attorney, John R. Gobel, spoke with the Clerk and with the office of counsel for defendant to determine the nature of the proceeding and learned that the matter may not go forward in January 14, 2008 and may be diverted to mediation.

For all these reasons, Brien respectfully requests that the Court quash the Summons or, in the alternative, condition the denial of this motion on the advancement by Plaintiff of the reasonable cost of producing the witness and the documentary evidence: $125/hour (including travel and waiting time.)

Brien Center for Mental and Substance Abuse Services, Inc.

_____
By John R. Gobel; BBO#196340
Gobel & Hollister
106 Wendell Avenue
Pittsfield, MA 01201
(413) 443-7337

Dated: January 7, 2008

The factual allegations stated above are sworn to under the pains and penalties of perjury this date by Paul Gitterman, LICSW, Division Director of Adult Out-Patient Services.

_____
Paul Gitterman

COMMONWEALTH OF MASSACHUSETTS
BERKSHIRE, SS.                                                         January ___7___, 2008

Then personally appeared before me the above named Paul Gitterman and stated that the foregoing was based upon his/her own knowledge, information and belief; and, so far as upon information and belief, that he/she believed it to be true.

_____
Notary Public
My Commission Expires: 11\1\13

JOHN R. GOBEL
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires November 01, 2013